**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 24-24228-CIV-ALTONAGA

MEGAN PETE, an individual

    *Plaintiff,*

v.

MILAGRO ELIZABETH COOPER,
an individual,

    *Defendant.*
_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO THE SECOND AMENDED COMPLAINT**

Defendant, MILAGRO ELIZABETH COOPER, through her undersigned counsel, files this, her Answer and Affirmative Defenses to the Plaintiff's Second Amended Complaint and states the following:

**NATURE OF THE ACTION**

1. Denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

## II. THE PARTIES

10. Without knowledge, therefore Denied.

11. Without knowledge, therefore Denied.

12. Admit Defendant is a citizen of the State of Texas and a resident of Houston. Admit that Defendant uses the name Milagro Gramz and Mobz World. All other allegations in paragraph 12 are denied.

## III. JURISDICTION AND VENUE

13. Without knowledge, therefore Denied.

14. Denied.

15. Denied.

## IV. FACTUAL ALLEGATIONS

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Admit that Defendant was present in the Courtroom during the duration of the trial.

24. Denied.

25. Denied.

26. Admit that Defendant has social media accounts. "Social media personality" is undefined and therefore denied.

27. Defendant admits to operating numerous social media accounts at one time or another. Defendant further admits that she has editorial discretion on what is published subject to the terms and conditions of the specific forum. Defendant also denies that she is the sole speaker, writer, and/or editor of every post on her social media accounts.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Admit that Defendant uses the screen name @MobzWorld. All other allegations are denied.

43. Admit that the Defendant pressed like on an X post. All other allegations are

Denied.

44. Denied.

45. Denied.

46. Denied.

47. Admit.

48. Denied.

49. Admit that Defendant posted a video on June 9, 2024.

50. The YouTube video speaks for itself.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

## **CAUSES OF ACTION**

### **COUNT ONE**
### **Defamation Per Se**

89. Defendant re-alleges and reavers her responses to paragraphs 1 through 88 of the Second Amended Complaint as if fully set forth here.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

## COUNT TWO
## Promotion of an Altered Sexual Depiction,
## Section 836.13, Florida Statutes

106. Defendant re-alleges and reavers her responses to paragraphs 1 through 88 of the Second Amended Complaint as if fully set forth here.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

## COUNT THREE
## Intentional Infliction of Emotional Distress

114. Defendant re-alleges and reavers her responses to paragraphs 1 through 88 of the Second Amended Complaint as if fully set forth here.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

## COUNT FOUR
## Cyberstalking Injunctive Relief,
## Section 784.0485, Florida Statutes

121. Defendant re-alleges and reavers her responses to paragraphs 1 through 88 of the Second Amended Complaint as if fully set forth here.

122. Denied.

123. Denied.

124. Denied.

### AS TO THE SECOND AMENDED COMPLAINT IN ITS ENTIRETY

125. All allegations not specifically admitted herein are hereby denied.

### AFFIRMATIVE DEFENSES

126. As and for its first defense, for the reasons set forth in Defendant's Motion to Dismiss First Amended Complaint, Defendant asserts that the claims against her fail to state a claim upon which relief can be granted.

127. As and for its second defense, Plaintiff's libel/slander claim against the Defendant should be dismissed as all of the alleged defamatory statements attributed to the Defendant are at best non-actionable expressions of pure opinion and/or rhetorical hyperbole and/or truthful statements.

128. As and for its third defense, Plaintiff's libel/slander claim against the Defendant should be dismissed as the Plaintiff is a public figure and as such has failed to establish actual malice by clear and convincing evidence.

129. As and for its fourth defense, Plaintiff's libel/slander claim against the Defendant should be dismissed as Plaintiff has failed to establish that any of the alleged defamatory statements caused Plaintiff actual damages.

130. As and for its fifth defense, Plaintiff's libel/slander claim against the Defendant should be dismissed as Plaintiff has failed to provide statutory notice to the Defendant or the opportunity to retract any statement prior to the filing of the instant action.

131. As and for its sixth defense, Defendant's words and actions are protected by the First Amendment of the U.S. Constitution and Article I, Section 4 of the Florida Constitution.

132. As and for its seventh defense, Count II fails to state a cause of action for violation of Section 836.13, Florida Statutes as Defendant did not promote a deep fake video within the meaning of the statute. Furthermore, the statute is overbroad an infringes on Defendant's First Amendment Rights.

133. As and for its eighth defense, Count III fails to reach the necessary threshold of outrageousness required under Florida law to state claim for intentional infliction of emotional distress and fails to establish the requisite level of malice required under the First Amendment as mandated by *Snyder v. Phelps*, 562 U.S. 443 (2011).

134. As and for its ninth defense, Count IV fails to state a claim for cyberstalking under Florida Law and furthermore, injunctions are not available to stop someone from uttering insults or falsehoods. *See, e.g., Scott v. Blum,* 191 So.3d 502, 504 (Fla. 2d DCA 2016); *Concerned Citizens for Judicial Fairness, Inc. v. Yacucci*, 162 So. 3d 68, 72 (Fla. 4th DCA 2014); *Vrasic v. Leibel,* 106 So. 3d 485, 486 (Fla. 4th DCA 2013) (holding that an injunction remedy is not available to prohibit defamatory or libelous statements).

**WHEREFORE**, having answered Plaintiff's Second Amended Complaint herein and having raised affirmative defenses thereto, Defendant, COOPER, requests that this action be dismissed, and that Defendant, COOPER, be awarded her costs in the defense thereof as allowable by law and attorney's fees pursuant to pursuant to pursuant to § 836.13(5)(c), Fla. Stat., and such other relief as the Court deems appropriate.

Dated: February 20, 2025

                                        Respectfully submitted,

**PANCIER LAW**

/s/ Michael Pancier
Michael Pancier (Fla Bar No. 958484)
mpancier@pancierlaw.com
Tel: (954) 862-2217
9000 Sheridan Street, Suite 93,
Pembroke Pines, Florida 33024
*Co-counsel for Defendant,*

**UNITE THE PEOPLE, INC.**

/s/ Michael R. Hayden
Michael R. Hayden, Esq. (pro hac vice)
(California Bar No. 343302)
(Not admitted in Florida)
michael@unitethepeople.org
(888) 245-9393
555 E. Ocean Blvd., Suite 205
Long Beach CA 90802
*Co-counsel for Defendant,*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive Notice of Electronic Filing.

By: */s/ Michael Pancier*
Michael Pancier
Fla Bar No. 958484