## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

MEGAN PETE, an individual,

          Plaintiff,

v.

MILAGRO ELIZABETH COOPER, an individual,

          Defendant.

Case No.: 1:24-cv-24228-CMA

### ORDER FOLLOWING JUNE 4, 2025, STATUS CONFERENCE

THIS CAUSE came before the Court at the request of Plaintiff Megan Pete through her Notice of Issues to be Discussed at Discovery Hearing [ECF No. 78] and on the Order Setting Status Conference [ECF No. 76]. The Court held a hearing on June 4, 2025, at 9:30 a.m., is otherwise fully advised in the premises, and hereby rules as follows:

1.      Defendant Milagro Elizabeth Cooper appeared without counsel at the June 4, 2025, status conference. Both her previous local counsel and *pro hac vice* counsel have withdrawn, and she has been ordered to either retain new counsel or file a notice of intent to proceed *pro se*.[1] [ECF Nos. 71, 75, 80].  At the hearing, Plaintiff's counsel advised the Court that Defendant's now-withdrawn counsel, Michael Hayden and Michael Pancier, failed to confirm satisfactorily to Plaintiff's counsel that they have not and will not transmit material produced subject to the Protective Order in this case [ECF No. 40] and designated as Attorneys' Eyes Only to Defendant Cooper. Accordingly, it is **ORDERED, ADJUDGED, and DECREED** that Plaintiff's counsel shall serve this Order on Attorneys Hayden and Pancier within three days of entry of this Order.

---

[1] Defendant has since retained *pro hac vice* counsel. [ECF No. 83].

1

Once served, Attorneys Hayden and Pancier shall each certify via email to Plaintiff's counsel that they have not transmitted materials marked Attorneys' Eyes Only to Defendant and that they will return to Plaintiff's counsel, within three days, all materials or documents Plaintiff's counsel produced to them that were designated as "Confidential" or "Attorneys' Eyes Only" under the Protective Order.  Defendant's newly retained counsel shall sign an addendum to the Protective Order confirming that they are bound by it.  Plaintiff's attorneys shall then provide to Defendant's newly retained counsel, replacement copies of any documents or information previously produced that were designated as "Confidential" or "Attorneys' Eyes Only" under the Protective Order.

2.      Plaintiff's counsel may share Attorneys' Eyes Only material with its experts, even if not produced.

3.      It is further **ORDERED, ADJUDGED, and DECREED** that Defendant's deposition shall take place on July 1, 2025, in person, at Plaintiff's counsel's office in Houston, Texas.  The deposition shall occur regardless of whether Defendant has retained counsel at that time.  Both Parties agreed to this date at the hearing.  The failure to attend or appear at the deposition may result in sanctions.

4.      Upon request of Plaintiff and by agreement of both Parties, the following pre-trial deadlines are modified:

> a.      Exchange of expert reports: from June 27, 2025 to July 18, 2025.
>
> b.      Exchange of reply expert reports: from July 11, 2025 to July 25, 2025.
>
> c.      Completion of discovery: from July 25, 2025 to August 1, 2025.

All other deadlines in the Court's Amended Order Setting Trial and Pre-Trial Schedule [ECF No. 62] shall remain unchanged.

5.   The Parties are reminded of the requirement to comply with the undersigned's Standing Discovery Order available on the Court's website. Counsel must meet and confer, by telephone or in person, and engage in reasonable compromise in a genuine effort to resolve their discovery disputes before seeking the Court's intervention.

6.   The Court will enter a separate order prohibiting the Parties from commenting to the press or on any media platforms, including social media, on matters related to this case while it remains pending.

**DONE AND ORDERED** in Chambers this 10th day of June 2025.

HONORABLE LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:   **U.S. Chief District Judge Cecilia M. Altonaga; and
All Counsel of Record.**