UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MEGAN PETE, an individual,

    Plaintiff,

v.

MILAGRO ELIZABETH COOPER, an individual,

    Defendant.

Case No.: 1:24-cv-24228-CMA

## ORDER GOVERNING PRETRIAL PUBLICITY

**THIS CAUSE** having come before the Court at the request of Plaintiff Megan Pete through her Notice of Issues to Be Discussed at Discovery Hearing [ECF No. 78] and on the Order Setting Status Conference [ECF No. 76]. The Court held a hearing on June 4, 2025, at 9:30 a.m., is otherwise fully advised in the premises, and hereby rules as follows:

This is an action against Defendant based upon alleged statements and postings made by Defendant on social media platforms concerning the highly publicized circumstances surrounding the shooting of Plaintiff Megan Pete and the subsequent trial and conviction of the shooter. Plaintiff's Amended Complaint asserts claims against Defendant for defamation, intentional infliction of emotional distress, cyberstalking, and promotion of an altered sexual depiction of Plaintiff, in violation of Florida law. [ECF No. 28]. At the June 4 hearing, Plaintiff's counsel advised the Court that while this case has been pending, Defendant has continued to post critical and derogatory statements about Plaintiff and the underlying criminal case on her social media platform. Defendant, on the other hand, contended that her statements were made in response to Plaintiff's social media posts.

Courts have long held that the First Amendment right to free speech is not absolute and can be subordinate to the right to a fair trial by an impartial jury in certain special circumstances. *See United States v. Noriega*, 917 F.2d 1543, 1549 (11th Cir. 1990) (The court has "an affirmative constitutional duty to minimize the effects of prejudicial pretrial publicity."); *Rossbach v. Rundle*, 128 F. Supp. 2d 1348, 1355 (S.D. Fla. 2000) (an order restricting the parties from making extrajudicial statements in the media is appropriate "where the potential for pretrial publicity impacting upon the right to a fair trial is great."). This appears to be such a case. Both Plaintiff's and Defendant's social media postings have been viewed by their large following and Plaintiff's counsel expressed concern that Defendant's posts have generated severely critical and derogatory comments about Plaintiff by Defendant's social media followers and could incite acts of violence. As such, further extrajudicial statements by Plaintiff and Defendant could taint the jury pool.

**THEREFORE**, it is hereby **ORDERED AND ADJUDGED** that while this case is pending neither Plaintiff Megan Pete nor Defendant Milagro Cooper, nor anyone acting on either parties' behalf, shall discuss the other, this case, or any witness in this case in any public forum or manner, including in:

a. any post on any social media platform, whether the account is public or private,

b. any phone conversation, email, text, or other form of electronic communication that is intended to be made public, including without limitation any media interview, and,

c. any press conference, livestream, or media appearance.

Counsel are further directed to adhere to Southern District of Florida Local Rule 77.2 regarding the release of information in criminal or civil proceedings and extrajudicial statements or interviews, and Local Rule 11.1(c) which incorporates the Rules Regulating the Florida Bar 4-8.4(d), prohibiting conduct prejudicial to the administration of justice.

Nothing in this Order should be construed to foreclose either Party from responding to any subpoena or court order regarding matters related to this Action.

Violations of this Order by either Party or their Counsel will subject the offender to contempt proceedings by this Court. This Order shall remain in force through the conclusion of the case, unless modified by the Court.

**DONE AND ORDERED** in Chambers at Miami, Florida this 10th day of June 2025.

_____
HONORABLE LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE