**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

MEGAN PETE, an individual,

*Plaintiff,*                                                          Civil Action No. 1:24-CV-24228-CMA

v.

MILAGRO ELIZABETH COOPER,
an individual,

*Defendant.*

_____

## NOTICE OF NINETY DAYS EXPIRING

As required by Southern District of Florida Local Rule 7.1(b)(4), Plaintiff Megan Pete files this Notice of Ninety Days Expiring and states as follows:

1. Plaintiff Megan Pete filed her Unopposed Motion for Order to Show Cause on April 16, 2025 (ECF No. 65). The Motion sought an Order to Show Cause Why Daystar Peterson Should Not Be Held in Contempt or, in the alternative, the appointment of a special master to supervise the remainder Mr. Peterson's deposition to be paid for at his expense, among other things.

2. The next day, on April 17, 2025, the Court entered the Order to Show Cause Why Daystar Peterson Should Not Be Held In Contempt, which required Mr. Peterson to show cause why he should not be held in contempt of court for violating this Court's order permitting his deposition (ECF No. 66). In that Order, the Court required: (i) Plaintiff to serve Mr. Peterson with a copy of the Order and (ii) Mr. Peterson to respond on or before April 30, 2025.

3. Plaintiff filed her Certificate of Service on April 18, 2025, showing that Mr. Peterson had been served with her Motion and the Order on April 17, 2025 (ECF No. 67).

2

4.      Mr. Peterson failed to respond to the Order. Accordingly, no Reply was ever filed. The issue was then fully briefed once the deadline passed on April 30, 2025 without a response from Mr. Peterson.

5.      No hearing has been scheduled or had on the matter.

6.      Accordingly, it has been 90 days since the Court's Order to Show Cause was fully briefed requiring this Notice be filed pursuant to the Local Rules. Plaintiff respectfully requests that the Court enter an Order granting the relief requested in the original Motion as follows: (i) an Order sanctioning Mr. Peterson for his misconduct by requiring him to pay the fees of Plaintiff's counsel time in taking Volume I of his deposition, appoint a special master to supervise the remainder of Mr. Peterson's deposition to be paid for at his expense, and authorize as much additional time as necessary to take an effective deposition; or (ii) hold a hearing on the matter at the Court' earliest convenience.

Dated:  July 29, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

/s/ John O'Sullivan
John O'Sullivan (Fla. Bar No. 143154)
Olga Vieria (Fla. Bar No. 29783)
Daniel L. Humphrey (Fla. Bar No. 1024695)
olgavieira@quinnemanuel.com
danielhumphrey@quinnemanuel.com
johnosullivan@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
2601 South Bayshore Drive, Suite 1500
Miami, FL 33133
(305) 402-4880

Robert Schwartz (pro hac vice)
Mari F. Henderson (pro hac vice)
Marie Hayrapetian (pro hac vice)
Julian T. Schoen (pro hac vice)
robertschwartz@quinnemanuel.com
marihenderson@quinnemanuel.com
mariehayrapetian@quinnemanuel.com
julianschoen@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

*Attorneys for Plaintiff Megan Pete*

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2025 a true and correct copy of the foregoing was served via electronic mail on the following:

Ronda Dixon
Dixon Justice Center, APC
400 Corporate Pointe, Suite 300
Culver City, CA 90230
Tel: (323) 641-2731
Email: ronda@dixonjusticecenter.com

Jeremy McLymont
AsiliA Law Firm, P.A.
33 SW 2nd Avenue, Suite 1100
Miami, FL 33130
Tel: (786) 420-3014
Email: jeremy@asilialaw.com

Mr. Daystar Peterson will be served via the California Correctional Institution in which he is housed, consistent with the prior subpoena service for this deposition, as well as the Order to Show Cause. The undersigned will file an affidavit of service once service is complete on him.

/s/ *John O'Sullivan*
John O'Sullivan
Counsel for Ms. Pete