**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

MEGAN PETE, an individual,

*Plaintiff,*

Civil Action No. 1:24-CV-24228-CMA

v.

MILAGRO ELIZABETH COOPER,
an individual,

*Defendant.*

_____

## PLAINTIFF'S [PROPOSED] VERDICT FORM[1]

Pursuant to the Court's Amended Case Management and Scheduling Order (Dkt. 62), Plaintiff Megan Pete ("Ms. Pete") respectfully submits her proposed verdict form.

Ms. Pete respectfully reserves the right to amend her proposed verdict form prior to the time it is given to the jury, depending on the evidence received at trial, the Court's rulings, or any other factors that preclude a definitive submission at this time.

---

[1]   Plaintiff's counsel submits this verdict form unilaterally.  Plaintiff's counsel proposed a mutual exchange of documents to occur on August 28, to meet the Court ordered deadline of September 5.  From September 2 through September 5, the Parties met and conferred on multiple occasions by zoom.  Despite these conferrals, Defendant's counsel would not agree to a joint proposed verdict form and declined to provide language in the font required by the Court at ECF No. 62 to show competing language.  Instead, Defendant's counsel indicated that they would be seeking an extension of time to submit a competing verdict form.

Dated: September 5, 2025

John O'Sullivan (Fla. Bar No. 143154)
Daniel L. Humphrey (Fla. Bar No. 1024695)
johnosullivan@quinnemanuel.com
danielhumphrey@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
2601 South Bayshore Drive, Suite 1500
Miami, FL 33133
(305) 402-4880

Mari F. Henderson (pro hac vice)
Marie Hayrapetian (pro hac vice)
Bomie Lee (pro hac vice)
Julian T. Schoen (pro hac vice)
marihenderson@quinnemanuel.com
mariehayrapetian@quinnemanuel.com
bomielee@quinnemanuel.com
julianschoen@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

Joanna E. Menillo (pro hac vice)
joannamenillo@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
295 Fifth Avenue
New York, NY 10016
(212) 849-7000

*Attorneys for Plaintiff Megan Pete*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

MEGAN PETE, an individual,

*Plaintiff,*

v.                                        Civil Action No. 1:24-CV-24228-CMA

MILAGRO ELIZABETH COOPER,
an individual,

*Defendant.*

_____

## PLAINTIFF'S [PROPOSED] VERDICT FORM

In answering the following questions and filling out this Verdict Form, you are to follow the Court's Final Instructions to the Jury and any instructions provided in this Verdict Form.  Your answer to each of the following must be unanimous.

We, the jury, unanimously answer the questions submitted to us as follows:

3

I.      **MS. PETE'S CLAIMS**

**COUNT ONE: DEFAMATION _PER SE_**

**Question 1:** Do you find, by a preponderance of the evidence, that Ms. Cooper defamed Ms. Pete by making statements accusing Ms. Pete of committing perjury?

Yes _____            No _____

*Regardless of whether your answer is "Yes" or "No," proceed to the next question.*

**Question 2:** Do you find, by a preponderance of the evidence, that Ms. Cooper defamed Ms. Pete by making statements that Ms. Pete is mentally incapacitated?

Yes _____            No _____

*Regardless of whether your answer is "Yes" or "No," proceed to the next question.*

**Question 3:** Do you find, by a preponderance of the evidence, that Ms. Cooper defamed Ms. Pete by making statements that Ms. Pete suffers from alcoholism?

Yes _____            No _____

*If you answered "Yes" to any of **Question 1 _or_ Question 2 _or_ Question 3** proceed to Question 4.  If you answered "No" to any of those Questions, skip the remaining questions under "Count One: Defamation Per Se," and proceed to "Count Two: Promotion of an Altered Sexual Depiction."*

**Question 4:** How much do you award Ms. Pete in special damages for her defamation claim, if any?

$ _____


**Question 5:** Do you find, by clear and convincing evidence, that punitive damages are warranted against Ms. Cooper on Ms. Pete's defamation claim?

Yes _____                            No _____

If your answer is "Yes," in what amount: _____


Source for (1), (2), and (3):  Florida Statute § 837.02; see also *Klayman v. Judicial Watch, Inc.*, 22 F. Supp. 3d 1240, 1247 n.3 (S.D. Fla. 2014); Final Verdict Form, Larry KLAYMAN, Plaintiff, v. JUDICIAL WATCH, INC., Defendant., 2014 WL 3533588, Dkt. 147; *see also Mastandrea v. Snow*, 333 So. 3d 326 (Fla. Dist. Ct. App. 2022).

## **COUNT TWO: PROMOTION OF AN ALTERED SEXUAL DEPICTION**

**Question 6:** Do you find, by a preponderance of the evidence, that Ms. Cooper willfully and maliciously promoted, without Ms. Pete's consent, a visual depiction of Ms. Pete that she knew or reasonably should have known was an altered sexual depiction in violation of Florida Statute § 836.13?

Yes _____                         No _____


*If your answer is "Yes," proceed to the next question.  If your answer is "No," skip the remaining questions under "Count Two: Promotion of an Altered Sexual Depiction," and proceed to "Count Three: Intentional Infliction of Emotional Distress."*


**Question 7:** Do you find, by a preponderance of the evidence, that Ms. Pete should be awarded statutory damages, in the amount of $10,000 or actual damages, whichever is greater, for each instance of a violation of the statute?

Yes _____                         No _____

If your answer is "Yes," in what amount: _____

## COUNT THREE: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**Question 8:** Do you find, by a preponderance of the evidence, that Ms. Cooper intentionally or recklessly engaged in extreme and outrageous conduct toward Ms. Pete?

Yes _____                    No _____


*If your answer is "Yes," proceed to the next question. If your answer is "No," skip the remaining questions under "Count Three: Intentional Infliction of Emotional Distress," and sign the Verdict Form.*

**Question 9:** Do you find, by a preponderance of the evidence, that Ms. Pete suffered severe emotional distress as a result of Ms. Cooper's extreme and outrageous conduct?

Yes _____                    No _____


*If your answer is "Yes," proceed to the next question. If your answer is "No," skip the remaining questions under "Count Three: Intentional Infliction of Emotional Distress," and sign the Verdict Form.*


**Question 10:** Do you find, by a preponderance of the evidence, that Ms. Pete should be awarded compensatory damages against Ms. Cooper on her intentional infliction of emotional distress claim?

Yes _____                    No _____

If your answer is "Yes," in what amount: _____


*If you answered "Yes" to Question 10, skip the next Question and proceed to Question 12. If you answered "No" to question 10, proceed to Question 11.*

**Question 11:** If you found that Ms. Pete is not entitled to compensatory damages, do you find, by a preponderance of the evidence, that Ms. Pete should be awarded nominal damages against Ms. Cooper?

Yes _____                        No _____

If your answer is "Yes," in what amount: _____

**Question 12:** Do you find, by clear and convincing evidence, that punitive damages are warranted against Ms. Cooper on Ms. Pete's intentional infliction of emotional distress claim?

Yes _____                        No _____

If your answer is "Yes," in what amount: _____

Signed: _____
                    Presiding Juror

Dated: _____

You are finished.  Please ensure the Verdict Form accurately reflects your unanimous decisions.  Once signed by the Jury Foreperson, please notify the Court's Clerk that you have reached a verdict.  The Jury Foreperson should maintain possession of this Verdict Form and bring it when the jury is brought back into the Courtroom.