UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MEGAN PETE,<br><br>        Plaintiff,<br><br>-against-<br><br>MILAGRO ELIZABETH COOPER,<br><br>        Defendant. | Civil Action No.: 1:24-CV-24228-CMA |

**JOINT PRETRIAL STIPULATION**

  Plaintiff, Megan Pete and Defendant Milagro Elizabeth Cooper by and through their undersigned counsel and pursuant to S.D. Fla. L.R. 16.1 (e) and the Court's Orders dated November 19, 2024 (ECF No. 17) and April 2, 2025 (ECF No. 62), respectfully submits this Joint Pretrial Stipulation.

A. **A short concise statement of the case.**

  Plaintiff Megan Pete, professionally known as "Megan Thee Stallion," is a recording artist and Florida resident. She alleges that Defendant Milagro Elizabeth Cooper, a Texas-based social media personality, has engaged in a campaign of defamation, harassment, and cyberstalking. According to Plaintiff, Defendant, acting in concert with Daystar Peterson ("Tory Lanez") and others, published knowingly false statements accusing her of perjury, mental incapacity, and alcoholism, and promoted a non-consensual deepfake pornographic video. Plaintiff also asserts that Defendant's coordination with Mr. Peterson and others associated with him to perpetuate this campaign of harassment amounted to extreme and outrageous behavior that caused her severe emotional distress. Plaintiff seeks relief under

1

causes of action for Defamation *per se*, Promotion of an Altered Sexual Depiction (Fla. Stat. § 836.13), and Intentional Infliction of Emotional Distress.

Defendant Milagro Elizabeth Cooper denies the allegations in the Second Amended Complaint. Ms. Cooper denies all of Ms. Pete's allegations. Ms. Cooper denies acting in concert with Mr. Peterson to harass and defame Ms. Pete. Ms. Cooper asserts that she is a social media personality who reports on many topics in the hip hop community. When discussing Ms. Pete with her audience, Ms. Cooper expressed her opinions about Ms. Pete just like thousands of other individuals. Ms. Cooper admits that she called Ms. Pete's credibility into question. However, Ms. Cooper asserts that Ms. Pete is the cause of her own public ridicule because Ms. Pete has admitted to lying and manipulating individuals when it is convenient for Ms. Pete. Ms. Cooper asserts that she is not the cause of Ms. Pete's emotional distress.

**B.    The basis of federal jurisdiction.**

This Court has jurisdiction under 28 U.S.C. § 1332 because Plaintiff is a citizen of Florida, Defendant is a citizen of Texas, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**C.    The pleadings raising the issues.**

    1.   Plaintiff's Second Amended Complaint (ECF No. 37).

    2.   Defendant's Answer and Affirmative Defenses to the Second Amended Complaint (ECF No. 38).

**D.    A list of all undisposed of motions or other matters requiring action by the Court.**

    1.   Plaintiff's motion for sanctions for spoliation of evidence, as presented during the August 7, 2025 evidentiary hearing. (ECF No. 107.)

E. **A concise statement of uncontested facts which will require no proof at trial, with reservations, if any.**

1. Plaintiff, Megan Pete, also known as Megan Thee Stallion, is a professional recording artist and a citizen of Florida who permanently resides in Miami, Florida.

2. Defendant, Milagro Elizabeth Cooper, also known as "Milagro Gramz" or "Mobz World," is a citizen of Texas and resides in Houston, Texas.

3. Defendant admits that she has operated social media accounts at various times, including under the username @MobzWorld, and that she has editorial discretion over content published on those accounts, subject to the platforms' terms and conditions.

4. Defendant was present in the courtroom during the December 2022 criminal trial of Daystar Peterson (also known as "Tory Lanez").

5. Defendant selected "like" on at least one X (formerly Twitter) post on or about June 8, 2024. Defendant denies that this act constituted promotion of any altered sexual depiction.

6. On December 23, 2022, Mr. Peterson was found guilty of three felony charges arising from the July 12, 2020 shooting of Plaintiff.

F. **A statement in reasonable detail of issues of fact which remain to be litigated at trial.**

1. Whether Defendant published false and defamatory statements accusing Plaintiff of perjury, alcoholism, and mental incapacity.

2. Whether Defendant promoted or disseminated an altered sexual depiction (deepfake) of Plaintiff.

3. Whether Defendant's conduct rises to the level of actual malice.

4. Whether Defendant conspired with Daystar Peterson or others to defame or harass Plaintiff.

5. Whether Defendant's conduct caused Plaintiff substantial emotional distress or economic damages.

    6.       The total amount of damages sustained by Ms. Pete as a consequence of Ms. Cooper's conduct.

    7.       Whether Defendant's conduct warrants punitive damages.

**G.    A concise statement of issues of law on which there is agreement.**

    1.       The Court has jurisdiction over the parties and the subject matter of this lawsuit.

    2.       Venue is proper in the United States District Court, Southern District of Florida, Miami Division.

    3.       Florida law governs the state claims.

    4.       The Parties agree and stipulate that any mention of improper character evidence concerning Ms. Pete's history, as discussed among the parties during pre-trial conferrals, is inadmissible at trial, unless the Plaintiff somehow opens the door to such evidence.

    5.       The Parties agree and stipulate that neither party shall make any comments or arguments related to the size of either party's legal team, the expense of either party's lawyers, or the number of attorneys representing each party.

**H.    A concise statement of issues of law which remain for determination by the Court.**

    1.       Issues raised by the Parties' Motions identified in Section (4) above.

    2.       Whether a cyberstalking injunction is warranted after receiving the jury's verdict.

    3.       Whether Plaintiff is entitled to attorneys' fees under § 836.13, Florida Statute and if so, the amount of any attorneys' fees and costs reasonably incurred by Ms. Pete, which will be presented to the Court in a post-trial motion consistent with S.D. Fla. L.R. 7.3(a).

    4.       Whether Florida Statute 836.13 is overbroad and infringes on the Defendant's First Amendment rights.

I. **Exhibit lists**

1. Plaintiff's Exhibit List is attached hereto as Exhibit A.[1]

2. Defendant's Exhibit List is attached hereto as Exhibit B.[2]

3. The Parties noted their objections in red in the margins based on the following key:

| Objection Code | Meaning |
|---|---|
| A | Authenticity |
| I | Contains inadmissible matter (mentions insurance, prior convictions, etc.) |
| R | Relevancy |
| H | Hearsay |
| UP | Unduly prejudicial-probative value outweighed by undue prejudice |
| P | Privileged |

J. **Witness lists**

1. Plaintiff's Witness List is attached hereto as Exhibit C.[3]

2. Defendant's Witness List is attached hereto as Exhibit D.[4]

K. **Estimated trial time**

1. The Parties estimate that the trial of this matter will take 4 days.

L. **Estimated attorneys' fees**

1. Plaintiff reserves her estimation and/or determination of available attorneys' fees for post-trial motion practice consistent with S.D. Fla. L.R. 7.3(a).

---

[1] Due to (1) Defendant's late-produced discovery that remains ongoing and (2) outstanding third party discovery, including scheduled depositions, Plaintiff intends to seek to file an amended and/or further refined exhibit list in advance of any final pre-trial conference and/or as directed by the Court.

[2] Due to Plaintiff's disclosure of over 400 exhibits on September 3, 2025, at 7:58 PM, Defendant has not been able to review the exhibits and lodge the appropriate objections. Defendant reserves the right to make appropriate objections to Plaintiff's exhibits at trial.

[3] Due to (1) Defendant's late-produced discovery that remains ongoing and (2) outstanding third party discovery, including scheduled depositions, Plaintiff intends to seek to file an amended witness list in advance of any final pre-trial conference and/or as directed by the Court.

[4] Defendant's proposed Witness List contains numerous individuals that were not previously disclosed (1) in the Defendant's initial disclosures or (2) in response to discovery requests that sought information concerning all individuals that Defendant believed had discoverable and/or relevant information. As such, Plaintiff reserves her right to seek the deposition of such individuals after appropriate conferral with Defendant and/or to object to those individuals being called as witnesses at trial at the appropriate time.

Dated: Miami, Florida
September 5, 2025

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | ASILIA LAW |
| | |
| /s/ John O'Sullivan | /s/ Jeremy Alexander McLymont |
| John O'Sullivan (Fla. Bar No. 143154) | Jeremy Alexander McLymont |
| Daniel L. Humphrey (Fla. Bar No. 1024695) | 33 SW 2nd Ave. Ste. 1100 |
| johnosullivan@quinnemanuel.com | Miami, FL 33130 |
| danielhumphrey@quinnemanuel.com | 786.420.3014 |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | Email: jeremy@asilialaw.com |
| 2601 South Bayshore Drive, Suite 1500 | |
| Miami, FL 33133 | *Attorney for Defendant Milagro Elizabeth Cooper* |
| (305) 402-4880 | |
| | |
| Mari F. Henderson (pro hac vice) | DIXON JUSTICE CENTER APC |
| Marie Hayrapetian (pro hac vice) | Ronda Dixon |
| Bomie Lee (pro hac vice) | 400 Corporate Pointe, Suite 300 |
| Julian T. Schoen (pro hac vice) | Culver City, CA 90230 |
| marihenderson@quinnemanuel.com | (323) 641-2731 |
| mariehayrapetian@quinnemanuel.com | Email: ronda@dixonjusticecenter.com |
| bomielee@quinnemanuel.com | |
| julianschoen@quinnemanuel.com | *Attorney for Defendant Milagro Elizabeth Cooper* |
| 865 South Figueroa Street, 10th Floor | |
| Los Angeles, California 90017-2543 | |
| (213) 443 3000 | |
| | |
| Joanna E. Menillo | |
| joannamenillo@quinnemanuel.com | |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | |
| 295 Fifth Avenue | |
| New York, New York 10016 | |
| (212) 849-7000 | |
| | |
| *Attorneys for Plaintiff Megan Pete* | |