UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-24228-CIV-ALTONAGA/Reid

**MEGAN PETE**,

    Plaintiff,

v.

**MILAGRO ELIZABETH COOPER**,

    Defendant.

_____/

## ORDER

**THIS CAUSE** came before the Court on Defendant, Milagro Elizabeth Cooper's Motion for Extension of Time to File Proposed Jury Instructions and Verdict Form [ECF No. 134]. On April 2, 2025, the Court entered an Amended Scheduling Order [ECF No. 62] requiring the parties to submit "joint" proposed jury instructions and verdict form by September 5, 2025. (*See* Am. Scheduling Order 1, 2)[1]. On September 5, 2025, Plaintiff, Megan Pete unilaterally submitted her Proposed Jury Instructions [ECF No. 131] and Proposed Verdict Form [ECF No. 132]. Defendant now seeks to extend the deadline for proposed jury instructions and verdict form by an additional 7 days. (*See generally* Mot. ¶ 11). Defendant's Motion is granted out of necessity.[2]

The Amended Scheduling Order explains how the proposed jury instructions and verdict form should be submitted:

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

[2] Defendant insists that "counsel has been diligent from the very beginning of entry onto the case." (Mot. ¶ 7). Diligence "does not turn on only whether Defendant['s] *new counsel* has been diligent." *MBI Servs., LLC v. Apex Distrib. LLC*, No. 21-cv-20975, 2022 WL 6849130, at *2 (S.D. Fla. Sep. 20, 2022) (citations removed). Instead, the relevant issue is whether Defendant was diligent in complying with the Amended Scheduling Order. (*See id.*).

CASE NO. 24-24228-CIV-ALTONAGA/Reid

>**Jury Instructions and Verdict Form**. The parties shall submit their proposed jury instructions and verdict form *jointly*, although they need not agree on each proposed instruction. Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type. Instructions proposed only by a plaintiff shall be underlined. Instructions proposed only by a defendant shall be italicized. Every instruction must be supported by citation to authority. The parties shall use as a guide the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including the directions to counsel contained therein. Proposed jury instructions and verdict form, in typed form, including substantive charges and defenses, shall be filed and submitted to the Court prior to calendar call, in Word format, via e-mail to altonaga@flsd.uscourts.gov. Instructions for filing proposed documents may be viewed at http://www.flsd.uscourts.gov.

(*Id.* 2 (emphasis added)). Plaintiff's unilateral jury instructions and verdict form do not comply with the Amended Scheduling Order. (*See generally* Plaintiff's Proposed Jury Instructions; Plaintiff's Proposed Verdict Form).[3] Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant, Milagro Elizabeth Cooper's Motion for Extension of Time to File Proposed Jury Instructions and Verdict Form **[ECF No. 134]** is **GRANTED**. The parties have until **September 12, 2025** to submit joint proposed jury instructions and joint verdict form that fully complies with the Amended Scheduling Order. Plaintiff's Proposed Jury Instructions **[ECF No. 131]** and Proposed Verdict Form **[ECF No. 132]** are **STRICKEN**.

**DONE AND ORDERED** in Miami, Florida, this 8th day of September, 2025.

*[signature]*
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record

---

[3] Defendant contends that "Plaintiff's counsel and Defendant's counsel have tried diligently to complete all of the pretrial documents" but that there "are fundamental differences" between the parties' proposed jury instructions and verdict forms. (Mot. ¶ 9). The Amended Scheduling Order anticipates disagreement between the parties. (*See* Am. Scheduling Order 2) ("Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type. Instructions proposed only by a plaintiff shall be underlined. Instructions proposed only by a defendant shall be italicized.").

2