UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MEGAN PETE, an individual

*Plaintiff,*

Civil Action No. 1:24-cv-24228-CMA

v.

MILAGRO ELIZABETH COOPER,
an individual,

*Defendant.*

## ORDER DENYING SUBSTITUTE SERVICE

**THIS CAUSE** is before the Court upon the Notice of Hearing [ECF No. 128], upon which the Court held a discovery status conference hearing on September 5, 2025 via Zoom. At the hearing, Defendant's counsel made an *ore tenus* motion to extend third-party discovery and effect substitute service of deposition subpoenas to non-parties Kelsey Harris and Desiree Perez (the "Non-Parties"). Plaintiff objected to that request for failure to demonstrate good cause for deposing these non-parties and diligence in timely serving the subpoenas.

Our Local Rules are instructive here. Rule 26.1(d) states:

> **Completion of Discovery**. Party and non-party depositions must be **scheduled to occur**, and written discovery requests and subpoenas seeking the production of documents must be served in sufficient time that the response is due **on or before the discovery cutoff date**. Failure by the party seeking discovery to comply with this paragraph obviates the need to respond or object to the discovery, appear at the deposition, or move for a protective order.

S.D. Fla. L.R. 26.1(d) (emphasis added). Rule 26.1(h) further states:

> **Reasonable Notice of Taking Depositions.** Unless otherwise stipulated by all interested parties, pursuant to Federal Rule of Civil Procedure 29, and excepting the circumstances governed by Federal Rule of Civil Procedure 30(a), a party desiring to take the deposition within the State of Florida of any person upon oral

examination shall give at least seven (7) days' notice in writing to every other party to the action and to the deponent (if the deposition is not of a party), and **a party desiring to take the deposition in another State of any person upon oral examination shall give at least fourteen (14) days' notice in writing to every other party to the action and the deponent (if the deposition is not of a party).**

S.D. Fla. L.R. 26.1(h) (emphasis added). Read together, Local Rules 26.1(d) and (h) dictate that all discovery, including third-party discovery, must be diligently sought so it may be completed by or before the discovery cut-off, or at least properly served within the deadline as to give the affected party (or non-party) sufficient notice. Here, the Parties stipulated to an extension of third-party discovery for twenty (20) days, placing the deadline on August 28, 2025. The Parties agreed that no timing-based objections would be made within this twenty (20) day period. At the Court's September 5, 2025 hearing, Defendant first moved to effect substitute service on the Non-Parties and further extend the deadline for third-party discovery. *See* Status Conference Hr'g Tr. [ECF No. 138 at 34:14–50:6]. Plaintiff lodged their timing-based objection during the hearing, and in post-hearing submissions to the Court. [*Id.*].

Evidence proffered during the hearing and submitted to the Court shows that Defendant has not diligently sought discovery from these third-parties within the already-extended third-party discovery deadlines in a way that comports with Local Rule 26.1(d) and (h). Namely, the evidence shows the earliest attempts to serve Ms. Perez being on August 19, 2025 in Florida (nine days before the deadline) and August 21, 2025 (seven days before the deadline) in New York. The earliest attempt to serve Ms. Harris was on August 20, 2025 (eight days before the deadline) in Texas. These attempts of service are not timely under the Local Rules.[1]

---

[1] While the first attempt to serve Ms. Perez in Florida would have been timely under the Local Rules for a deposition within the State of Florida, comments attached to the attempted service affidavit indicate that Ms. Perez does not actually reside in Florida, and so her deposition would

Defendant contends that she has shown good cause to seek the post-discovery cut-off depositions of these non-parties and exercised diligence in obtaining potentially relevant evidence from them during discovery. Defendant, however, fails to point to any information about the potential relevance of the testimony of these witnesses that was not apparent from the outset of discovery. Indeed, during the hearing, and in post-hearing submissions to the Court, Defendant claimed that testimony from Ms. Perez and Ms. Harris is relevant to the underlying 2022 criminal case involving Plaintiff and Daystar Peterson, and as purported eyewitnesses to the July 2020 shooting of Plaintiff and its aftermath. *See* Status Conference Hr'g Tr. [ECF No. 138 at 34:14–50:6]. This indicates that Defendant has known of these witnesses since 2020, and, at the very least, has known of their purported importance to this case since its inception in October 2024. This begs the question of why Defendant was seeking discovery from them just days before the already extended discovery deadline. Further, Defendant did not seek to substitute service until <u>after</u> the extended third-party discovery period had already ended, when she raised the issue at the September 5, 2025 hearing. [*Id.*]. Moreover, the Court had set the hearing upon its own volition. *See* Aug. 29, 2025 Paperless Notice of Hr'g [ECF No. 128]. In other words, Defendant has known of the issues with serving the Non-Parties since at least August 19–20, 2025, yet failed to raise them until over two weeks later when the Court itself set a hearing for September 5, 2025.

Thus, Defendant does not demonstrate diligent effort to seek discovery during the given deadlines, nor good cause for the Court to extend the deadline to effectuate substitute service. *See*

---

not be taken here. *See* Fed. R. Civ. P. 45(c). Further, as discussed below, Defendant has known of the relevance of these witnesses for some time now and does not indicate why she is seeking such discovery this late into the litigation. *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306–07 (11th Cir. 2011) (affirming denial of subpoena request as untimely where Plaintiff failed to conduct discovery during period permitted under scheduling order to obtain evidence that he knew was relevant since the filing of his complaint).

*Josendis*, 662 F.3d at 1306–1307; *see also Third Party Verification v. Signaturelink*, 2007 WL 1471962 (M.D. Fla. 2007) (refusing to extend fact discovery when the party chose to propound discovery requests too late to meet the discovery deadlines); *Cole-Parmer Instrument Co., LLC v. Pro. Lab'ys, Inc.*, No. 0:21-CV-61756, 2023 WL 3600039, at *4 (S.D. Fla. May 23, 2023) (denying motion to amend answer in light of new discovery where "Defendant did not meaningfully seek the discovery at issue until the eve of the expiration of the six-time-extended discovery deadline."); *Ashmore v. Secretary, Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013) ("To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." ).

Defendant's request is even more troubling in light of trial fast approaching in November and the undersigned's previous warning to the parties on the importance of adhering to case deadlines. *See* Disc. Hr'g Tr. [ECF No. 97 at 13:24–14:4, 14:25–15:4].

"The Eleventh Circuit has determined that a court does not abuse its discretion by denying a motion for extension of the discovery period where the parties had ample time and opportunity to conduct discovery, yet failed to diligently do so." *Rodriguez v. Estero Fire Rescue*, No. 2:13-CV-452-FTM-29CM, 2014 WL 3908165, at *4 (M.D. Fla. Aug. 11, 2014) (citing *Barfield v. Barton,* 883 F.2d 923, 932 (11th Cir. 1989)). Therefore, it is **ORDERED AND ADJUDGED** that Defendant Milagro Cooper's request for substitute service of post-discovery deadline third-party deposition subpoenas is **DENIED.**

**DONE AND ORDERED** this 15th day of September, 2025

_____
**United States Magistrate Judge
Lisette M. Reid**

Copies furnished to: All Counsel of Record