**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 24-CIV-24228-ALTONAGA**

**MEGAN PETE**

    *Plaintiff*,

v.

**MILAGRO ELIZABETH COOPER**,

    *Defendant*.

_____/

**<u>NON-PARTY ADIN ROSS' MOTION TO QUASH or PROTECTIVE ORDER</u>**

Nonparty *Adin Ross*, by and through undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 26(c)(1) and 45(d)(3) to quash or issue a protective order for a subpoena *duces* tecum sought by Plaintiff Megan Pete, and in support thereof states as follows:

**I.  INTRODUCTION**

On August 28, 2025, Plaintiff purported to serve a subpoena *duces tecum* upon Mr. Ross commanding both the production of documents and his personal appearance for deposition for September 16, 2025. Instead of knocking on the door or ringing the bell, Plaintiff hired a *mariachi* band to play music outside his home to lure Ross and serve him. This was too clever by half, or should we say: *Pasarse de listo*.

Personal service was not made. Mr. Ross has security, who does not reside with him, to shoo the band away. The security officer was not authorized to accept service. The *mariachi* band stunt trivialized the judicial process and was meant to harass and embarrass. Also, the

subpoena seeks extensive documents and communications including call logs, messages, payments and social media posts to a person that has nothing to do with the facts of this case. This subpoena should be quashed or protective order issued for multiple reasons, including improper service, lack of relevance, undue burden, and harassment.

## II. MEMORANDUM OF LAW

### A. Legal standard.

The trial court is given "wide discretion" in setting the limits of discovery, and its judgment will be overturned only when a clearly erroneous principle of law is applied or no evidence rationally supports the decision. *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). Federal Rule of Civil Procedure Rule 26(c)(1) allows "any person" from whom discovery is sought to move for a protective order, which may be granted for good cause. *Odom v. Roberts*, 337 F.R.D. 359, 362 (N.D. Fla. 2020). "Rule 26(c) gives the district court discretionary power to fashion a protective order." *Farnsworth,* 758 F.2d at 1548. Under the "good cause" standard, the Court must balance the competing interests of the parties, and has broad discretion in determining whether a protective order is warranted. *Odom*, 337 F.R.D. at 362. Rule 26 protects those from whom discovery is sought from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Good cause exists to prevent Plaintiff from taking the deposition of Rule 45(d)(3), in turn, states that "[o]n timely motion," the Court "must quash or modify a subpoena that" "requires disclosure of privilege or other protected matter." Fed. R. Civ. P. 45(d)(3)(A)(iii).

Under Federal Rule 45 a subpoena must be personally delivered to a nonparty. Fed.R.Civ.P.45(b)(1). Substitute service of process is not permitted. *In re Matter Under Investigation by Grand Jury No. 1*, No. 10-81252-MC, 2011 WL 761234, at *1 (S.D. Fla. Feb. 24,

2

2011) (citing *Federal Trade Comm'n v. Compagnie e Saint Gobain-Pont-a-Mousson,* 636 F.2d 1300, 1312–13 (D.C.Cir.1980)) ("[C]ompulsory process [under Rule 45] may be served upon an unwilling witness only in person") (other supporting citations n. 2).

**B. The subpoena must be quashed due to improper service.**

Whether personal service under Rule 45 is required or service at all remains flux.

> Rule 45 states that "[s]erving a subpoena requires delivering a copy to the named person ...." Fed. R. Civ. P. 45(b)(1). Thus, courts have found that "[s]ervice under Rule 45(b)(1) must be personal to the named individual." *Sphar v. Amica Mut. Ins. Co.*, No. 6:16-cv-2221-Orl-40TBS, 2017 WL 8314657, at *1 (M.D. Fla. May 24, 2017) (quoting *In re Matter Under Investigation by Grand Jury No. 1*, No. 10-81252-MC, 2011 WL 761234, at *2 (S.D. Fla. Feb. 24, 2011) (collecting cases and concluding that authority in this circuit suggests that a Rule 45 subpoena must be personally handed to the non-party witness))). However, as Plaintiff points out, courts in this Circuit have more recently noted that, while *the Eleventh Circuit has not spoken on the issue,* "authority from federal courts in Florida support that Rule 45 does not require personal service; rather, it requires service reasonably calculated to ensure receipt of the subpoena by the witness." *TracFone Wireless, Inc. v. SCS Supply Chain LLC*, 330 F.R.D. 613, 616 (S.D. Fla. 2019). (emphasis added).

*Krevolin & Horst, LLC v. Raheel*, No. 6:20-MC-41-RBD-LHP, 2022 WL 22868032, at *2–3 (M.D. Fla. Mar. 21, 2022). When Florida in this instance is governed by Fifth Circuit precedent. The rule requires personal service of the target of the subpoena. *Harrison v. Prather,* 404 F.2d 267, 273 (5th Cir.1968) (service of subpoena must be on person named therein, service on his attorney is not sufficient).[1]

Because a nonparty has nothing directly to do with the case, a higher standard of service is required. "Wright & Miller state that the 'longstanding interpretation of Rule 45 has been that

---

[1] *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1211 (11th Cir. 1981).

3

personal service of subpoenas is required,' based on the literal construction of the word 'delivering' in the Rule. . . ." *In re Matter Under investigation by Grand Jury No. 1,* No. 10-81252-MC, 2011 WL 761234, at *1 (S.D. Fla. Feb. 24, 2011). *See also Green v. Pickens Cnty. Sch. Sys.,* No. 2:19-CV-00008-RWS-JCF, 2021 WL 2559453, at *4–5 (N.D. Ga. Apr. 26, 2021); *Dopson-Troutt v. Novartis Pharm. Corp.,* 295 F.R.D. 536, 537–38 (M.D. Fla. 2013).

Nonparty Adin Ross was not lured or served by the Mariachi band tasked with delivering the subpoena. Because he was not personally served, the service was insufficient and its effect must be quashed. *See id.*

### C.  The subpoena is overbroad and is a "fishing expedition."

Federal Rule of Civil Procedure 45(d)(3)(A)(iv) requires the court to quash a subpoena that "subjects a person to undue burden." Additionally, Rule 45(d)(3)(A)(iii) mandates quashing a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Courts have consistently held that relevance is a prerequisite for nonparty discovery, and the burden of demonstrating relevance rests with the party seeking discovery.

Federal courts recognize that nonparties deserve heightened protection from discovery burdens because they have no stake in the litigation. As the Advisory Committee Notes to Rule 45 explain, the rule "is intended to provide adequate protection for persons who are required to assist the court by giving testimony or producing documents." The 11th Circuit has emphasized that nonparty discovery should be limited to information that is clearly relevant and necessary to the litigation.

Under Federal Rule of Civil Procedure 26(b)(1), discovery is limited to matters that are "relevant to any party's claim or defense" This relevance requirement applies with even greater

4

Case 1:24-cv-24228-CMA   Document 146   Entered on FLSD Docket 09/16/2025   Page 5 of 7

force to nonparty discovery. Courts have quashed subpoenas directed at nonparties when the requesting party cannot demonstrate how the nonparty possesses relevant information.

The Complaint in this action makes no mention of Mr. Ross whatsoever. A review of the pleadings reveals that the dispute between Ms. Pete and Ms. Cooper does not involve any facts, circumstances, or legal theories that would implicate Mr. Ross or suggest he possesses relevant information. The complete absence of any reference to Mr. Ross in the Complaint is strong evidence that his deposition would not yield discoverable information.

The party seeking Mr. Ross's deposition bears the burden of demonstrating relevance. Federal Rule 26(b)(1) limits discovery to information "relevant to any party's claim or defense." Nothing in the operative complaint nor the subpoena itself offers any explanation what information Mr. Ross possesses relevant to:

1. The claims asserted by Plaintiff Pete
2. The defenses raised by Defendant Cooper
3. The damages sought in this litigation
4. Any other matter germane to the case

Without such a showing, the subpoena constitutes an impermissible "fishing expedition" that courts routinely reject. "The trial court, however, is given wide discretion in setting the limits of discovery. . . ." *Farnsworth*, 758 F.2d at 1547.

As a nonparty to this litigation, Mr. Ross is entitled to enhanced protection from discovery burdens. Unlike parties who chose to engage in litigation, nonparties have not voluntarily subjected themselves to the discovery process. This Court should apply a higher level of scrutiny to this nonparty subpoena and require a stronger showing of relevance and necessity.

5

The subpoena should be narrowly tailored and limited to information that is necessary and is reasonably calculated to lead to discoverable evidence in this. Here, the complete absence of any connection between Mr. Ross and the subject matter of the litigation demonstrates that his deposition would impose an undue burden without any corresponding benefit to the administration of justice.

## CONCLUSION

The Court should grant the motion to quash or grant a protective order to nonparty Adin Ross.

Respectfully submitted,

BUSCHEL GIBBONS, P.A.
501 East Las Olas Boulevard, Third Floor
Ft. Lauderdale, Florida 33301
Tel: (954) 530-5748 (direct)
Buschel@BGlaw-pa.com
Attorneys for Imani Davis

By**: //s Robert C. Buschel**
       Robert C. Buschel
       Florida Bar No. 0063436


COHEN & MCMULLEN, P.A.

**/s/ Bradford Cohen, Esq.**
Bradford M. Cohen
Florida Bar No. 118176

1132 SE 3rd Avenue
Fort Lauderdale, Florida 33316
Telephone: (954) 523-7774
Facsimile: (954) 523-2656

6

## NOTICE OF CONFERRAL

Counsel for Adin Ross communicated with Counsel for Plaintiff via email on September 15, 2025 asking for Plaintiff's position on this motion. Plaintiff's counsel did not respond.

BUSCHEL GIBBONS, P.A.

By**: //s Robert C. Buschel**
Robert C. Buschel

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I therefore certify that the foregoing document has been served on all counsel of record via transmission of a Notice of Electronic Filing (or "NEF") generated by CM/ECF. Lastly, I certify that, to my knowledge, there are no other persons in need of service via an alternative authorized method.

BUSCHEL GIBBONS, P.A.

By**: //s Robert C. Buschel**
Robert C. Buschel