AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

UN #850
09.02.2025.
3.16pm

| | |
|---|---|
| Megan Pete | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No.   1:24-cv-24228-CMA |
| Milagro Elizabeth Cooper | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                                              Adin Ross
                                                                    Florida
                                   *(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time. date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:   Quinn Emanuel Urquhart & Sullivan, 2601 S Bayshore Dr. Ste.1500, Miami, FL 33133 | Date and Time: 9/16//2025 @ 10:00 a.m. |
|---|---|

The deposition will be recorded by this method:   Court Reporter and Videographer

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Attachment A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   8/28/2025

               *CLERK OF COURT*

                                              OR

                                                                    /s/ Marie Hayrapetian
_____               _____
   *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Megan Pete
_____ , who issues or requests this subpoena, are:

Marie Hayrapetian; 865 S Figueroa Street, 10th Floor, Los Angeles, CA 90017; mariehayrapetian@quinnemanuel.com; (213) 443-3552

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  1:24-cv-24228-CMA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
  **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A TO THE SUBPOENA TO TESTIFY AT A DEPOSITION TO**
**ADIN ROSS**

Pursuant to Federal Rule of Civil Procedure 45 and the accompanying subpoena ("Subpoena"), you are hereby requested to produce for inspection and copying the Documents and Communications identified below.

**DEFINITIONS**

Unless otherwise defined, all phrases and words herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense. However, for purposes of this Subpoena, the words set forth below shall be defined as follows:

1.      **"Call Log"** refers to records of phone calls made or received, including caller and receiver details, date and time of calls, duration of calls, and type of calls (outgoing, incoming, or missed).

2.      **"Civil Action"** refers to the litigation titled *Megan Pete v. Milagro Elizabeth Cooper*, Case No. 1:24-cv-24228, pending before the United States District Court for the Southern District of Florida.

3.      **"Communication"** is used in its broadest ordinary sense and shall mean any oral or written statement, dialogue, discussion, exchange, conversation, disclosure, or transmittal of information, whether in-person, by telephone, any form of video transmission, mail, e-mail, facsimile, personal delivery, computer transmission, or otherwise. For the avoidance of doubt, the term Communication shall encompass emails, pictures, photographs, recordings, text messages, messages exchanged on any communicative or social media application (*e.g.*, WhatsApp, iMessage, Slack, Facebook Messenger, Google Messages, Microsoft Teams, Zoom, Cisco WebEx, Signal, Line, WeChat, Wickr, Snapchat, Telegram), face-to-face meetings, telephone conversations, or any other means of capturing information.

1

4.      **"Criminal Action"** refers to the criminal case, *People v. Daystar Peterson*, Case No. BA490599, held before the Los Angeles Superior Court. The Criminal Action resulted in Daystar Peterson's conviction for three felony counts: (1) assault with a semiautomatic handgun; (2) carrying a loaded, unregistered firearm in a vehicle; and (3) discharging a firearm with gross negligence.

5.      **"Daystar Peterson"** refers to Daystar Peterson, the defendant in the Criminal Action, also known professionally as Tory Lanez.

6.      **"Defendant"** refers to Milagro Elizabeth Cooper, the Defendant in the litigation titled *Megan Pete v. Milagro Elizabeth Cooper*, Case No. 1:24-cv-24228-CMA, pending before the United States District Court for the Southern District of Florida.

7.      **"Documents"** shall have the broadest meaning ascribed to them by Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001. The terms shall include any information recorded in any medium, including electronically stored information, whether original, draft, or non-identical copy (*i.e.*, whether different from the original by reason of notations made on each copy or otherwise); whether written, sound or video-recorded, or displayed graphically; whether privileged or otherwise excludable from discovery; and includes, without limitation, notes; data (raw or manipulated); lists; customer lists; itineraries; letters; correspondence; communications of any nature; drawings; designs; telegrams; manuals; books of accounts; purchase orders; order acknowledgements; invoices; checks; money orders; credit memoranda; debit memoranda; contracts; agreements; studies; tabulations; charts; graphs; photographs; photostats; mimeographs; typewriting; painting; graphic reproductions; film; handwriting; videotape recordings; audio tape recordings; compact discs; analyses; books; articles; magazines; newspapers; booklets; circulars; bulletins; notices; computer files, whether on hard or floppy disk, compact disc, tape, or other

computer storage devices; computer printouts of any form whatsoever; letters of introduction; letters of referral; summaries; questionnaires and surveys; memoranda; notebooks of any character; summaries or records of personal conversations; telephone records; text messages; e-mails; calendars; Day-Timers; diaries; logs; routing slips or memoranda; reports; publications; notes; minutes or records of meetings and all other communications of any type, including inter-office and intra-office communications; transcripts of oral testimony or statements; affidavits; reports and/or summaries of investigations; agreements and contracts, including all modifications and/or revisions thereof; working papers; reports and/or summaries of negotiations; court papers; brochures; pamphlets; press releases; drafts or revisions of drafts or translations; records and dictation tapes; and all tangible items where information is recorded or likely to be recorded. Any document with any marginalia or marks on any sheet or side thereof, including, without limitation, initials, stamped indicia, any comment or any notation of any character and not a part of the original text, or any reproduction thereof, is considered to be a separate document for purposes of this request.

8. **"Item of Value"** refers to any object given by Daystar Peterson or the Peterson Group to Defendant, including but not limited to automobiles, clothing, jewelry, travel expenses, dining, children's toys, and payment of rent, utilities, cellular phone, or other bills.

9. **"Ms. Pete"** refers to Megan Pete, the Plaintiff in the litigation titled *Megan Pete v. Milagro Elizabeth Cooper*, Case No. 1:24-cv-24228-CMA, pending before the United States District Court for the Southern District of Florida. Included are all aliases, nicknames, stage names, and other identifiers, including but not limited to Megan Thee Stallion.

10. **"Payment"** means any financial activity between Daystar Peterson, the Peterson Group, and Defendant, including but not limited to all deposits, monetary transfers, wires,

withdrawals, checks received and written, direct deposits to any bank account(s) or using any financial service, including but not limited to PayPal, Venmo, Cash App, Chime, and Zelle.

11. **"Peterson Group"** shall refer to the following individuals, both collectively and individually, and/or any combination of persons thereof:

- Sonstar Peterson;

- Ceasar McDowell;

- Mitch McDowell;

- Carl Crawford;

- Danielle Frost;

- Todd Perry II;

- Tni Jackson;

- Walter Roberts;

- Gianno Caldwell;

- Diana London;

- Anna Paulina Luna;

- Mari Ronquillo;

- Any member of Daystar Peterson's counsel for the Criminal Trial or related appellate action, including but not limited to any member of Unite the People, George Mgdesyan, Shawn Holley, Jose Baez, Matthew Barhoma, David Kenner, and any of their agents, representatives, associates, paralegals, or other affiliated personnel.

12. **"Social Media Post"** refers to any content published, shared, or broadcasted by a user on any social media platform, including but not limited to posts, images, videos, livestreams,

4

stories, reels, tweets, retweets, quote tweets, replies, comments, direct messages, voice notes, or any other form of public or private communication on platforms such as X (formerly Twitter), Instagram, Facebook, TikTok, YouTube, Stationhead, Discord, Twitch, Snapchat, or any other social media or content-sharing platform. This includes both currently accessible and deleted posts that may be retained in archives, screenshots, or recordings.

13.     **"You"** and **"Your"** refer to you, Adin Ross.

## INSTRUCTIONS

1.     This Subpoena applies to all Documents in your possession, custody, or control, regardless of their location and irrespective of whether such Documents are held by your officers, employees, attorneys, accountants, consultants, representatives, agents, or any other person. You are requested to make a diligent search of your records and other papers and materials in your possession to the extent necessary to provide responsive Documents. Unless otherwise indicated, this Subpoena seeks all Documents that were created or received by you at any time between July 12, 2020 through the present.

2.     This Subpoena contains continuing requests. Should you become aware of or acquire possession, custody, or control of additional responsive Documents, you shall promptly produce these additional Documents for inspection and copying.

3.     This Subpoena seeks production of each Document in its entirety, without abbreviation or redaction, including, without limitation, all attachments, transmittal sheets, notes, cover letters, exhibits, enclosures, and all drafts and non-identical copies of each Document.

4.     If you object to any portion of any request, identify the portion to which you object, answer the remainder, and produce all Documents and parts.

5.     If you object to any request as overly broad or unduly burdensome, produce those Documents which are unobjectionable and specifically identify why you believe any request is overly broad or unduly burdensome.

6.     If you do not possess any Documents responsive to a particular request, so state.

7.     If production of any Document is withheld on a basis of a claim of privilege, each withheld Document shall be separately identified in a privileged document list. The privileged document list must identify each Document separately, specifying for each Document at least: (i) the date the information was created or communicated; (ii) author(s)/sender(s); (iii) all recipient(s); and (iv) the general subject matter contained in the Document. The sender(s) and recipient(s) shall be identified by position and entity (corporation, firm, partnership, etc.) with which they are employed or associated. If the sender or recipient is an attorney, they shall be so identified. The type of privilege claimed must also be stated, together with a certification, that all elements of the claimed privilege have been met and have not been waived with respect to each Document.

8.     Each Document shall be produced in its entirety, including all attachments and disclosures. A Document with handwritten, typewritten, or other recorded notes, editing marks, etc., is a separate, unique Document and is not and shall not deemed to be identical to one without such additions, deletions, or modifications. If any portion of a Document is responsive to a request, produce the entire Document, including all attachments, enclosures, 'Post-it' type notes, and any other matter physically attached to the Document. If a responsive Document cannot be produced in full, it shall be produced to the extent possible with an explanation stating why the production of the remainder is not possible.

6

9.      All Documents produced in response to this Subpoena shall be produced in the same order as they are maintained in the ordinary course of business and, where attached, shall not be separated or disassembled.

10.     Each request shall be construed independently, and no request shall be viewed as limiting the scope of any other request.

11.     Whenever necessary to bring documents within the scope of these Document Requests that might otherwise be construed to be outside their scope:

    i.      the use of a verb in any tense shall be construed as the use of that verb in all other tenses;

    ii.     the use of a word in its singular form shall be deemed to include within its use the plural form, as well;

    iii.    unless otherwise stated explicitly herein with regard to a particular Document Request, each Document Request shall be construed independently and not with reference to any other Document Request for the purpose of limitation. The use of the singular form of any word includes the plural and vice versa. The past tense shall include the present tense and vice versa;

    iv.     the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a Document Request all documents that might otherwise be construed to be outside its scope;

    v.      the use of any capitalized word shall include the same word uncapitalized, and the use of any uncapitalized word shall include the same word capitalized; and

    vi.     the terms "all" and "each" shall be construed as all and each.

7

## DOCUMENTS REQUESTED

1.      All Documents and Communications between You and Defendant that refer or relate to Ms. Pete, the Civil Action, or the Criminal Action.

2.      All Documents and Communications between You and Daystar Peterson or any member of the Peterson Group that refer or relate to Ms. Pete or Defendant.

3.      All Documents and Communications that constitute, memorialize, refer, or relate to any (1) Payments made; or (2) Items of Value exchanged between You and Defendant.

4.      All Documents and Communications that constitute, memorialize, refer, or relate to any (1) Payments made; or (2) Items of Value given by Daystar Peterson or any member of the Peterson Group to Defendant.

5.      All Documents and Communications that constitute, memorialize, refer, or relate to any interactions between Defendant and Daystar Peterson or any member of the Peterson Group.

6.      All Documents and Communications that refer or relate to Defendant's social media posts about Ms. Pete, the Civil Action, or the Criminal Action.

7.      All Call Logs between You and Defendant.

Dated:  August 12, 2025

QUINN EMANUEL URQUHART &
SULLIVAN, LLP


/s/ Marie Hayrapetian
John O'Sullivan (Fla. Bar No. 143154)
Daniel L. Humphrey (Fla. Bar No. 1024695)
johnosullivan@quinnemanuel.com
danielhumphrey@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
2601 South Bayshore Drive, Suite 1500
Miami, FL 33133
(305) 402-4880

Mari F. Henderson (pro hac vice)
Marie Hayrapetian (pro hac vice)
Julian T. Schoen (pro hac vice)
marihenderson@quinnemanuel.com
mariehayrapetian@quinnemanuel.com
julianschoen@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

Joanna E. Menillo (pro hac vice)
joannamenillo@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
295 Fifth Avenue
New York, NY 10016
(212) 849-7000

*Attorneys for Plaintiff Megan Pete*