UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-CIV-24228-ALTONAGA

**MEGAN PETE**

    *Plaintiff*,

v.

**MILAGRO ELIZABETH COOPER**,

    *Defendant*.

_____/

## NOTICE OF ISSUES FOR DISCOVERY HEARING

Non-party Adin Ross, through undersigned counsel, provides notice of the following issues to be addressed at the discovery hearing scheduled before Magistrate Judge Lisette M. Reid. The hearing is set for October 31, 2025 at 10:00 a.m.

**I. IMPROPER PRESUPPOSITION OF FACTS**

1. Is this a "fishing expedition" requiring any deposition or production of documents?
2. Whether Document Requests 1, 3, and 7 improperly presuppose the existence of communications and a connection between Non-party Ross and Defendant Cooper without a factual basis.

**II. OVERBREADTH OF DOCUMENT REQUESTS**

2. Whether Document Request 1 is overbroad in seeking "all Documents and Communications" about "Ms. Pete, the Civil Action, or the Criminal Action" without reasonable limitation.
3. Whether Document Request 2 is overbroad in scope due to the expansive definition of "Peterson Group" including undefined "affiliated personnel."
4. Whether Document Request 5 is overbroad in seeking documents about third-party interactions wholly outside Non-party Ross's knowledge or participation.
5. Whether Document Request 6 is overbroad due to undefined "refer or relate to" language and unlimited scope of social media platforms.

### III. OVERBREADTH OF DEFINITIONS

6. Whether the definition of "Payment" (pages 6-7) is overbroad in encompassing "any financial activity" across multiple platforms for five years.
7. Whether the definition of "Item of Value" (page 6) is impermissibly boundless due to "not limited to" language.
8. Whether the definition of "Communication" (pages 4-5) creates disproportionate burden requiring forensic review of 15+ platforms over five years.
9. Whether the definition of "Social Media Post" (pages 7-8) improperly shifts preservation obligations to Non-party by requiring production of deleted content and archives potentially unavailable to him.

### IV. UNDUE BURDEN AND LACK OF PROPORTIONALITY

11. Whether the Subpoena subjects Non-party Ross to undue burden pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iv).
12. Whether the Subpoena fails proportionality requirements under Fed. R. Civ. P. 26(b)(1) given Non-party Ross's tangential connection to the underlying dispute and no stated or represented connection to Defendant.

### V. PROTECTIVE ORDER

13. Whether a protective order should issue pursuant to Fed. R. Civ. P. 45(d)(3)(A) to protect Non-party Ross from undue burden and harassment.

Respectfully submitted,

BUSCHEL GIBBONS, P.A.
501 East Las Olas Boulevard, Third Floor
Ft. Lauderdale, Florida 33301
Tel: (954) 530-5748 (direct)
Buschel@BGlaw-pa.com
Attorneys for Adin Ross

By**: //s Robert C. Buschel**
　　　Robert C. Buschel

COHEN & MCMULLEN, P.A.

**/s/ Bradford Cohen, Esq.**
Bradford M. Cohen
Florida Bar No. 118176

1132 SE 3rd Avenue
Fort Lauderdale, Florida 33316
Telephone: (954) 523-7774
Facsimile: (954) 523-2656

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I therefore certify that the foregoing document has been served on all counsel of record via transmission of a Notice of Electronic Filing (or "NEF") generated by CM/ECF. Lastly, I certify that, to my knowledge, there are no other persons in need of service via an alternative authorized method.

BUSCHEL GIBBONS, P.A.

By**: //s Robert C. Buschel**
Robert C. Buschel