UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:24-cv-24228-ALTONAGA/REID

MEGAN PETE, an individual

*Plaintiff,*

v.

MILAGRO ELIZABETH COOPER,
an individual,

      *Defendant.*

## ORDER DENYING MOTION FOR PROTECTIVE ORDER AND/OR TO QUASH SUBPOENA

**THIS CAUSE** came before the Court upon non-party Daystar Peterson's ("Mr. Peterson") Motion for Protective Order and/or to Quash Subpoena ("Motion") related to the subpoena for deposition served by Plaintiff Megan Pete ("Plaintiff"). *See* Mot. for Protective Order, *Daystar Peterson v. Megan Pete*, No. 25-mc-24784, [ECF No. 1] (S.D. Fla. Sept. 24, 2025).[1] The undersigned reviewed briefing from both parties and held a discovery hearing on October 24, 2025. *See* [ECF No. 154]. After reviewing the materials and record, hearing argument from counsel at the hearing, and being otherwise fully apprised, it is **HEREBY ORDERED AND ADJUDGED** that non-party Mr. Peterson's Motion is **DENIED**.

### BACKGROUND

On February 24, 2025, Plaintiff filed an unopposed motion to take the deposition of Daystar Peterson, currently confined in the California Correctional Institute, pursuant Federal Rule of Civil

---

[1] The Motion was previously docketed under Case No. 25-mc-24874 and has since been consolidated into the instant case. *See* [ECF No. 155 (Order consolidating Case No. 25-mc-24784 and Case No. 24-cv-24228)].

1

Procedure 30(a)(2)(B). *See* [ECF No. 41]. The motion was granted the same day by the District Court. *See* [ECF No. 42]. Plaintiff attempted to take Mr. Peterson's deposition on April 9, 2025, but was forced to end the deposition after only forty-four minutes, due to Mr. Peterson's obstructive conduct. *See generally* [ECF No. 65]. On April 16, 2025, Plaintiff filed a Motion for an Order to Show Cause as to why Mr. Peterson should not be held in contempt for his obstructive behavior at the April 9th deposition and requesting monetary sanctions and the continued deposition of Mr. Peterson to be overseen by a special master. *See* [*id.*]. That motion was granted by the District Court. *See* [ECF No. 66]. Mr. Peterson failed to respond to the Show Cause Order, and on August 1, 2025, the Court ordered Mr. Peterson's continued deposition to be supervised by the undersigned. *See* [ECF No. 103].

Mr. Peterson's continued deposition was scheduled to take place on September 15, 2025. *See* [ECF No. 141]. Mr. Peterson appeared at the deposition with new counsel, Crystal Morgan ("Ms. Morgan"), but refused to be deposed, citing issues with notice and jurisdiction. The Court informed Mr. Peterson that the sanction for not testifying at the scheduled deposition would be, at the very least, attorneys' fees and costs for all the attorneys who appeared that day. Ms. Morgan indicated that she would be filing for a protective order in California, where Mr. Peterson was currently incarcerated.

That Motion for Protective Order was filed on September 24, 2025, in the Central District of California before Judge George H. Wu. *See Daystar Peterson v. Megan Pete*, Case No. 25-mc-00098-GW-MAR (C.D. Cal. Sept. 24, 2025). Judge Wu held a hearing on the motion and ultimately denied the motion without prejudice and transferred the matter back to this Court to be decided. *See* Hearing Min., *Daystar Peterson v. Megan Pete*, Case No. 25-mc-00098-GW-MAR [ECF No. 10] (C.D. Cal. Oct. 16, 2025); *see also* Fed. R. Civ. P. 45(f) ("When the court where

2

compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances.").

The undersigned held a hearing on October 24, 2025, where Mr. Peterson again moved for a protective order regarding his continued deposition. *See* [ECF No. 154]. Like with the California court, Mr. Peterson again argued that giving deposition testimony in this case risked infringing his Fifth Amendment right and prejudicing his appeal in his underlying criminal matter. *See* Mot. for Protective Order, *Daystar Peterson v. Megan Pete*, No. 25-mc-24784, [ECF No. 1 at 5] (S.D. Fla. Sept. 24, 2025). He again requested the subpoena issued by this Court in February 2025, and served March 2025, be quashed or in the alternative be limited to written questions pursuant to Federal Rule of Civil Procedure 31. *See id.* at 6.

## **DISCUSSION**

As noted by Plaintiff, Mr. Peterson's Motion is untimely. Under Rule 45, a court may quash or modify a subpoena upon a "timely motion" made by the non-party. *See* Fed. R. Civ. P. 45(d)(3)(A). Though the Federal Rules do not specify what "timely" is for a motion to quash or for protective order, it is "typically understood to be prior to the date of compliance." *See CITGO Petroleum Corp. v. Petroleum Logistics Serv. USA, Inc.*, No. 22-MC-20762, 2023 WL 1965998, at *2 (S.D. Fla. Jan. 18, 2023). Typically, failure to timely serve written objections or move to quash results in the subpoena recipient waiving their objections. *Whatley v. World Fuel Servs. Corp.*, No. 20-20993-MC, 2020 WL 2616209, at *3 (S.D. Fla. May 22, 2020).

Here, the record and service affidavit indicate that Mr. Peterson was properly served with the deposition subpoena on March 10, 2025. *See* Service Aff., *Daystar Peterson v. Megan Pete*, No. 25-mc-24784, [ECF No. 6-6] (S.D. Fla. Sept. 24, 2025). Therefore, the deadline for Mr.

3

Peterson to object or move to quash the subpoena would have been, at the very latest, before his April 9, 2025, deposition. However, Mr. Peterson filed no such motion, and appeared, with counsel, for the deposition on April 9, 2025. *See* [ECF No. 65]. Indeed, the matter at hand is the *continuation* of Mr. Peterson's April 9, 2025 deposition, which was ended prematurely due to his obstructive conduct, not a new subpoena now issued by Plaintiff. Under Rule 45 and relevant caselaw, Mr. Peterson's Motion is untimely, and should be denied for this reason alone.[2] *See* Fed. R. Civ. P. 45(d)(2)(B); *see also Centennial Bank v. Servisfirst Bank, Inc.*, 2016 WL 4163560, at *4 (M.D. Fla. Aug. 5, 2016) (denying motion to quash subpoena where party provided no explanation for filing the motion over three months late).

Even if the Motion was timely, Mr. Peterson's remaining objections are unavailing. Mr. Peterson argues that the continuation of his deposition may unfairly prejudice his ongoing criminal appeal and infringe on his Fifth Amendment right. *See* Mot. for Protective Order, *Daystar Peterson v. Megan Pete*, No. 25-mc-24784, [ECF No. 1 at 5] (S.D. Fla. Sept. 24, 2025). As an initial matter, it is unclear how Mr. Peterson's deposition may impact or prejudice any parallel criminal appeals he has pending. The focus of Mr. Peterson's deposition is his relationship with Defendant Cooper, not with Plaintiff. Thus, the Court does not see how testimony regarding Mr. Peterson's communications and relationship with Defendant would serve to prejudice his criminal appeal.

Indeed, Mr. Peterson's Motion, and Ms. Morgan at the hearing, make only vague allusions to such prejudice. *See id*. Nevertheless, as noted by Plaintiff, a deponent cannot assert the Fifth Amendment to avoid a deposition altogether. *See Foss v. Gerstein*, 58 F.R.D. 627, 631 (S.D. Fla.

---

[2] Rule 45 also proscribes the deadline to object to subpoenas commanding the production of documents as being "the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). Mr. Peterson would be untimely under this standard as well.

4

1973) ("That the pending criminal trial might have produced certain conflicts with Plaintiff's Fifth Amendment rights, likewise does not justify his actions in not appearing for his deposition."); *see also Hoffman v. United States*, 341 U.S. 479, 486 (1951) ("The witness is not exonerated from answering merely because he declares that in doing so he would incriminate himself—his say-so does not of itself establish the hazard of incrimination."). Rather, "[i]t is for the court to say whether his silence is justified . . . and to require him to answer if it clearly appears to the court that he is mistaken." *Hoffman*, 341 U.S. at 486 (internal quotes omitted).

As stated during the hearing, Mr. Peterson must appear for his deposition and may assert any Fifth Amendment privilege on a question-by-question basis, the propriety of which will be decided by the undersigned who will be supervising the deposition. This is the approach endorsed in both *Hoffman*, as well as in *Keating v. Office of Thrift Supervision*, cited by Mr. Peterson in his Motion. *See Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995) ("A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege. Not only is it permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege, but it is even permissible for the trier of fact to draw adverse inferences from the invocation of the Fifth Amendment in a civil proceeding."). Plaintiff was also cautioned at the hearing that questioning should be tailored to this civil case.

Mr. Peterson similarly has not established any undue burden as to quash the subpoena, s*ee MR Int'l-USA, LLC v. Biello*, 2019 WL 13256772, at *4 (S.D. Fla. July 11, 2019) (declining to quash a subpoena where party "fail[ed] to offer any specific argument as to why [discovery] would impose undue burden on the non-party."), nor has he provided good reason to limit questioning to written questions under Rule 31, *see Payne v. Seminole Electric Coop., Inc.*, 2021 WL 3017392,

5

at *10 (M.D. Fla. Feb. 2, 2021) (denying request for deposition upon written questions where it would be an "impractical, ineffective, and inefficient option to obtain the pertinent information.").

## CONCLUSION

**THEREFORE**, for the foregoing reasons, non-party Daystar Peterson's Motion for Protective Order is **DENIED**. Mr. Peterson shall sit for his continued deposition in line with the District Court's Order [ECF No. 103], supervised by the undersigned, at a date agreed upon by all parties.

The undersigned reserves ruling on any request for sanctions or fees as a result of Mr. Peterson's refusal to sit for his September 15, 2025 deposition and related motion practice until after Mr. Peterson's upcoming deposition.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of October 2025.

Lisette M. Reid
United States Magistrate Judge

Copies furnished to:  All Counsel of Record