**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

MEGAN PETE, an individual,

*Plaintiff,*

v.

Civil Action No. 1:24-CV-24228-CMA
Related Case No. 1:25-MC-24784-LFL

MILAGRO ELIZABETH COOPER,
an individual,

*Defendant.*

_____

### MEMORANDUM OF LAW REGARDING DEFAMATION PER SE

Pursuant to the Court's request on October 30, 2025, Plaintiff Megan Pete. ("Plaintiff"), by and through her undersigned counsel, hereby submits the following memorandum of law regarding defamation *per se*.

Under Florida law, a public figure may maintain a cause of action for defamation *per se* without proving actual financial loss. Florida courts have consistently recognized that when statements are defamatory *per se*—such as those imputing criminal conduct, professional incompetence, or moral turpitude—the law presumes general damages, including harm to reputation, mental anguish, and humiliation. *See Block v. Matesic*, 789 F. Supp. 3d 1131, 1155 (S.D. Fla. 2025) (explaining that in cases of defamation *per se*, "liability itself creates a conclusive legal presumption of loss or damage and is alone sufficient for the jury to consider punitive damages" (internal quotations omitted)). The rule distinguishes between *per se* and *per quod* defamation: in *per quod* actions, plaintiffs must plead and prove special damages; in *per se* actions, no such showing is required because the nature of the defamatory statement is inherently injurious. *Id.*

Federal and state courts applying Florida law have repeatedly allowed public figures to proceed on claims of defamation *per se* without requiring proof of economic harm.  *See e.g., Saulsberry v. Elder*, 2022 WL 17830489, *2-4 (S.D. Fla. Dec. 20, 2022) (denying motion to dismiss defamation *per se* claims asserted by famous rap artist); *WPB Residents for Integrity in Gov't, Inc. v. Materio*, 284 So. 3d 555, 557 (Fla. Dist. Ct. App. 2019) (affirming denial of motion to dismiss and for summary judgment of two defamation *per se* claims asserted by pubic figure); *LeVeille v. Upchurch*, 2021 WL 12092768, at *2-3 (M.D. Fla. Apr. 14, 2021) (denying motion to dismiss *per se* defamation claim asserted by public figure).  Plaintiff has identified no authority in Florida or the 11th Circuit holding to the contrary.

During the October 30, 2025 pretrial conference, Defendant submitted authority—*Mastandrea v. Snow*, No. 1D20-3713 (Fla. 1st DCA Feb. 2, 2022)—to Plaintiff's counsel purporting to prove the contrary.  It does not.  *Mastandrea* did not address—or even mention—the concept of defamation *per se*, nor did it hold that a public figure must prove actual loss to recover for reputational harm.  Instead, the decision turned solely on the absence of actual malice, which is a distinct constitutional requirement for public-figure and non-public figure plaintiffs alike, and the First DCA expressly declined to "examine the other elements necessary to sustain the trial court's determination that the anti-SLAPP statute applied."  *Id*. at 3.  Accordingly, *Mastandrea* offers no support for the proposition that public figures must prove pecuniary loss in *per se* cases (or that a public figure is barred from asserting a defamation *per se* claim in the first instance, as Defendant asserts).   Florida precedent makes clear that once a public figure demonstrates actual malice, the traditional presumption of damages in *per se* defamation remains intact.

Dated:  November 6, 2025

QUINN  EMANUEL  URQUHART  &
SULLIVAN, LLP


*/s/ John O'Sullivan*
John O'Sullivan (Fla. Bar No. 143154)
Daniel L. Humphrey (Fla. Bar No. 1024695)
johnosullivan@quinnemanuel.com
danielhumphrey@quinnemanuel.com
QUINN  EMANUEL  URQUHART  &
SULLIVAN, LLP
2601 S. Bayshore Dr., Suite 1500
Miami, FL 33133
(305) 402-4880

Mari F. Henderson (pro hac vice)
Marie Hayrapetian (pro hac vice)
marihenderson@quinnemanuel.com
mariehayrapetian@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
(213) 443-3000

Joanna E. Menillo
joannamenillo@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
295 Fifth Avenue
New York, New York 10010
(212) 849-7050

*Attorneys for Plaintiff Megan Pete*

1

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this November 6, 2025, I caused a true and correct copy of this

Memorandum of Law to be served upon the following parties by ECF:

**ASILIA LAW**
Jeremy Alexander McLymont
1000 W. Cass Street
Tampa, FL 33606
813-381-1121
Email: jeremy@asilialaw.com

**DIXON JUSTICE CENTER APC**
Ronda Dixon
400 Corporate Pointe, Suite 300
Culver City, CA 90230
(323) 641-2731
Email: ronda@dixonjusticecenter.com
Crystal Morgan
Morgan Legal Services PLLC
2641 E. Uintah St., #9155
Colorado Springs, CO 80932
(720) 900-1065
CMorgan@MorganLegalServicesPLLC.com

Dated:  November 6, 2025                           /s/ *John O'Sullivan*
                                                            John O'Sullivan