UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:24-cv-24228

MEGAN PETE,
 Plaintiff,

v.

MILAGRO ELIZABETH COOPER,
 Defendant.

_____/

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MEMORANDUM ON DEFAMATION PER SE**

 Defendant Milagro Elizabeth Cooper ("Defendant"), by and through her undersigned counsel, respectfully submits this Memorandum of Law in opposition to Plaintiff Megan Pete's ("Plaintiff") memorandum regarding defamation per se. The Defendant shall address two points of law in this brief: (1) The Standard of Proof Is of Actual Malice for Public Figure Plaintiff's (*New York Times Co. v. Sullivan, 376 U.S. 254 (1964)*), and (2) There is no Presumption of Actual Damages Against Media Defendants (*Mid-Florida Television Co. v. Boyles*, 467 So. 2d 282 (Fla. 1985)), under both; new and old law.

 Defendant has read the cases Plaintiff has cited, which mention but are not on point of the issues discussed above. The cases concern partial granting of interim orders, dismissal of issues at summary stages, and concern issues such as limitation.[1]

 The recent case relied upon by the defendants, Block v. Matesic et al, discussing the standard of Defamation *per se* states[2] the standard for actual malice, dismisses the claim for lack

---

[1] *Quoting Para 3. Of Plaintiff's Memorandum of Law Regarding Defamation Per Se; "(See e.g., Saulsberry v. Elder, 2022 WL 17830489, \*2-4 (S.D. Fla. Dec. 20, 2022) (denying motion to dismiss defamation per se claims asserted by famous rap artist); WPB Residents for Integrity in Gov't, Inc. v. Materio, 284 So. 3d 555, 557 (Fla. Dist. Ct. App. 2019) (affirming denial of motion to dismiss and for summary judgment of two defamation per se claims asserted by pubic figure); LeVeille v. Upchurch, 2021 WL 12092768, at \*2-3 (M.D. Fla. Apr. 14, 2021) (denying motion to dismiss per se defamation claim asserted by public figure")"*

[2] *Boyles (a. The Law of Defamation); We'll start with defamation per se. "[A] publication is libellous [sic] per se, or actionable per se, if, when considered alone without innuendo: (1) it charges that a person has committed an infamous crime; (2) it charges*

of showing of actual malice, and seldom discusses measure of damages in defamation *per se*, but discusses instead defamation per quod. It is also to be noted that there were multiple defendants in this case, and is silent on whether the presumption of damages under defamation per se applies to a public official (or public figure).

Recent Cases cited by Plaintiff below; See *Berisha v. Lawson*, 141 S. Ct. 2424 (2021), and *Reed v. Chamblee*, No. 24-10058 (11th Cir. July 8, 2025), among others, demonstrate that a public figure must demonstrate actual malice to proceed in a claim. Plaintiff's argument that economic loss does not need to be proved to proceed in a claim, even if accepted, is a confusing way of stating the law, as to "proceed", actual malice first needs to be shown and liability established. The economic element of presumption of damages shall become an issue after proving actual malice, for which *see point II – no presumption of damages against media defendants*.

I. **The Controlling Legal Standard for Public Figures Requires Proof of Actual Malice**

Plaintiff is indisputably a public figure, and therefore her defamation claim is governed by the constitutional actual-malice standard. The U.S. Supreme Court in *New York Times Co. v. Sullivan*, 376 U.S. 254, (1964), held that a public figure may not recover for defamation unless she proves, by clear and convincing evidence, that the defendant published the challenged statement with knowledge that it was false or with reckless disregard for whether it was false or not.

---

*a person with having an infectious disease; (3) it tends to subject one to hatred, distrust, ridicule, contempt, or disgrace; or (4) it tends to injure one in his trade or profession." Richard v. Gray, 62 So. 2d 597, 598 (Fla. 1953). "When determining whether a published statement constitutes libel per se, an arbiter of fact may consider only the four corners of the publication." Ortega Trujillo v. Banco Cent. Del Ecuador, 17 F. Supp. 2d 1334, 1339 (S.D. Fla. 1998) (King, J.) (citing Barry College v. Hull, 353 So. 2d 575, 578 (Fla. 3d DCA 1977) (cleaned up)). "[T]he language of the document should not be interpreted in the extreme, but construed as the 'common mind' would naturally understand it." Ibid. (citing McCormick v. Mia. Herald Publ'g Co., 139 So. 2d 197, 200 (Fla. 2d DCA 1962)). In cases of defamation per se, "liability itself creates a conclusive legal presumption of loss or damage and is alone sufficient for the jury to consider punitive damages." Lawnwood Med. Ctr. v. Sadow, 43 So. 3d 710, 727 (Fla. 4th DCA 2010).*

The Court extended this rule to all public figures in *Curtis Publishing Co. v. Butts*, 388 U.S. 130 (1967). Florida law adopts this standard unequivocally. In *Jews for Jesus, Inc. v. Rapp*, the Florida Supreme Court held that public officials, all-purpose public figures, and limited-purpose public figures must prove that the defendant acted with actual malice. Likewise, *Smith v. Cuban American National Foundation*, 731 So. 2d 702, 706 (Fla. 3d DCA 1999), reiterates that actual malice is required "regardless of whether the alleged libel is actionable per se or per quod. This controlling authority forecloses any attempt by Plaintiff to avoid the constitutional fault requirement by characterizing her claim as "per se."

In *Reed v. Chamblee*, No. 24-10058 (11th Cir. July 8, 2025), the court affirmed dismissal of defamation and defamation per se claims brought by a public-figure plaintiff against media defendants because the complaint did not adequately plead actual malice. The court expressly held that for claims against a public figure for defamation, defamation per se, or defamation by implication, a plaintiff must plausibly allege that the defendant acted with actual malice, and conclusory allegations are insufficient. Similarly, the Eleventh Circuit in *Turner v. Wells*, 879 F.3d 1254, 1273 (11th Cir. 2018), explained that allegations of animus, hostility, or ill-will cannot substitute for actual malice, because actual malice is a subjective awareness of probable falsity, not personal dislike. See also *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 510 (1991) (actual malice should not be confused with the concept of malice in its ordinary sense).

Further, the Florida First District Court of Appeal reaffirmed this requirement in *Mastandrea v. Snow*, No. 1D20-3713 (Fla. 1st DCA Feb. 2, 2022), where the court held that summary judgment was appropriate because the plaintiff, a public figure, failed to present evidence of actual malice. The court expressly declined to reach the remaining elements of the claim because the absence of actual malice was dispositive. This principle is also reflected in See *Berisha v.*

*Lawson*, 141 S. Ct. 2424 (2021), which held that even where defamatory meaning could be inferred, a public-figure plaintiff fails as a matter of law without evidence that the defendant entertained serious doubts about truthfulness.

In sum, the actual-malice standard is a constitutional threshold that applies before any discussion of damages or classification as per se or per quod arises. Because Plaintiff does not (and cannot) establish actual malice, her defamation per se theory cannot proceed as a matter of law.

## II. **Florida No Longer Recognizes Presumed Damages for Defamation Per Se in Actions Against Media Defendants**

Plaintiff's memorandum rests on the premise that, because she labels her claim "defamation per se," the law automatically presumes general damages such as reputational harm, humiliation, and emotional distress. However, presumed damages in defamation per se cases was expressly curtailed by the Florida Supreme Court in *Mid-Florida Television Co. v. Boyles*, 467 So. 2d 282 (Fla. 1985), which held that Florida no longer recognizes presumed damages for defamation per se in lawsuits against media defendants.

Plaintiff Megan Pete is a public figure. Her career, her sexually explicit lyrics, and her very public persona place her at the forefront of public discourse. The statements at issue concerning her conduct in a highly publicized legal case and her personal relationships are unquestionably matters of public concern.

For the purposes of this motion and consistent with First Amendment principles, the Defendant, as a blogger and commentator on matters of public interest, functions as a member of the "media." The protections established in *Boyles* are functional, not institutional, and apply to those who engage in public commentary on newsworthy events.

In *Boyles*, the Court rejected the common-law rule that presumed damages flow automatically from defamatory statements categorized as defamatory per se. The Court held

instead that the First Amendment requires courts to scrutinize damages in defamation cases involving matters of public concern and statements disseminated by media defendants.

Specifically, the Court explained that the common law rule permitting recovery of presumed damages in libel actions is incompatible with First Amendment protections where the defamatory statements involve matters of public concern and the defendant is a media publisher. *Boyles*, 467 So. 2d at 284–85.

Thus, after *Boyles*, Florida no longer recognizes presumed damages in defamation per se claims against media defendants, unless the plaintiff first proves actual malice. And even where actual malice is shown, Florida courts require competent evidence of resulting injury; damages are not presumed by virtue of the per se label.

Florida courts and federal courts applying Florida law continue to cite *Boyles* as good law. See, *Reed v. Chamblee*, No. 24-10058, slip op. at 6–7 (11th Cir. July 8, 2025) (public-figure plaintiff must plead and prove actual malice, and may not rely on conclusory allegations of harm).

None of the decisions in Plaintiff's Memorandum override *Boyles*; none are issued by the Florida Supreme Court; and none establish that a public figure may recover presumed damages in a defamation per se action without meeting the First Amendment's actual-malice requirement. In fact, several of these cases simply address pleading sufficiency at the motion-to-dismiss stage—not entitlement to damages at trial. Moreover, *Block v. Matesic*, 789 F. Supp. 3d 1131 (S.D. Fla. 2025), involved multiple defendants and allegations of coordinated publication, making it factually inapposite to the present action, where Plaintiff alleges statements by a single defendant.

The only Florida authority capable of controlling the question of presumed damages in defamation per se cases is the Florida Supreme Court, and that authority holds against Plaintiff's position. Neither *Lawnwood Medical Center v. Sadow*, 43 So. 3d 710 (Fla. 4th DCA 2010), nor

*Materio*, nor the federal cases cited by Plaintiff, overrule or limit *Boyles*. *Lawnwood* itself acknowledges it is applying the traditional per se framework outside the media-defendant and public-figure context. Here, however, Plaintiff is both a public figure, and the challenged statements were made by the Defendant in the media/public discourse context, placing this case squarely within the constitutional constraints articulated in *Boyles* and *Sullivan*. As per Ehrlich J. in Boyles, to avoid confusion, an attorney should avoid the use of the term *per se*, and instead, spell out that defamation is clear on it's face if circumstances so dictate.

Accordingly, Plaintiff may not rely on any presumption of damages, and must instead present competent proof of actual injury, after first establishing actual malice by clear and convincing evidence.

Plaintiff's memorandum, which proceeds as though presumed damages simply attach automatically, therefore does not address the gap in the governing law, and does not entitle Plaintiff to damages where Plaintiff is a public figure, and the defendant is a media defendant.

For these reasons, Defendant respectfully requests that this Court: (1) Acknowledge that *Mid-Florida Television Co. v. Boyles* remains controlling law and prohibits the presumption of damages in this case; (2) Hold that Plaintiff, as a public figure, must prove actual malice and actual damages through competent evidence at trial; and (3) Reject Plaintiff's request for a defamation per se jury instruction that would improperly suggest damages may be presumed, and instead instruct the jury that Plaintiff bears the burden of proving every element of her defamation claim, including actual harm to her reputation.

**Respectfully submitted,**

/s/Ronda R. Dixon
Ronda Dixon Pro hac Vice
Dixon Justice Center, APC
400 Corporate Pointe, Suite 300
Culver City, CA 90230
323-641-2731
ronda@dixonjusticecenter.com
*Counsel for Defendant Milagro Elizabeth Cooper*
Dated: November 10, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2025, a true and correct copy of the foregoing "Defendant's Memorandum of Law in Opposition to Plaintiff's Memorandum on Defamation Per Se" was filed electronically through the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

/s/Ronda R. Dixon
Ronda Dixon Pro hac Vice
Dixon Justice Center, APC