**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

MEGAN PETE, an individual,

*Plaintiff,*   Civil Action No. 1:24-CV-24228-CMA

v.

MILAGRO ELIZABETH COOPER,
an individual,

*Defendant.*
_____

**MEMORANDUM OF LAW REGARDING DEFENDANT'S NON-MEDIA STATUS**

The Court has already concluded that the Defendant is not a media defendant. *See* ECF No. 36, Order on Motion to Dismiss, at 6 ("Based on Plaintiff's well-pleaded allegations, the Court concludes she [Defendant] does not [qualify as a media defendant]."). In the Motion to Dismiss the Amended Complaint, Defendant argued that she was a media defendant and was therefore entitled to pre-suit notice as a jurisdictional pre-requisite to being sued. ECF No. 30 at 2-3. The Court rejected that argument finding that she did not advance sufficient facts to prove her status as a media defendant. ECF No. 36 at 7 n.6 ("Because the media defendant issue relates to the Court's jurisdiction, Defendant could have introduced evidence to establish that status – but she does not argue the appendices serve that purpose."). If the Court had found her to be a media defendant, the court would have lacked jurisdiction to hear the case. *See Rendon v. Bloomberg*, 2025 WL 1482420, at *7 (11th Cir. May 23, 2025) (stating that pre-suit notice is a procedural bar and a question of jurisdiction).

Nothing has changed since the Court's Order on the Defendant's Motion to Dismiss.[1] Defendant has not proffered or pre-admitted any evidence suggesting that she is a journalist and should be treated as such, nor can she. Any contentions the Defendant raises now at this late stage about being a media defendant should be rejected.[2]

Even if the Court were to search the record today, the facts still show Defendant fails to qualify as a media defendant. To determine whether a defendant qualifies as a media defendant, courts look at the defendant's function. As Judge King stated, "[t]he function of the media is to inform and to initiate uninhibited, robust, and wide-open debate on public issues." *Ortega Trujillo v. Banco Cent. Del Ecuador*, 17 F. Supp. 2d 1334, 1338 (S.D. Fla. 1998) (internal quotation marks omitted) (citations omitted). In *Ortega*, the Court found that a public relations firm was *not* a media defendant because it "does not impartially disseminate information" or "issue unsolicited, disinterested and neutral commentary as to matters of public interest, or to editorialize as to matters of public interest without being commissioned to do so by its clients." *Id.* In the same way, Defendant is *not* a media defendant and has said so herself:

---

[1] Of course, Defendant was not waiting on any discovery from Plaintiff to make a showing as to why Defendant should be considered a media defendant. Any relevant evidence—to the extent it exists—has always been within her custody or control and therefore should have been advanced at the motion to dismiss stage.

[2] Whether Ms. Cooper is a "media defendant" is a gating issue that determines which instructions the jury receives. In other words, it is a question of law for the Court. *See In re Standard Jury Instructions In Civ. Cases-Rep. No. 09-01 (Reorganization of the Civ. Jury Instructions)*, 35 So. 3d 666, 733 (Fla. 2010) ("Status issues determining the choice of instructions [related to public figure, media defendants, and non-media defendants] are commonly decided as a matter of law, and therefore are omitted from these instructions."). Indeed, courts routinely decide whether a defendant is a media defendant as a matter of law at both the motion to dismiss and summary judgment stages of a case. *See Mazur v. Ospina Baraya*, 275 So. 3d 812 (Fla. 2d DCA 2019) (denying petition for writ of certiorari after circuit court found defendants were not media defendants); *Five for Ent. S.A. v. Rodriguez*, 877 F. Supp. 2d 1321 (S.D. Fla. 2012) (denying motion to dismiss and finding defendants did not qualify as a media defendants); *McQueen v. Baskin*, 377 So. 3d 170 (Fla. 2d DCA 2023) (reversing trial court's finding on motion to dismiss/summary judgment that defendant was a media defendant).

Ms. Cooper: Everything is not meant to be a news report. I did not tell anybody I was a reporter. P's Trial Exhibit 262 (Oct. 29, 2024 Livestream);

Ms. Cooper: I ain't never told you I went to school for journalism. What fucking article did I write? That I posted and said, y'all read this? What the fuck are y'all talking about? I don't think I'm anything, but I know I'm the person that gets under y'alls skin. . . You don't need to be a journalist to see something and give an opinion about it. So my whole thing is, if I'm not trying to be a journalist, and you know I'm not, what the fuck you mad about? Because I shouldn't be regarded as a news source any damn way." P's Trial Exhibit 267 (Oct. 29, 2024 Livestream).

Defendant also stated during deposition, "I do not know [the ethics of journalism]. I don't have a background in that, and I'm not aware." Cooper Vol. I Dep. Tr. 217:21–22, July 21, 2025.

Defendant's function has never been to impartially disseminate information or inform on matters of public interest. Rather, Defendant's spread of misinformation, charged commentary on matters that lack a connection with the public interest (such as Ms. Pete's alleged mental status or family background), and evidence of Defendant being commissioned by the Petersons to publish her statements all underscore Defendant's non-media status.

Ahead of trial, the Court should conclusively hold that the Defendant is indeed a non-media defendant.

| | |
|---|---|
| Dated: November 12, 2025 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | |
| | */s/ Daniel L. Humphrey* |
| Mari F. Henderson (pro hac vice) | John O'Sullivan (Fla. Bar No. 143154) |
| Marie Hayrapetian (pro hac vice) | Daniel L. Humphrey (Fla. Bar No. 1024695) |
| marihenderson@quinnemanuel.com | johnosullivan@quinnemanuel.com |
| mariehayrapetian@quinnemanuel.com | danielhumphrey@quinnemanuel.com |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 865 South Figueroa Street, 10th Floor | 2601 S. Bayshore Dr., Suite 1500 |
| Los Angeles, CA 90017 | Miami, FL 33133 |
| (213) 443-3000 | (305) 402-4880 |
| | |
| | Joanna E. Menillo (pro hac vice) |
| | Stephanie Kelemen (pro hac vice) |
| | joannamenillo@quinnemanuel.com |
| | stephaniekelemen@quinnemanuel.com |
| | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | 295 Fifth Avenue |
| | New York, NY 10016 |
| | (212) 849-7000 |
| | |
| | *Attorneys for Plaintiff Megan Pete* |

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2025, I caused a true and correct copy of this Memorandum of Law to be filed using CM/ECF which caused a true and correct copy to be served on all counsel of record.

*/s/ Daniel L. Humphrey*

Daniel L. Humphrey