UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MEGAN PETE, an individual,

*Plaintiff,*                                                      Civil Action No. 1:24-CV-24228-CMA

v.

MILAGRO ELIZABETH COOPER,
an individual,

*Defendant.*

## MEMORANDUM OF LAW REGARDING SINGLE PUBLICATION RULE

The Court should reject Defendant's attempt to shoehorn a single-publication rule challenge into the jury instructions where its application fails because: (i) the Intentional Infliction of Emotional Distress ("IIED") claim is based on facts independent of the defamation claim, (ii) no defamation claim has failed in this case, and (iii) the rule does not constitute a proper affirmative defense and is instead a rule of pleading.

Plaintiff's IIED claim sets forth "an independent tort for the recovery of damages for emotional distress." *Klayman v. Judicial Watch, Inc.*, 22 F. Supp. 3d 1240, 1256 (S.D. Fla. 2014) (internal citation omitted). Plaintiff's IIED claim is not premised solely upon a single defamatory statement or even a series of defamatory statements. Instead, Cooper's conduct went well beyond defamatory statements amounting to persistent targeting, harassment, and emotional bullying over an multi-year period. The IIED claim is pled upon independent facts involving coordinated attacks and intimidation tactics buttressed by coordination with the Petersons to portray Plaintiff as an unreliable witness while promoting Defendant as an unbiased source. At the same time, Defendant knew of Plaintiff's psychological vulnerabilities because she attended every day of Mr. Peterson's

1

trial.  Further, Defendant promoted and spread a deepfake pornographic video of Plaintiff.  In fact, this combination of independent allegations was the basis for the Court denying dismissal of this claim at the motion to dismiss stage.  *See* ECF No. 36 at 20 ("Taken in isolation, any one of these allegations might not suffice.  But taken together, and against the backdrop of Plaintiff's alleged trauma – including suicidal thoughts following the shooting – the conduct plausibly rises to the level of extreme and outrageous."); *see also Brown v. Suncoast Beverage Sales, LLP*, 2010 WL 555675, at *3 (M.D. Fla. Feb. 10, 2010) (permitting plaintiff's claim for intentional infliction of emotional distress to proceed because it did not solely rely on the defamation claim when the complaint included allegations of race discrimination, wrongful termination, and unequal treatment).

Further, no defamation claims have failed in this case.  "By definition, however, the single action rule[1] applies only in context of *failed* defamation claims.  The rule does not apply where a plaintiff pleads a proper defamation claim joined by other, proper alternative claims such as conspiracy to commit defamation." *Petricca v. Saxony Condo. Assoc., Inc.*, 2024 WL 5683535, at *10 (S.D. Fla. Sept. 25, 2024; *see also Block v. Mastesic*, . 2023 WL 3816693, at *6 (S.D. Fla. June 5, 2023) (finding where a defamation claim has not failed, the single publication rule has not been triggered).  In fact, Florida appellate courts have only ever applied the single publication rule in cases where the underlying defamation claims failed. *Block*, 2023 WL 3816693 at *6 n.5.  No

---

[1] The rule is often referred to both as the single action rule or the single publication rule. *See Ovadia v. Bloom*, 756 So. 2d 137, 141 (Fla. 3d DCA 2000) (referring to the rule as the "single publication/single action rule").

defamation claims have failed here and the Court found on the motion to dismiss they were all well pled.

Even if the Court does not now find that combination of sufficiently pled allegations overcomes application of the single publication rule, the rule is still not applicable as an affirmative defense. Instead, an affirmative defense "raises matters extraneous to the plaintiff's *prima facie* case. . ." *In re Rawson Food Serv., Inc.*, 846 F. 2d 1343, 1349 (11th Cir. 1988). Defendant has advanced no "extraneous matter" that would suggest the claim is based on a single publication. Instead of being an affirmative defense, the single publication rule is a rule of pleading. Courts routinely strike failures of pleadings when a defendant attempts to recast such purported failures as an "affirmative defense." *See Long v. Baker*, 37 F. Supp. 3d 1243, 1246 (M.D. Fla. 2014); *U.S. v. Halifax. Hosp. Medical Center*, 2013 WL 6017329 (M.D. Fla. Nov. 13, 2013).

Accordingly, Plaintiff respectfully requests that the Court decline to include an instruction on the single publication rule because Defendant waived the right to assert it and it is inapplicable because the Court has found Plaintiff's defamation *per se* claim is already legally sufficient.

| | |
|---|---|
| Dated: November 13, 2025 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | |
| | */s/ Daniel L. Humphrey* |
| Mari F. Henderson (pro hac vice) | John O'Sullivan (Fla. Bar No. 143154) |
| Marie Hayrapetian (pro hac vice) | Daniel L. Humphrey (Fla. Bar No. 1024695) |
| marihenderson@quinnemanuel.com | johnosullivan@quinnemanuel.com |
| mariehayrapetian@quinnemanuel.com | danielhumphrey@quinnemanuel.com |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 865 South Figueroa Street, 10th Floor | 2601 S. Bayshore Dr., Suite 1500 |
| Los Angeles, California 90017-2543 | Miami, FL 33133 |
| (213) 443-3000 | (305) 402-4880 |
| | |
| | Joanna E. Menillo (pro hac vice) |
| | Stephanie Kelemen (pro hac vice) |
| | joannamenillo@quinnemanuel.com |
| | stephaniekelemen@quinnemanuel.com |
| | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | 295 Fifth Avenue |
| | New York, New York 10010 |
| | (212) 849-7050 |
| | |
| | *Attorneys for Plaintiff Megan Pete* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this November 13, 2025, I filed the above memorandum using the Court's CM/ECF filing system which caused a copy to be served on all counsel of record.

| | |
|---|---|
| Dated: November 13, 2025 | /s/ *Daniel L. Humphrey* |
| | Daniel L. Humphrey |

4