UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MEGAN PETE, an individual,

*Plaintiff,*  Civil Action No. 1:24-CV-24228-CMA

v.

MILAGRO ELIZABETH COOPER,
an individual,

*Defendant.*

_____

**MEMORANDUM OF LAW REGARDING
TRIAL EXHIBITS FOR DANIEL KINNEY'S TESTIMONY**

Plaintiff respectfully requests the Court admit the email exhibits (P-207, 210, 212, and 216-19) (the "Email Exhibits") that will accompany the testimony of Daniel Kinney, Senior Vice President of Branding and Strategic Partnerships at Roc Nation.[1]

**I.    THE EXHIBITS ARE ADMISSIBLE AS BUSINESS RECORDS**

The Email Exhibits are admissible in evidence because they are business records. *See* Fed. R. Evid. 803(6). A document is admissible under the business-records exception if the proponent can establish that: (1) it was made at or near the time of an event by someone with knowledge, (2) if it was kept in the regular course of business, (3) it was the organization's regular practice to make such a record, (4) a qualified witness is able to testify to these facts, and (5) the opponent of the document does not show a lack of trustworthiness. *Braggs v. Dunn*, 2017 WL 426875, at *3

---

[1] At the November 10, 2025 pretrial conference, Plaintiff's counsel also referenced potential unexecuted contracts (P-205, P-220, and P-222) in their discussion with the Court on the trial exhibits for Mr. Kinney. At this time, Plaintiff does not intend to introduce the unexecuted contracts into evidence, but reserves her right to pending developments at trial.

1

(M.D. Ala. Jan. 31, 2017) (finding employee emails are admissible business record exceptions). For this exception to apply, "all persons involved in the process must be acting in the regular course of business—otherwise an essential link in the trustworthiness chain is missing." *Equity Lifestyle Props., Inc. v. Fla. Mowing And Landscaping Serv., Inc.*, 556 F.3d 1232, 1244 (11th Cir. 2009) (quoting *T. Harris Young & Assocs., Inc. v. Marquette Elecs., Inc.*, 931 F.2d 816, 828 (11th Cir. 1991)).

Courts have found that emails constitute business records under Rule 803(6). *See United States v. Parnell*, 2015 WL 3447250, at *7-9 (M.D. Ga. May 28, 2015); *see also Braggs*, 2017 WL 426875, at *3 (M.D. Ala. Jan. 31, 2017). For instance, in *Parnell*, the court admitted emails introduced by qualified witnesses, while noting that "emails should not be treated any differently than any other business record for the purposes of Rule 803(6)." *Id.* at *9.

The Court should adopt the approaches of *Parnell* and *Braggs* to find that the emails here constitute business records. Kinney has personal knowledge of the emails he plans to testify to—he is a recipient or sender on each email chain negotiating Plaintiff's potential brand partnerships—making him the most credible witness to testify to their contents. Plaintiff expects Kinney to lay the proper foundation under Rule 803(6) by testifying about: (1) his position at Roc Nation and his experience negotiating deals for artists such as Plaintiff; (2) the method of said negotiations in the "regular course of business;" and (3) his practice to retain all records between Roc Nation and other companies in the course of those negotiations. Furthermore, Kinney is expected to testify that all of the emails were exchanged by individuals working in the course of business. It is Defendant's burden to prove that the records lack trustworthiness; she cannot.

## II.   THE EXHIBITS ARE RELEVANT

The Email Exhibits are probative of Ms. Pete's claim for damages. *See* Fed. R. Evid. 401. Courts have consistently upheld jury determinations of emotional distress evidenced by lost

business opportunities. *See Williams v. MMO Behav. Health Sys., L.L.C.*, 818 F.App'x 355, 360 (5th Cir. 2020) (affirming jury award for defamation and emotional distress damages where plaintiff had difficulty finding work after defamatory conduct). Central to Ms. Pete's case are the emotional damages suffered as a result of Ms. Cooper's defamatory statements, the coordinated social media campaign with Daystar and Sonstar Peterson, and the promotion of the June 8, 2024 deepfake porn video. Ms. Pete thus seeks to introduce evidence and testimony concerning brand deals with companies including Activision, Google, Just Eat Takeaway, and the US Soccer Federation. These were career-amplifying opportunities that were available to Ms. Pete, but she could not capitalize on, as she was unable to be fully present in her career because of Ms. Cooper's ongoing campaign of harassment that persisted for years. For the jury to fully appreciate Ms. Pete's damages, Mr. Kinney should be permitted to testify about these deals, with the support of contemporaneous proof of their value, and why they did not come to fruition.

For the reasons set forth, Plaintiff respectfully requests the email exhibits (P-207, 210, 212, and 216-219) for Mr. Kinney's testimony be admitted as business records.

| | |
|---|---|
| Dated:  November 16, 2025 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | |
| | */s/ Daniel L. Humphrey* |
| Mari F. Henderson (pro hac vice) | John O'Sullivan (Fla. Bar No. 143154) |
| Marie Hayrapetian (pro hac vice) | Daniel L. Humphrey (Fla. Bar No. 1024695) |
| marihenderson@quinnemanuel.com | johnosullivan@quinnemanuel.com |
| mariehayrapetian@quinnemanuel.com | danielhumphrey@quinnemanuel.com |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 865 South Figueroa Street, 10th Floor | 2601 S. Bayshore Dr., Suite 1500 |
| Los Angeles, California 90017-2543 | Miami, FL 33133 |
| (213) 443-3000 | (305) 402-4880 |
| | |
| | Joanna E. Menillo (pro hac vice) |
| | Stephanie Kelemen (pro hac vice) |
| | joannamenillo@quinnemanuel.com |
| | stephaniekelemen@quinnemanuel.com |
| | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | 295 Fifth Avenue |
| | New York, New York 10010 |
| | (212) 849-7050 |
| | |
| | *Attorneys for Plaintiff Megan Pete* |

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on this November 16, 2025, I filed the above memorandum using the Court's CM/ECF filing system which caused a copy to be served on all counsel of record.

Dated: November 16, 2025                  /s/ *Daniel L. Humphrey*
                                                           Daniel L. Humphrey