UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 24-24228-CIV-ALTONAGA

MEGAN PETE, an individual

    *Plaintiff,*

v.

MILAGRO ELIZABETH COOPER,
an individual,

    *Defendant.*

_____/

## DEFENDANT'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S MEMORANDUM OF LAW REGARDING NON MEDIA STATUS

Defendant, Milagro Elizabeth Cooper ("Ms. Cooper"), by and through her undersigned counsel, respectfully submits this Memorandum of Law in opposition to Plaintiff Megan Pete's ("Ms. Pete") memorandum of law regarding non media status. (Dkt. 183). In support, Ms. Cooper states the following:

### INTRODUCTION

At the core of this defamation action is the right to criticize public actors and discuss matters of public controversy. Ms. Pete, known professionally as Megan Thee Stallion, is a Grammy-winning hip-hop artist whose involvement in the highly publicized criminal trial of Daystar Peterson (Tory Lanez) sparked widespread discourse concerning race, gender, celebrity, and credibility in the justice system. Ms. Cooper, an online personality and commentator, contributed to that discourse. In doing so, she engaged with a matter of indisputable public concern. By her own actions and through her

deliberate presence in the media surrounding this case, Ms. Cooper is at least a limited purpose public figure, and certainly a media Defendant, and, as such, Ms. Pete was required to provide pre-suit notice to Ms. Cooper pursuant to Florida Statutes § 770.01. Plaintiff relies on the Court's Order Denying Defendant's Motion to Dismiss and its previous ruling that Ms. Cooper is not a media Defendant to support its position. For purposes of the Motions to Dismiss, the Court must construe, and did construe, the facts in the light most favorable to the Plaintiff, accepting all facts alleged on the face of their complaint as true. The Court must undergo a new analysis at this stage of the proceeding. The analysis at this stage yields a different result.

## MATERIAL FACTS

Ms. Cooper has a contract with Stationhead for her trademarked online radio station "Mobz Radio." Stationhead is a radio platform where contracted radio personalities host their own live radio shows. Ms. Cooper's trademarked online host name is "Milagro Gramz." Ms. Cooper's contract with Stationhead has required her to host her show five days a week for five hours a day since 2021. During this time, Ms. Cooper interviews guests including Nick Minaj, Bia, and Judge Joe Brown. Prior to that, she was a guest host on a popular online panel discussion styled talk show called "On-Site" hosted by Rashidah Ali, star of a popular reality show Love and Hip Hop. Ms. Cooper also moderated her own gossip column called "Messy Mondays" which was featured on On-Site's official Instagram page. At that time, On-Site's Instagram page had over 1 million followers. Ms. Cooper has also been featured on a Home Box Office

(hereinafter "HBO") two-part series as a commentator. Ms. Cooper has also been a guest commentator on Nicki Minaj's radio station "Queen Radio".

Ms. Cooper has operated her own radio station talk show as a career to feed her family since 2021. She is paid just under a six-figure salary as an independent contractor for Stationhead. She has no other source of income not related to media hosting.

## LEGAL STANDARD

Under Florida law, media defendants are entitled to the procedural protections of Florida Statutes § 770.01, which requires pre-suit written notice before a defamation action may be maintained. The purpose of the statute is to afford media defendants an opportunity to issue a retraction and avoid litigation. *See Ross v. Gore*, 48 So. 2d 412, 413 (Fla. 1950); *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1112 (Fla. 2008).

The definition of a "media defendant" is not limited to traditional print or broadcast outlets. Rather, courts evaluate whether the defendant functions as part of the media by disseminating commentary, news, or information to the public. *See Comins v. Vanvoorhis*, 135 So. 3d 545, 560 (Fla. 5th DCA 2014) ("The presuit notice requirement of section 770.01 applies to allegedly defamatory statements made in such a public medium the purpose of which is the free dissemination of news or analytical comment on matters of public concern."); *Mancini v. Personalized Air Conditioning & Heating, Inc.*, 702 So. 2d 1376, 1380 (Fla. 4th DCA 1997) (media defendants are those individuals "engaged in the dissemination of news and information through the news and broadcast media[.]").

Florida courts have specifically recognized that blogs, YouTube channels, podcasts, and other online commentary platforms may qualify as "other media" under section 770.01 when used to engage in public discourse. *See Comins*, 135 So. 3d at 549 (". . . it appears clear that many blogs and bloggers will fall within the broad reach of "media," and if accused of defamatory statements, will qualify as a "media defendant" for purposes of Florida defamation law. . ."); *San Juan Prods. V. River Pools & Spas, Inc.*, No. 8:21-cv-02177, 2023 U.S. Dist. LEXIS 25030, 7 (M.D. Fla. Feb. 14, 2023) ("Some Florida courts have recognized a narrow exception for so called "blogs" which are a modern functional equivalent of traditional news media.")

## ARGUMENT

### I. Ms. Cooper's Media Activities Satisfy the Functional Standard

Ms. Pete contends that Ms. Cooper does not qualify as a media defendant, relying on selective, informal statements made during her livestreams in which she downplays her own role. This argument is misplaced. Florida courts do not determine media defendant status based on a party's subjective labels, disclaimers, or tone, but instead on the speaker's function in disseminating information or commentary to the public. *See Ortega Trujillo v. Banco Central del Ecuador*, 17 F. Supp. 2d 1334, 1338 (S.D. Fla. 1998) (holding that the courts have not limited the protections of section 770.01 to the traditional news media. Rather, the courts have emphasized the function of the speaker or publisher).

More importantly, courts have explicitly recognized that digital content creators, including bloggers and YouTubers, may qualify as media defendants when their platforms are used to comment on public issues. *See Comins*, 135 So. 3d at 549. In *Comins*, the court held that a blogger who posted on both a blog and YouTube channel about a controversial incident was entitled to the protections of section 770.01. The court rejected the notion that only traditional media qualify, concluding: "We see no reason why a blog cannot qualify as 'other medium' under section 770.01." *Id.*

Here, Ms. Cooper plainly satisfies that standard. She operates a trademarked online radio program, *Mobz Radio*, through Stationhead, a digital radio broadcasting platform. Pursuant to her commercial contract, she broadcasts live five hours a day, five days a week, and earns nearly six figures annual for her work.

Her programming covers news, legal controversies, and interviews with public figures such as, Nicki Minaj, Judge Joe Brown, and Bia. She has appeared as a commentator on an HBO documentary series, and was a guest on Queen Radio, a widely known public platform for commentary.

Ms. Cooper previously hosted the "Messy Mondays" segment on the *On-Site* talk show, which aired on an Instagram platform with over one million followers. Her YouTube channel [OfficialMilagroGramz](#) hosts livestreams discussing high-profile trials, celebrity disputes, and public legal issues, and attracting substantial viewership and engagement. Collectively, these platforms are modern media channels, and Ms. Cooper

uses them to editorialize on matters of public concern without private commission or partisan sponsorship.

This is precisely the conduct that Florida courts have found sufficient to invoke media defendant protections. *See Comins*, 135 So. 3d at 549–50 (recognizing blogger with YouTube channel as media defendant where he "engaged in expression on a matter of public concern"); *San Juan Prods. V. River Pools & Spas, Inc.*, 2023 U.S. Dist. LEXIS at *7 (applying § 770.01 to a blogger providing public commentary).

## II. Plaintiff's Characterization of Cooper's Platform Is Inaccurate

Plaintiff attempts to disqualify Ms. Cooper as a media defendant by suggesting she acts only as a "mouthpiece" for another party. That claim is unsupported and irrelevant.

When arguing about whether Ms. Cooper is a media Defendant Plaintiff focuses solely on Ms. Cooper's commentary as it relates to Plaintiff. The analysis should not turn on how Ms. Cooper's comments about Ms. Pete but rather the purpose of her commentary as a whole. Plaintiff incorrectly isolates Ms. Cooper's commentary regarding Plaintiff to argue against Ms. Cooper's media Defendant status. The relevant inquiry is not whether Defendant's views are neutral or sympathetic to the plaintiff, but whether her platform is used for public communication on matters of public interest. *Mancini*, 702 So. 2d at 1380. Here, Ms. Cooper's commentary, among many things, addressed the criminal trial of a well-known celebrity — a case that this Court has already acknowledged raised public concerns related to race, gender, and credibility in the justice

system. (*See* Order, ECF 36 at 3) (noting trial "sparked backlash from parts of the music industry and online supports").

### III. Plaintiff's Failure to Comply with § 770.01 Remains Fatal

As a result of Ms. Cooper's media function, Plaintiff was required to provide written notice under section 770.01 before initiating a defamation action. She did not. Florida courts have consistently held that failure to comply with this condition precedent mandates dismissal. *See Intihar v. Citizens Info. Assocs., LLC*, No. 6:13-cv-1122-Orl-37KRS, 2014 U.S. Dist. LEXIS 27358, at 7 (M.D. Fla. Mar. 4, 2014) ("[f]ailure to comply with such statutory condition, [such as the notice provision of section 770.01], requires dismissal of the complaint for failure to state a cause of action.") (quoting *City of Coconut Creek v. City of Deerfield Beach*, 840 So. 2d 389, 393 (Fla. 4th DCA 2003). Further, where dismissal is not at issue, failure to comply with § 770.01 bars punitive damages. *See Mancini*, 702 So. 2d at 1378 (notice and retraction provisions "grant valuable rights . . . to avoid punitive damages").

### CONCLUSION

Plaintiff's attempt to reclassify Ms. Cooper as a non-media defendant disregards the applicable legal standards and the undisputed record of Ms. Cooper's media-based career. Her daily broadcast schedule, public commentary on matters of national interest, participation in high-profile interviews and programming, and self-managed online platforms all reflect a function squarely within the media protections recognized under Florida law.

Accordingly, Ms. Cooper is a media defendant entitled to the procedural safeguards of Fla. Stat. § 770.01, and Plaintiff's failure to comply with the notice requirements must be acknowledged by this Court in evaluating the remaining claims.

**Respectfully submitted,**

/s/ Jeremy McLymont, Esq.
AsiliA Law Firm, P.A.
33 SW 2nd Ave. Ste. 1100
Miami, FL 33130
Tel. (786) 420.3014
Jeremy@asilialaw.com
Florida Bar No.1010776
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of November 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Jeremy McLymont
Jeremy McLymont, Esq.
Florida Bar No. 1010776