**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

MEGAN PETE,

                        Plaintiff,

         -against-

MILAGRO ELIZABETH COOPER,

                     Defendant.

Civil Action No.: 1:24-CV-24228-CMA

## MOTION FOR SANCTIONS FOR VIOLATIONS OF ORDER GOVERNING PRETRIAL PUBLICITY

Defendant, Milagro Elizabeth Cooper ("Ms. Cooper"), by and through her undersigned counsel, respectfully submits this Motion for Sanctions as the Plaintiff, Megan Pete ("Ms. Pete") violated Hon. Lisette M. Reid's Order Governing Pretrial Publicity dated June 10, 2025, pursuant to Fed. R. Civ. Pro. 70(e). The Defendant seeks the opportunity to cross-examine Ms. Pete about her violation of the Order at trial, an adverse jury instruction and reasonable attorneys' fees. In support of this motion, Ms. Cooper states the following:

1. On June 10, 2025, Hon. Lisette M. Reid ordered that while this case is pending neither the Plaintiff nor Defendant, nor anyone acting on either party's behalf, shall discuss this case, or any witness in this case in any public forum or manner, including without limitation **any media interview**, and **any press conference, livestream, or media appearance**. (Dkt. No. 86).

2. On Thursday, November 20, 2025, while leaving this Court, Ms. Pete was asked "Megan, what do you want other bloggers to know about their behavior online?". Ms. Pete then publicly replied "Umm…just because you have freedom of speech does not

mean that you have freedom to bully!" The video can be found at the following link: https://x.com/meghanncuniff/status/1991640084311921064?s=46 .

3. On the same evening, Ms. Cooper received threatening and intimidating direct messages via social media in reference to this case including the Instagram messages below:




4. On Friday, November 21, 2025, while entering this Court the next morning, Ms. Pete was asked, "What kind of message do you hope that this lawsuit sends?". Ms. Pete then responded, "Umm that you just cannot get away with bullying and defaming people!".

The     video     can     be     found     at     the     following     link:
https://x.com/isareports/status/1991851093144265078?s=46 .

5.  Ms. Pete's comments have reasonably interfered with the fairness of this trial and have

    prejudiced the due administration of justice.

6.  On October 9, 2025, Hon. Lisette M. Reid granted Plaintiff's *ore tenus* Motion for

    Spoliation Sanctions and found that the Plaintiff was entitled to an adverse inference

    jury instruction after the Court found that the Ms. Cooper disobeyed instructions to

    preserve electronically stored information including text messages.

7.  Here, Ms. Cooper seeks a similar adverse instruction.

8.  Ms. Cooper requests that the jurors be instructed as to the following:

    > During the pendency of this case, Ms. Pete and her attorneys
    > requested a court order prohibiting both parties to this lawsuit, and
    > everyone acting on both parties' behalf from discussing the other
    > party, the case or any witness in this case in any public forum or
    > manner, including without limitation any media interview, and any
    > press conference, livestream, or media appearance.

    > On June 10, 2025, this Court granted Plaintiff's motion and ordered
    > that both Megan Pete, Milagro Cooper and everyone acting on both
    > parties' behalf were prohibited from discussing the other party, the
    > case or any witness in this case in any public forum or manner,
    > including without limitation any media interview, and any press
    > conference, livestream, or media appearance.

    > Despite being informed of this court order and her underlying legal
    > obligations, Ms. Pete publicly violated this Court's order on both
    > November 20, 2025, and November 21, 2025, by speaking to the
    > media about this case. By speaking to the media, Ms. Pete intended
    > to prejudice Ms. Cooper's right to a fair trial and influence the
    > outcome of this trial. You are to disregard any media coverage of Ms.
    > Pete's statements to the media.

9.  Additionally, during this trial, Plaintiff's counsel was given wide latitude to question

    Ms. Cooper about her violation of the Plaintiff's preservation letter and the subsequent

Court ruling, despite objections from Defense counsel. Defense counsel seeks to do the same.

**WHEREFORE**, for the foregoing reasons, Defendant Milagro Cooper, requests that this Court order the Plaintiff, Megan Pete, to be held in **CONTEMPT OF COURT.** The Defendant seeks the opportunity to cross-examine the witness about her violations of the Court's Order Governing Pretrial Publicity at trial, adverse jury instructions, reasonable attorneys' fees, and for such other further relief as this Court deems proper and just.

Dated: Miami, Florida
        November 24, 2025

**Respectfully submitted,**

/s/ Jeremy McLymont, Esq.
AsiliA Law Firm, P.A.
33 SW 2nd Ave. Ste. 1100
Miami, FL 33130
Tel. (786) 420.3014
Jeremy@asilialaw.com
Florida Bar No.1010776

/s/ Laisa Pertet, Esq.
AsiliA Law Firm, P.A.
33 SW 2nd Ave. Ste. 1100
Miami, FL 33130
Tel. (347) 391-6416
Laisa@asilialaw.com
Florida Bar No. 1002544

/s/ Nathacha Bien-Aimé, Esq.
Bien-Aimé Law Firm, PLLC
14681 Biscayne Blvd.; #102
North Miami Beach, FL 33181
Tel. (954) 686-2446 Ext. 103
Nathacha@bienaime-law.com
Florida Bar No. 1015808

*Attorneys for Defendant*

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby that counsel for the movant has conferred with all parties or nonparties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues  but have been unable to resolve this issue.


/s/ Laisa Pertet, Esq._____

AsiliA Law Firm, P.A.

*Attorney for Movant Defendant*