**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

MEGAN PETE, an individual,

*Plaintiff,*

                                                  Civil Action No. 1:24-CV-24228-CMA

v.

MILAGRO ELIZABETH COOPER,
an individual,

*Defendant.*

_____

**JOINT [PROPOSED] JURY INSTRUCTIONS**

      Pursuant to the Court's Case Management and Scheduling Order (Dkt. 62), Plaintiff Megan Pete ("Ms. Pete") and Defendant Milagro Elizabeth Cooper ("Ms. Cooper") respectfully submit their proposed jury instructions.

      The parties respectfully reserve the right to amend their jury instructions prior to the time it is given to the jury, depending on the evidence received at trial, the Court's rulings, or any other factors that preclude a definitive submission at this time.

1

Dated: November 25, 2025

*s/ Daniel Humphrey*

John O'Sullivan (Fla. Bar No. 143154)
Daniel L. Humphrey (Fla. Bar No. 1024695)
johnosullivan@quinnemanuel.com
danielhumphrey@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
2601 South Bayshore Drive, Suite 1500
Miami, FL 33133
(305) 402-4880

Mari F. Henderson (pro hac vice)
Marie Hayrapetian (pro hac vice)
Bomie Lee (pro hac vice)
Julian T. Schoen (pro hac vice)
marihenderson@quinnemanuel.com
mariehayrapetian@quinnemanuel.com
bomielee@quinnemanuel.com
julianschoen@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

Joanna E. Menillo (pro hac vice)
joannamenillo@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 Fifth Avenue
New York, NY 10016
(212) 849-7000

*Attorneys for Plaintiff Megan Pete*

*s/ Jeremy McLymont*

Jeremy McLymont (Fla. Bar No. 1010776)
jeremy@asilialaw.com
ASILIA LAW FIRM, PA
33 SW 2nd Ave. Ste. 1100
Miami, FL 33130
(786) 420-3014

Ronda Dixon (pro hac vice)
ronda@dixonjusticecenter.com
DIXON JUSTICE CENTER, APC
400 Corporate Pointe, Suite 300
Culver City, CA 90230
(323) 641-2731

*Attorneys for Defendant Milagro Cooper*

**INSTRUCTION NO. 1**

**1.1 GENERAL PRELIMINARY INSTRUCTION**

Members of the jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

<u>What is evidence</u>:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

3

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence—this is also called "striking" evidence—and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case. I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses</u>:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case</u>:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Ms. Megan Pete—professionally known as Megan thee Stallion—claims the Defendant, Ms. Milagro Cooper—also known as Milagro Gramz—defamed her by falsely accusing her of committing the crime of perjury.  Second, Ms. Pete alleges that Ms. Cooper promoted a deepfake pornographic video of Ms. Pete, despite reasonably knowing that the visual depiction was artificially created.  Third, Ms. Pete claims that Ms. Cooper intentionally engaged in extreme and outrageous conduct by coordinating with Daystar Peterson—the man convicted of

5

shooting Ms. Pete—Mr. Peterson's father, and Mr. Peterson's attorneys to promote and disseminate hateful, derogatory, and malicious statements about Ms. Pete to discredit her as a victim and witness against Mr. Peterson during the course of his criminal trial and subsequent appeal and promote the deepfake pornographic video, which caused her severe emotional distress. Fourth, Ms. Pete claims that Ms. Cooper engaged in cyberstalking by engaging in this behavior through electronic means.

Cooper denies all allegations and any coordination with Mr. Peterson, describing herself as a social-media commentator sharing opinions within the hip-hop community; she acknowledges questioning Pete's credibility but maintains that any public criticism stems from Pete's own actions and statements, not from Cooper's conduct.

Burden of proof:

There are certain claims and elements that Ms. Pete has the burden of proving her case by what the law calls a "preponderance of the evidence." That means Ms. Pete must prove that, in light of all the evidence, what she claims is more likely true than not. So, if you could put the evidence favoring Ms. Pete and the evidence favoring Ms. Cooper on opposite sides of balancing scales, Ms. Pete needs to make the scales tip to her side. If Ms. Pete fails to meet this burden, you must find in favor of Ms. Cooper.

To decide whether any fact has been proved by a preponderance of the evidence, you may—unless I instruct you otherwise—consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

There are other elements that Ms. Pete will have the burden of proving her case by what the law calls "clear and convincing evidence." Clear and convincing evidence is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain. The court will tell you when to apply this standard.

On certain issues, called "affirmative defenses," Ms. Cooper has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Ms. Cooper must prove for any affirmative defense. After considering all the evidence, if you decide that Ms. Cooper has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

<u>Conduct of the jury</u>:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything—all the evidence, the lawyers' closing arguments, and my instructions on the law—before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter. You

may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom.

It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair—no one else is so qualified.

<u>Taking notes</u>:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

<u>Course of the trial</u>:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Ms. Pete will present her witnesses and ask them questions. After Ms. Pete questions the witness, Ms. Cooper may ask the witness questions—this is called "cross-examining" the witness. Then Ms. Cooper will present her witnesses, and Ms. Pete may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

<u>Source</u>: Eleventh Circuit Pattern Jury Instructions § 1.1 (2024)

**INSTRUCTION NO. 2**

**DELETION OF EVIDENCE**

A party to a lawsuit, such as the Defendant, has a legal duty to retain and preserve paper and electronic communications and other documents that concern the case.  This includes, among other things, all electronically stored information in one's possession, custody, or control such as emails, text messages, and other communications stored on applications on one's phone, computer, or in the cloud.

The day before Plaintiff filed this lawsuit, her attorneys formally notified Defendant that Plaintiff was going to file the case and that she had these retention and preservation duties.

Despite this written notice, and these underlying legal duties, Defendant deleted thousands of text messages and removed the WhatsApp app from her phone that potentially contained messages and chats.

In reaching your verdict, you should assume and infer that Defendant intended to deprive Plaintiff of the evidence in the deleted messages and chats, that at least some of the deleted messages related to the claims in this case and were about Plaintiff, and that these deleted messages were unfavorable to Defendant.

Source: Spoliation Order (Dkt. No. 152) at 35.

**INSTRUCTION NO. 3**

**1.2 BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE**

Sometimes a party has the burden of proving a claim or defense by clear and convincing evidence. This is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain. The court will tell you when to apply this standard.

Source: Eleventh Circuit Pattern Jury Instructions § 1.2 (2024)

**INSTRUCTION NO. 4**

**2.2 USE OF DEPOSITIONS**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of Ceasar McDowell, taken on July 25, 2025 and November 13, 2025; Sonstar Peterson, taken on April 4, 2025 and April 7, 2025; Daystar Peterson (also known as Tory Lanez) taken on April 9, 2025 and November 14, 2025; Livingston Allen taken on August 22, 2025 and October 22, 2025; and Antonio Tolefree taken on July 22, 2025, has been presented to you by a video. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Source: Eleventh Circuit Pattern Jury Instructions § 2.2 (2024)

**INSTRUCTION NO. 5**

**2.3 USE OF RECORDED CONVERSATIONS AND TRANSCRIPTS**

You have heard recorded conversations. This is proper evidence for you to consider. I'm going to allow you to have a transcript of the recording to help you identify speakers and guide you through the recording. But remember that it is the recording that is evidence—not the transcript. If you believe at any point that the transcript says something different from what you hear on the recording, disregard that portion of the transcript and rely instead on what you hear.

Source: Eleventh Circuit Pattern Jury Instructions § 2.3 (2024)

**INSTRUCTION NO. 6**

**2.6 USE OF INTERROGATORIES**

You've heard answers that Defendant Ms. Cooper gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, Defendant Ms. Cooper gave the answers in writing while under oath.

You must consider Defendant Ms. Cooper's answers to as though Defendant Ms. Cooper gave the answers on the witness stand.

<u>Source</u>: Eleventh Circuit Pattern Jury Instructions § 2.6 (2024)

**INSTRUCTION NO. 7**

**INTRODUCTION/FINAL CHARGE TO JURY**

<u>COURT'S INSTRUCTIONS TO THE JURY</u>

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

<u>Source</u>: Eleventh Circuit Pattern Jury Instructions § 3.1 (2024)

## INSTRUCTION NO. 8

### 3.2 DUTY TO FOLLOW INSTRUCTIONS—NO CORPORATE PARTY INVOLVED

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

Source: Eleventh Circuit Pattern Jury Instructions § 3.2 (2024)

## INSTRUCTION NO. 9

## 3.3 CONSIDERATION OF DIRECT AND CIRCUMSTANTIAL EVIDENCE;

## ARGUMENT OF COUNSEL; COMMENTS BY THE COURT

You must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.


Source: Eleventh Circuit Pattern Jury Instructions § 3.3 (2024)

**INSTRUCTION NO. 10**

**3.4 CREDIBILITY OF WITNESSES**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness, I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

Source: Eleventh Circuit Pattern Jury Instructions § 3.4 (2024)

**INSTRUCTION NO. 11**

**3.5.2 IMPEACHMENT OF WITNESSES BECAUSE OF INCONSISTENT STATEMENTS OR FELONY CONVICTION**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

<u>Source</u>: Eleventh Circuit Pattern Jury Instructions § 3.5.2 (2024)

**INSTRUCTION NO. 12**

**3.6.1 EXPERT WITNESS**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

Source: Eleventh Circuit Pattern Jury Instructions § 3.6.1 (2024)

**INSTRUCTION NO. 13**

**3.7.1 RESPONSIBILITY FOR PROOF – PLAINTIFF'S CLAIM[S], CROSS CLAIMS, COUNTERCLAIMS – PREPONDERANCE OF THE EVIDENCE**

In certain instances, it is the responsibility of [Ms. Pete] to prove every essential part of her claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that [Ms. Pete's] claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against [Ms. Pete].

In other instances, which I will inform you of, it will be Ms. Pete's responsibility to prove certain elements or claims by "clear and convincing evidence".  Clear and convincing evidence is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain. The court will tell you when to apply this standard.

Because more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by the burden of proof, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of [Ms. Pete's] claims by the applicable burden of proof p, you should find for [Ms. Cooper] to that claim.

<u>Source</u>: Eleventh Circuit Pattern Jury Instructions § 3.7.1 (2024)

**INSTRUCTION NO. 14**

**3.7.2 RESPONSIBILITY FOR PROOF—AFFIRMATIVE DEFENSE**
**PREPONDERANCE OF THE EVIDENCE**

In this case, Ms. Cooper asserts the following affirmative defenses: [(1) Substantial Truth Doctrine.] Even if [Ms. Pete] proves [her] claims by a preponderance of the evidence or clear and convincing evidence, [Ms. Cooper] can prevail in this case if she proves an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that [Ms. Cooper] does not have to disprove [Ms. Pete's] claims, but if [Ms. Cooper] raises an affirmative defense, the only way she can prevail on that specific defense is if [she] proves that defense by a preponderance of the evidence.

Source: Eleventh Circuit Pattern Jury Instructions § 3.7.2 (2024)

**INSTRUCTION NO. 15**

**PREPONDERANCE OF THE EVIDENCE**

"Preponderance of the Evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.

<u>Source</u>: Florida Proposed Jury Instructions for Use in Defamation Cases § 405.3 (2024).

**INSTRUCTION NO. 16**

DEFAMATION PER SE

The Plaintiff, Ms. Pete, claims that the Defendant, Ms. Cooper, defamed her by publishing false statements about her on social media which caused Ms. Pete harm.  Ms. Pete claims Ms. Cooper defamed her by accusing Ms. Pete of perjury—a felony—by lying under oath in a criminal trial.

The issues you must decide for Ms. Pete's claim of defamation against Ms. Cooper are:

First, whether Ms. Cooper published a statement about Ms. Pete.

Second, whether the statement was in some significant respect false;

Third, whether Ms. Cooper made the statement with actual malice; and

Fourth, whether Ms. Cooper's defamatory statement was a legal cause of loss, injury, or damage to Ms. Pete.

The first issue you must decide is whether Ms. Cooper published the statements.  A statement is published when it is communicated to someone other than Ms. Pete or Ms. Cooper. In order to be communicated, a statement must be read, seen, or heard by a person other than Ms. Pete or Ms. Cooper and that person must understand the statement's significance.

The next issue for you to decide is whether Ms. Cooper's statement concerning Ms. Pete was in some significant respect a false statement of fact and, if so, whether, at the time the statement was made, Ms. Cooper made the statement with actual malice.  A statement is in some significant respect false if its substance or gist conveys a materially different meaning than the truth would have conveyed.  In making this determination, you should disregard any minor inaccuracies that do not affect the substance of the statement.

24

A statement that is literally true is in some significant respect a false statement of fact if it is conveyed in such a way as to create a false impression. Actual malice is defined as knowledge that a statement is false, or reckless disregard for whether the statement is false.

Ms. Pete must prove actual malice by clear and convincing evidence. Clear and convincing evidence is a higher standard of proof than proof by a greater weight of the evidence (or preponderance of the evidence). It means the evidence must persuade you that the claim or defense is highly probably or reasonably certain. If Ms. Pete has not proven "actual malice" by clear convincing evidence then your verdict should be for Ms. Cooper.

Ms. Pete's defamation claim is what is known under Florida law as "Defamation Per se." Florida law holds that certain statements are so harmful in nature that they are presume defamatory as a matter of law. In a claim for defamation per se, the harmful nature of the statement is apparent from the words in the statement itself. Therefore, the plaintiff in a defamation per se action does not need to allege damages, because the harm is readily apparent. The Court has determined that the statements Ms. Pete complains of are defamatory *per se*. Therefore, you may assume as part of your deliberation that these statements are defamatory.

Next, you must decide whether the statement was a legal cause of loss, injury, or damages to Ms. Pete. A statement is a legal cause of loss, injury, or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury, or damage, so that it can reasonably be said that, but for the statement, the loss, injury, or damage would not have occurred.

In order to be regarded as a legal cause of loss, injury, or damage, a statement need not be the only cause. A statement may be a legal cause of loss, injury, or damage even though it operates

in combination with the act of another or some other cause if the statement contributes substantially to producing such loss, injury, or damage.

If the appropriate burden of proof does not support the elements of Ms. Pete's defamation claim, then your verdict should be for Ms. Cooper.  Actual malice must be proved by clear and convincing evidence, the remaining elements must be proven by a preponderance of the evidence. However, if Ms. Pete has proved her claim, then you will consider the defense(s) raised by Ms. Cooper.

## DEFENSES

You must now consider Ms. Cooper's defenses.

1.   Substantial Truth Doctrine

Ms. Cooper contends that the alleged defamatory statements were true. Truth is an absolute defense to defamation. True statements, statements that are not readily capable of being proven false, and statements of pure opinion are protected from defamation actions by the First Amendment.

To succeed on this defense, Ms. Cooper must prove, by the preponderance of the evidence, that the alleged defamatory statement was substantially true, a statement does not have to be perfectly accurate to avoid being defamatory if the 'gist' or the 'sting' of the statement is true.

If the preponderance of the evidence supports this defense, your verdict must be for Ms. Cooper. If the preponderance of the evidence does not support this defense, your verdict must be for Ms. Pete.

Source: Proposed Jury Instructions for Use in Defamation Cases §§ 405.2, 405.5- 405.8, 405.9(a),(b); 405.10(b) (2024); MTD Order (Dkt. No. 36 at 7, 15); Final Jury Instructions, *Saulsberry v. Elder*, 21-cv-62362, Dkt. No. 176 (S.D. Fl. Dec. 12. 2023).

## INSTRUCTION NO. 17

MEDIA DEFENDANT

On Plaintiff's claim for defamation *per se* there is a preliminary issue for you to decide. That issue is whether Defendant Milagro Cooper is a media defendant. To qualify as a "media defendant" under Florida law, a party must be engaged in the dissemination of news and information to the public in order to initiate the uninhibited, robust, and wide-open debate on public issues. Not every person or entity that publishes information is a media defendant.

In deciding if Defendant Cooper is a media defendant, you should consider whether the defendant:

1.      Provides disinterested and neutral commentary or editorializes on matters of public interest, rather than advocates for a particular client or personal interest;

2.      Regularly disseminates news or information to the public, rather than making isolated or one-time publications;

3.      Impartially disseminates information, rather than acting primarily to promote their own business, products, or services;

4.      Operates for the purpose of informing the public about matters of public concern through news reporting, analysis, or commentary; and

5.      Functions in a similar manner to traditional news media, such as newspapers, magazines, television, radio, or their online equivalents, even if using newer platforms such as blogs or websites.

The fact that a defendant used the internet, maintained a website, or reached a large audience does not alone make that defendant a media defendant. Similarly, the fact that a defendant

is not affiliated with a traditional newspaper or broadcast station does not automatically disqualify them from being a media defendant.

If you find that Ms. Cooper is a media defendant, then, Ms. Pete is no longer entitled to presumed damages.  If that is the case, in addition deciding the four issues identified in the last instruction for Defamation *per se,* you will also have to decide whether Ms. Pete proved actual damages by a preponderance of the evidence.

<u>Source</u>: *In re Standard Jury Instructions in Civil Cases-Report No. 09-01*, 35 So. 3d 666 (Mem), § 401.14; *Comins v. VanVoorhis*, 135 So. 3d 545 (Fla. 5th DCA 2014); *Techtronic Indus. Co. Ltd. v. Bonilla*, 2025 WL 2687164 (M.D. Fla. Sept. 19, 2025); *San Juan Prods., Inc. v. River Pools & Spas, Inc.*, 2023 WL 1994087 (M.D. Fla. Feb. 14, 2023).

**INSTRUCTION NO. 18**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Ms. Pete claims that Ms. Cooper acted extremely and outrageously by coordinating with Mr. Daystar Peterson and others, to distribute false statements about Ms. Pete and to promote and distribute an altered sexual depiction of Ms. Pete, which caused her severe emotional distress.

Defendant denies Plaintiff's claim.

The issues for you to decide on Ms. Pete's claim of intentional infliction of emotional distress are:

First, whether Ms. Cooper engaged in extreme and outrageous conduct.

Second, whether Ms. Cooper acted with the intent to cause severe emotional distress or with reckless disregard of the high probability of causing severe emotional distress.

Third, whether that extreme and outrageous conduct was a legal cause of severe emotional distress to Ms. Pete.

Extreme and outrageous conduct is behavior, which, under the circumstances, goes beyond all possible bounds of decency and is regarded as shocking, atrocious, and utterly intolerable in a civilized community.

Emotional distress is severe when it is of such intensity or duration that no ordinary person should be expected to endure it.

Extreme and outrageous conduct is a legal cause of severe emotional distress if it directly and in natural and continuous sequence produces or contributes substantially to producing such severe emotional distress, so that it can reasonably be said that, but for the extreme and outrageous conduct, the severe emotional distress would not have occurred.

In order to be regarded as a legal cause of severe emotional distress, extreme and outrageous conduct need not be the only cause. Extreme and outrageous conduct may be a legal

cause of severe emotional distress, even though it operates in combination with the act of another or some other cause, if the extreme and outrageous conduct contributes substantially to producing such severe emotional distress.

In order to be regarded as a legal cause of severe emotional distress, extreme and outrageous conduct need not be its only cause. Extreme and outrageous conduct may also be a legal cause of severe emotional distress even though it operates in combination with the act of another, some natural cause, or some other cause occurring after the extreme and outrageous conduct occurs if such other cause was itself reasonable foreseeable and the extreme and outrageous conduct contributes substantially to producing such severe emotional distress or the resulting severe emotional distress was a reasonably foreseeable consequence of the extreme and outrageous conduct and the extreme and outrageous conduct contributes substantially to producing it.

If the preponderance of the evidence does not support Ms. Pete's claim, your verdict should be for Ms. Cooper. However, if the greater weight of the evidence supports Ms. Pete's claim, then your verdict should be for Ms. Pete and against Ms. Cooper.

Source: Florida Standard Jury Instructions in Civil Cases §§ 410.2, 410.4 - 410.8 (2025)

## INSTRUCTION NO. 19

## PROMOTION OF AN ALTERED SEXUAL DEPICTION

Ms. Pete claims that Defendant willfully and maliciously promoted a deepfake pornographic video of Ms. Pete on social media without Ms. Pete's consent. Ms. Pete alleges that Ms. Cooper knew or reasonably should have known that the visual depiction of Plaintiff was, in fact, an altered sexual depiction (more commonly known as a "deepfake").

The issues for you to decide on Ms. Pete's claim of promotion of an altered sexual depiction are:

First, whether Ms. Cooper willfully and maliciously promoted an altered sexual depiction of an identifiable person—namely, Ms. Pete.

Second, Ms. Cooper promoted the altered sexual depiction without the consent of Ms. Pete.

Third, at the time of promotion, Ms. Cooper knew or reasonably should have known that the visual depiction was an altered sexual depiction.

I will now define some of the terms you must consider in deciding this claim.

"Altered Sexual Depiction" means any visual depiction that, as a result of any type of digital, electronic, mechanical, or other modification, alteration, or adaptation, depicts a realistic version of an identifiable person: (1) with the nude body parts of another person as the nude body parts of the identifiable person; (2) with computer generated nude body parts as the nude body parts of the identifiable person; or (3) engaging in sexual conduct in which the identifiable person did not engage.

An "identifiable person" means the person in the image is recognizable as a real individual—for instance, by their face, likeness, or other distinctive features (such as a unique birthmark).

31

"Willfully" means that Ms. Cooper acted knowingly, intentionally, and purposely.

"Maliciously" means Ms. Cooper acted with wrongful intent—for example, intentionally doing a harmful act without any lawful justification or excuse.

To "promote" means to distribute or disseminate material—including issuing, selling, giving, lending, delivering, transmitting, publishing, posting, circulating, exhibiting, or sharing it, or agreeing to do any of these actions.

"Without consent" means Ms. Pete did not agree to or authorize the altered depiction being shared in any manner.  The presence of a disclaimer within an altered sexual depiction which notifies a viewer that the person or persons depicted did not consent to or participate in the creation or promotion of the material, or that the person or persons depicted did not actually perform the actions portrayed, is not a defense and not relieve a person of liability under the law.

If you find that all of the above elements are proven by a preponderance of the evidence, then you should find for the Plaintiff on this claim.  However, if the Plaintiff fails to prove any one of these elements, you must return a verdict for the Defendant on this claim.

Source: Fla. Stat. § 836.13; Florida Criminal Pattern Jury Instructions, Chapter 11.23 Promotion of An Altered Sexual Depiction.

**INSTRUCTION NO. 20**

**COMPENSATORY AND PUNITIVE DAMAGES**

If your verdict is for Ms. Cooper on defamation, intentional infliction of emotional distress, and promotion of an altered sexual depiction, you will not consider the matter of damages.

But if the preponderance of the evidence supports any of Ms. Pete's claims for defamation, intentional infliction of emotional distress, or promotion of an altered sexual depiction, you should determine and write on the verdict form, in dollars, the total amount of loss, injury, or damage which the greater weight of the evidence shows will fairly and adequately compensate Ms. Pete for her loss or damage, including any damages that she is reasonably certain to incur or experience in the future. You shall consider the following elements of damage:

a.      Nominal damages:

If you find for Ms. Pete, but find that no damage has been proved for her intentional infliction of emotional distress claim, you may award nominal damages. Nominal damages are damages of an inconsequential amount which are awarded to vindicate a right where a wrong is established but no damage is proved. By "nominal" I mean a dollar amount of damages such as $1 that you, in your discretion, determine.

b.      Compensatory Damages

If you find for Ms. Pete and against Ms. Cooper on any of Ms. Pete's claims—defamation, intentional infliction of emotional distress, or promotion of an altered sexual depiction—, you may award compensatory damages. Compensatory damages are damages amounts awarded for:

1.      Medical expenses for Ms. Pete

33

These compensatory damages are for the reasonable value or expense of medical care and treatment necessarily or reasonably obtained by Ms. Pete in the past or to be so obtained in the future.

2.      Lost earnings, lost working time, lost earning capacity:

These compensatory damages are for any earnings, working time lost in the past and any loss of ability to earn money in the future.  Any loss of ability to earn money sustained in the past and any such loss in the future.

3.      Injury to reputation or health or shame, humiliation, mental anguish, hurt feelings.

These compensatory damages are for any injury to reputation or health and any shame, humiliation, mental anguish, and hurt feelings experienced in the past or to be experienced in the future.  There is no exact standard for fixing the compensation to be awarded on account of such elements of damage.  Any award should be fair and just in the light of the evidence.

c.      Punitive Damages

There is an additional claim in this case that you must decide.  If you find for Ms. Pete and against Ms. Cooper on her claims for defamation or intentional infliction of emotional distress, you must decide whether, in addition to compensatory damages, punitive damages are warranted as punishment to Ms. Cooper and as a deterrent to others.

Ms. Pete claims that punitive damages should be awarded against Ms. Cooper for her conduct in coordinating with Mr. Daystar Peterson and his affiliates to distribute, promote, and disseminate false and disproved statements and theories about Ms. Pete and to intentionally or recklessly promote and distribute an altered sexual depiction of Ms. Pete.  Punitive damages are warranted against Ms. Cooper if you find by clear and convincing evidence that Ms. Cooper was guilty of intentional conduct or gross negligence, which was a substantial cause of loss or damage

34

to Ms. Pete.  Under those circumstances you may, in your discretion, award punitive damages against Ms. Cooper.  If clear and convincing evidence does not show such conduct by Ms. Cooper, punitive damages are not warranted against Ms. Cooper.

"Intentional misconduct" means that Ms. Cooper had actual knowledge of the wrongfulness of the conduct and that there was a high probability that injury or damage to Ms. Pete and, despite that knowledge, she intentionally pursued that course of conduct, resulting in injury or damage.

"Gross negligence" means that Ms. Cooper's conduct was so reckless or wanting in care that it constitute a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

Source: Florida Standard Jury Instructions in Civil Cases §§ 501.1(b); 501.2(b), (c), 503.2 (2024); Final Jury Instructions, *Saulsberry v. Elder*, 21-cv-62362, Dkt. No. 176 (S.D. Fl. Dec. 12. 2023).

**INSTRUCTION NO. 21**

**STATUTORY DAMAGES –
PROMOTION OF AN ALTERED SEXUAL DEPICTION**

If your verdict is for Ms. Cooper on promotion of an altered sexual depiction, you will not consider the matter of damages.  But if the preponderance of the evidence supports Ms. Pete's claim for promotion of an altered sexual depiction, then the law allows Ms. Pete to recover monetary damages, in an amount of $10,000 or actual damages incurred, whichever is greater, for each instance that occurred, and reasonable attorneys' fees and costs.

Source: Fla. Stat. § 836.13

**INSTRUCTION NO. 22**

**3.8.1 DUTY TO DELIBERATE WHEN ONLY THE PLAINTIFF CLAIMS DAMAGES**

Of course, the fact that I have given you instructions concerning the issue of [Ms. Pete's] damages as to any of her claims should not be interpreted in any way as an indication that I believe that [Ms. Pete] should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So, you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Source: Eleventh Circuit Pattern Jury Instructions § 3.8.1 (2024)

**INSTRUCTION NO. 23**

**3.9 ELECTION OF FOREPERSON; EXPLANATION OF VERDICT FORM**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

Source: Eleventh Circuit Pattern Jury Instructions § 3.9 (2024)