UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 24-24228-CIV-ALTONAGA/Reid**

**MEGAN PETE**,

     Plaintiff,

v.

**MILAGRO ELIZABETH COOPER**,

     Defendant.

_____/

**<u>FINAL JUDGMENT</u>**

**THIS CAUSE** came before the Court for a jury trial. (*See* Nov. 17–21, 24–26, Dec. 1, 2025 Minute Entries [ECF Nos. 200, 203–206, 217, 221, 223, 225]). The issues having been duly tried, the jury rendered its Verdict [ECF No. 226] finding Defendant, Milagro Elizabeth Cooper liable to Plaintiff, Megan Pete for defamation *per se*, intentional infliction of emotional distress, and promotion of an altered sexual depiction in violation of section 836.13, Florida Statutes. (*See id.* 1–4).[1]

The jury also rendered its Verdict as to Defendant's media defendant status, finding that Defendant should be treated as a media defendant regarding the statements at issue. (*See id.* 3). As a condition precedent to a defamation suit, section 770.01, Florida Statutes, requires a plaintiff to serve a media defendant with written notice specifying the alleged false or defamatory statements at least five days before filing a complaint. *See id.* The jury's conclusion that Defendant is a media defendant therefore precludes judgment for Plaintiff on the defamation *per se* claim because it is uncontested that Plaintiff did not provide Defendant pre-suit notice. (*See*

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

Verdict 3); *see also Ross v. Gore*, 48 So. 2d 412, 414 (Fla. 1950); *Comins v. Vanvoorhis*, 135 So. 3d 545, 557 (Fla. 5th DCA 2014); *Bongino v. Daily Beast Co.*, 477 F. Supp. 3d 1310, 1316-17 (S.D. Fla. 2020).

In sum, the jury's Verdict supports entry of judgment for Plaintiff on her claims of intentional infliction of emotional distress and promotion of an altered sexual depiction. (*See generally* Verdict). Plaintiff is entitled to $59,000.00 in damages — the amount of compensatory and punitive damages awarded by the jury on those two claims. (*See id.* 4–5).

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Judgment is entered in favor of Plaintiff, Megan Pete on Counts II & III of her Second Amended Complaint **[ECF No. 37]**, and against Defendant, Milagro Elizabeth Cooper.

2. Plaintiff shall recover from Defendant a total of **$59,000.00** in damages.

3. Requests for costs and fees shall not be submitted until after any post-trial motions are decided or an appeal is concluded, whichever occurs later.

4. The Court retains jurisdiction to entertain the request for injunctive relief found in Count Four of the Second Amended Complaint [ECF No. 37].

5. The Clerk shall close the case.

**DONE AND ORDERED** in Miami, Florida, this 2nd day of December, 2025.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record