UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-24228-CIV-ALTONAGA/Reid

**MEGAN PETE**,

    Plaintiff,

v.

**MILAGRO ELIZABETH COOPER**,

    Defendant.

_____/

**JURY NOTES**

I apologize for the follow up question, but I'm confused about the names and aliases mentioned in the case. Would it be possible to have clarification on which individual is associated with? I'm unsure about who
- Tory lanez is?
- Daystar is Tony?
- Sustar is the Dad?
- Kelsey is former friend of Ms. Megan

Also can you go over
- sustain!
- object!
- overruled one more time -

Can you ask tu lawyer on tu ~~de~~ plantif case tu stop typing on tu laptop. Its super disctractiy to hearny tu closing arguments.

Which joint exhibit is of the video of deepfake?

AND WHICH ONE is of screen shot with emoji posted on Milagro's Show

Is the Deepfake Statue exist in other states?
OR IN THE CASE IN TEXAS

WHERE WAS ~~an~~ MS. Pele when milagros shoed happened?

Folio address should be blacked out - it's the same as finding the address! IF they are trying to keep this private. Even they its public record?

What is reasonable doubt? explain how this pertains to Daystar?

#

ARE WE ALLOWED TO take out exhibits from Binder to make sense of timelines since they aren't in timeline order?

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-24228-CIV-ALTONAGA

PETE v. COOPER

PLEASE NOTE: DO **NOT** SHOW YOUR NUMERICAL DIVISION
PLEASE RETAIN THIS FORM WITH THE EXHIBITS

FOREPERSON'S SIGNATURE: _____

DATE: _____ TIME: _____

COURT=S ANSWER: _Yes, you may move exhibits to correspond to a timeline._

SIGNED: _Cecilia M. Altonaga_ DATE: 11/26/25 TIME: _____
JUDGE CECILIA M. ALTONAGA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-24228-CIV-ALTONAGA

PETE v. COOPER

PLEASE NOTE: DO **NOT** SHOW YOUR NUMERICAL DIVISION
PLEASE RETAIN THIS FORM WITH THE EXHIBITS

- Could you better define "maliciously" as ~~in some~~ of us need better examples.

- When did Ms. Pete register as a voter in FLORIDA + when property screen shot ⓘ happened (DATE)

- pgs attached 1-5 WE ARE CONFUSED if we believ half is that considred or yes?

FOREPERSON'S SIGNATURE: _____
DATE: 11/20/25    TIME: 2:35

COURT=S ANSWER:

1 - Please refer back to the Court's Instructions on the law.

2 - Please rely on your recollection of the testimony and evidence presented.

3 - There is no set number.

SIGNED: _Cecilia M. Altonaga_    DATE: 12/1/25    TIME: 9:00 a.m.
JUDGE CECILIA M. ALTONAGA

On Plaintiff's claim for defamation *per se* there is a preliminary issue for you to decide. That issue is whether Defendant Milagro Cooper is a media defendant. To qualify as a "media defendant" under Florida law, a party must be engaged in the dissemination of news and information to the public in order to initiate the uninhibited, robust, and wide-open debate on public issues. Not every person or entity that publishes information is a media defendant.

In deciding if Defendant Cooper is a media defendant, you should consider whether the defendant:

1. During the time period in which the statements were made, provided disinterested and neutral commentary or editorialized on matters of public interest, rather than advocated for a particular client or personal interest;

2. During the time period in which the statements were made, regularly disseminated news or information to the public, rather than making an isolated or one-time publication;

3. During the time period in which the statements were made, impartially disseminated information, rather than acting primarily to promote her own business, products, or services;

4. During the time period in which the statements were made, operated for the purpose of informing the public about matters of public concern through news reporting, analysis, or commentary; and

5. During the time period in which the statements were made, functioned in a similar manner to traditional news media, such as newspapers, magazines, television, radio, or their online equivalents, even if using newer platforms such as blogs or websites.

The fact that a defendant used the internet, maintained a website, or reached a large audience does not alone make that defendant a media defendant. Similarly, the fact that a defendant is not affiliated with a traditional newspaper or broadcast station does not automatically disqualify them from being a media defendant.

Plaintiff, Ms. Pete, claims that Defendant, Ms. Cooper, defamed her by publishing false statements about her on social media which caused Ms. Pete harm. Ms. Pete claims Ms. Cooper defamed her by accusing Ms. Pete of perjury—a felony—by lying under oath in a criminal trial when she asserted that: (1) Ms. Pete was a "non-credible witness"; (2) "I could go down the list of all the different shit tht was not true"; and (3) asked "Was Megan Thee Stallion caught trying to deceive the courts again?"

The issues you must decide for Ms. Pete's claim of defamation against Ms. Cooper are:

First, whether Ms. Cooper published a statement about Ms. Pete.

Second, whether the statement was in some significant respect false;

5

Third, whether Ms. Cooper made the statement with actual malice; and

Fourth, whether Ms. Cooper's defamatory statement was a legal cause of loss, injury, or damage to Ms. Pete.

The first issue you must decide is whether Ms. Cooper published the statements. A statement is published when it is communicated to someone other than Ms. Pete or Ms. Cooper. In order to be communicated, a statement must be read, seen, or heard by a person other than Ms. Pete or Ms. Cooper and that person must understand the statement's significance.

The next issue for you to decide is whether Ms. Cooper's statement concerning Ms. Pete was in some significant respect a false statement of fact and, if so, whether, at the time the statement was made, Ms. Cooper made the statement with actual malice. A statement is in some significant respect false if its substance or gist conveys a materially different meaning than the truth would have conveyed. In making this determination, you should disregard any minor inaccuracies that do not affect the substance of the statement.

A statement that is literally true is in some significant respect a false statement of fact if it is conveyed in such a way as to create a false impression. Actual malice is defined as knowledge that a statement is false, or reckless disregard for whether the statement is false.

Ms. Pete must prove actual malice by clear and convincing evidence. Clear and convincing evidence is a higher standard of proof than proof by a greater weight of the evidence (or preponderance of the evidence). It means the evidence must persuade you that the claim or defense is highly probably or reasonably certain. If Ms. Pete has not proven "actual malice" by clear convincing evidence, then your verdict should be for Ms. Cooper.

Ms. Pete's defamation claim is what is known under Florida law as "Defamation *per se*." Florida law holds that certain statements are so harmful in nature that they are presume defamatory as a matter of law. In a claim for defamation *per se*, the harmful nature of the statement is apparent from the words in the statement itself.

Next, you must decide whether the statement was a legal cause of loss, injury, or damages to Ms. Pete. A statement is a legal cause of loss, injury, or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury, or damage, so that it can reasonably be said that, but for the statement, the loss, injury, or damage would not have occurred.

In order to be regarded as a legal cause of loss, injury, or damage, a statement need not be the only cause. A statement may be a legal cause of loss, injury, or damage even though it operates in combination with the act of another or some other cause if the statement contributes substantially to producing such loss, injury, or damage.

If the appropriate burden of proof does not support the elements of Ms. Pete's defamation claim, then your verdict should be for Ms. Cooper. Actual malice must be proved by clear and convincing evidence, the remaining elements must be proven by a preponderance of the evidence.

6