UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MEGAN PETE, an individual,

*Plaintiff,*                                             Civil Action No. 1:24-CV-24228-CMA

v.

MILAGRO ELIZABETH COOPER,
an individual,

*Defendant.*
_____

### [PROPOSED] ORDER GRANTING PLAINTIFF MEGAN PETE'S STATUTORY INJUNCTION PURSUANT TO SECTION 784.0485, FLORIDA STATUTES

**THIS CAUSE** came to be heard on Plaintiff Megan Pete's ("Plaintiff") Motion for Entry of Permanent Cyberstalking Injunction Against Defendant Milagro Cooper ("Defendant") Pursuant to Section 784.0485, Florida Statutes (the "Motion") [ECF No. ___]. The Court, having reviewed the Motion and being fully advised as to the premises, finds as follows:

Plaintiff has established that she is a victim of cyberstalking by Defendant, pursuant to Section 784.048, Florida Statutes, and that she has been defamed by Defendant. A permanent injunction is warranted for the reasons stated in the Motion. It is therefore **ORDERED AND ADJUDGED** the request for a permanent injunction is **GRANTED**. Pursuant to Section 784.0485(6)(a) and the Federal Rules of Civil Procedure, the Court hereby enters the following **INJUNCTION restraining Defendant as follows**:

1. Defendant shall not have any direct, indirect, or third-person contact with Plaintiff, including but not limited to written, telephonic, electronic, and social media contact for a period of five years;

1

2. Defendant shall remain at least 500 feet from Plaintiff, her residence, and/or any other place Plaintiff is or is anticipated to be, and shall remain 1,000 feet from Plaintiff's musical performances for a period of five years;

3. Defendant shall not publicly disclose Plaintiff's private personal identifying information, including her residential address, phone numbers, and other contact information;

4. Defendant shall not further promote, distribute, share, or otherwise transmit the Deepfake Video for which Defendant was found liable of promoting or any other altered sexual depictions of Plaintiff;

5. Defendant shall not make further defamatory statements about Plaintiff on the internet or in other public forums regarding Plaintiff's:

- Testimony at Daystar Peterson's criminal trial, including the circumstances and causes that gave rise to Plaintiff's injuries;
- Mental and emotional state;
- Recreational use of alcohol;
- Extended family;

6. Defendant shall not make any communications about Plaintiff that are intended to incite third parties to engage in threats or violence against Plaintiff, her professional team, and/or her family;

7. Defendant shall not harass, strike, threaten, assault, hit, follow, stalk, cyberstalk, disturb the peace of, annoy by phone or other electronic means (including through repeated contact), or impersonate (on the internet, electronically, or otherwise) Plaintiff; and

8. Defendant shall remove from the internet and related public forums all statements and postings that formed the basis for the jury's verdict in this case.

**ORDERED AND ADJUDGED** in Chambers at Miami, Miami Dade County, Florida this

\_\_\_\_\_ day of _____, 2025.

_____
HONORABLE CHIEF JUDGE CECILIA M. ALTONAGA
UNITED STATES DISTRICT JUDGE