## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

MEGAN PETE, an individual,

*Plaintiff,*                                            Civil Action No. 1:24-CV-24228-CMA

v.

MILAGRO ELIZABETH COOPER,
an individual,

*Defendant.*

_____

### PLAINTIFF'S MOTION FOR AWARD OF TAXABLE COSTS

Plaintiff Megan Pete ("Ms. Pete" or "Plaintiff"), by and through her counsel and pursuant to Fed. R. Civ. P. 54(d), S.D. Fla. L. R. 7.3(c), and 28 U.S.C. §§ 1920 and 1821, hereby moves for a judgment taxing costs against Defendant Milagro Cooper ("Defendant").  Ms. Pete, as the prevailing party in this action, is entitled to an award of taxable costs as a matter of law.  In support of this Motion, Ms. Pete's Bill of Costs and accompanying exhibits are attached.[1]

I.      **BACKGROUND**

A jury trial was held in the above-captioned action in Miami, Florida between November 17, 2025 and December 1, 2025.  On December 1, the jury rendered a verdict in Ms. Pete's favor on all three of her claims: (1) defamation *per se*; (2) intentional infliction of emotional distress ("IIED"); and (3) promotion of an altered sexual depiction in violation of section 836.13, Fla. Statutes.  *See* ECF No. 226 (Jury Verdict).  On December 2, the Court entered Final Judgment in favor of Ms. Pete and against Defendant.  *See* ECF No. 227 (Final Judgment).

As permitted under Fed. R. Civ. P. 54(d), S.D. Fla. L. R. 7.3(c), and 28 U.S.C. §§ 1920 and 1821, Ms. Pete requests that the Court tax costs against Defendant in the total amount of $68,850.79, comprising of fees of the Clerk, service of process fees, costs of transcripts and deposition videos, costs of printing trial materials, and witness fees.

_____

[1]  In the Exhibits, yellow highlights have been applied to the taxable items in each invoice to aid the Court's review.

II.    **STANDARD OF LAW**

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  The Eleventh Circuit has held that Rule 54 creates a strong presumption of awarding costs to the prevailing party.  *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991) ("This language [of Rule 54] creates a presumption in favor of awarding costs to the prevailing party which [the losing party] must overcome."); *see also Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1330 (S.D. Fla. 2015) (noting that "[a] district court's discretion to deny costs … is quite limited"); *Quinto v. Universal Parking of Fla., LLC*, 2016 WL 8740232, at *2 (S.D. Fla. June 10, 2016), *report and recommendation adopted*, 2016 WL 8739322 (S.D. Fla. June 30, 2016) (noting that "the court must award costs unless it states good reasons for denying them") (internal quotation marks omitted).  The "prevailing party" is the litigant that won on "any significant issue in the litigation which achieved some of the benefit the parties sought in bringing suit."  *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 648 (S.D. Fla. 2007) (quoting *Tex. St. Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989)) (internal quotation marks omitted).

28 U.S.C. § 1920 permits the following categories of taxable costs that the prevailing party may recover as a matter of course:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1821 specifically governs witness fees.  Witnesses may receive a fee of $40 for each day of attendance at court and "the time necessarily occupied in going to and returning from the place of attendance."  28 U.S.C. § 1821(b).  Moreover, the section provides for the reimbursement of transportation costs, as well as subsistence allowance for lodging, meals, and incidental expenses, capped by the maximum per diem rate for a particular location as prescribed by the General Services Administration ("GSA").  28 U.S.C. § 1821(c)–(d).

2

III.    **ARGUMENT**

A.    **Ms. Pete Is Entitled to Her Taxable Costs as the Prevailing Party.**

Ms. Pete, as the prevailing party, is entitled to her taxable costs.  *See, e.g.*, *Ayala v. Sheriff of Broward Cnty.*, 2014 WL 12616162, at *2 (S.D. Fla. Sept. 16, 2014) (granting the prevailing party's motion for costs); *Quinto*, 2016 WL 8740232, at *3 (recommending the same).  Ms. Pete need not have won on all issues to be the prevailing party.  *See Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (noting that "[a] party need not prevail on all issues to justify a full award of costs" and that "[a] party who has obtained some relief usually will be regarded as the prevailing party").  Here, however, the jury returned a verdict in Ms. Pete's favor on all three of her claims, awarding her compensatory and punitive damages.  *See* ECF No. 226.  While the jury's finding as to Defendant's alleged media defendant status resulted in the Court entering Final Judgment only as to Counts II (IIED) and III (promotion of an altered sexual depiction), the jury indisputably found Defendant liable of Count I (defamation *per se*) in falsely accusing Ms. Pete of the crime of perjury.[2]  *See id.*

Ms. Pete's requested costs—fees of the Clerk, service fees, costs of deposition transcripts and videos for witnesses unavailable at trial, hearing transcript costs, printing costs for trial, and witness fees—were necessarily and reasonably incurred to present her case.

B.    **Ms. Pete Is Entitled to Recover Service of Process Fees, *Pro Hac Vice* Fees, and Docket Fees.**

Under 28 U.S.C. § 1920(1), Ms. Pete may recover "[f]ees of the clerk and marshal."  *See Ocean Sky Limo*, 82 F. Supp. 3d at 1330.

First, Ms. Pete requests a total of $1,064 for service of the summons and complaint on Defendant and subpoenas on key third parties.  The supporting invoices are attached as Exhibit A.  "The Eleventh Circuit has held that service of process fees may be paid to private process servers so long as the amount does not exceed the amount charged by the U.S. Marshal for service of process."  *Barrera v. Weiss & Woolrich S.*, 900 F. Supp. 2d 1328, 1332 (S.D. Fla. 2012) (citing *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000) ("We hold that private process server fees may be taxed pursuant to §§ 1920(1) and 1921.")).  For each item served, Ms. Pete

---

[2]    Regarding Count I, Ms. Pete's Motion to Reinstate the Jury Verdict as to the Defamation Claim and to Amend Final Judgment or Renewed Motion for Judgment as a Matter of Law remains pending.  *See* ECF No. 257.

only seeks the minimum statutory fee that the U.S. Marshals may collect—$65 per hour for personal service and $8 by mail.  *See* 28 C.F.R. § 0.114; *see also HRCC, Ltd. v. Hard Rock Cafe Int'l (USA), Inc.*, 2018 WL 1863778, at *12 (M.D. Fla. Mar. 26, 2018), *report and recommendation adopted*, 2018 WL 1863779 (M.D. Fla. Apr. 13, 2018).

For service of the summons and complaint on Defendant, Ms. Pete requests $130, or the amount the U.S. Marshals charge for two hours.  As the corresponding invoice shows, it took two attempts to successfully serve Defendant.  *See, e.g.*, *Epic Sys. Corp. v. Decapolis Sys., LLC*, 2024 WL 5236918, at *3 (S.D. Fla. July 30, 2024) (awarding service of process fees for eleven attempts, with each attempt granted the $65 rate that the U.S. Marshals charge per hour).

Regarding document subpoenas, Ms. Pete seeks to recover fees in serving AT&T, Zelle (Early Warning Services, LLC), California Department of Corrections and Rehabilitation ("CDDR"), and Telmate, LLC, as their productions were used as trial exhibits.[3]  *See, e.g.*, Trial Exs. J-68, J-111, J-114.  Ms. Pete requests $203 for one mail and three personal service on AT&T, $65 for one personal service on Zelle, $73 for one mail and one personal service on CDCR, and $65 for one personal service on Telmate.

In addition, Ms. Pete requests that the Court tax the costs of serving deposition subpoenas on the following witnesses whose testimony was central at trial: Sonstar Peterson (deposition designation);  Daystar Peterson (deposition designation);  Ceasar McDowell (deposition designation);  Livingston Allen (deposition designation); and Amiel Holland-Briggs (live testimony).  *See. e.g.*, *Powell v. Carey Int'l, Inc.*, 548 F. Supp. 2d 1351, 1358–59 (S.D. Fla. 2008) (allowing prevailing party to recover costs associated with serving deposition subpoenas); *James*, 242 F.R.D. at 649–50 (awarding minimum service fees charged by the U.S. Marshals).  These witnesses were critical to establishing Defendant's state of mind, motive, and coordination with figures like Daystar and Sonstar Peterson to defame Ms. Pete and smear her reputation.  Ms. Pete seeks $195 for three personal service attempts on Sonstar Peterson, $138 for one mail and two personal service on Daystar Peterson for his three deposition volumes, $65 for one personal service

[3]  AT&T was necessarily served four times to produce updated versions of Defendant's call records with key witnesses, based on new phone numbers learned of as discovery progressed and new call logs as time progressed. Zelle produced Defendant's payments from Sonstar Peterson. CDCR and Telmate, LLC produced Daystar Peterson's prison call recordings with key witnesses. CDCR was necessarily served twice to provide updated prison call and visitation logs, given the passage of time.

on Ceasar McDowell, $65 for one personal service on Livingston Allen, and $65 for one personal service on Amiel Holland-Briggs.

Second, Ms. Pete seeks the taxation of $750 in *pro hac vice* fees.  The Court has exercised discretion in awarding such fees as costs of the Clerk.  *See, e.g.*, *TYR Tactical, LLC v. Productive Prod. Enter., LLC*, 2018 WL 3110799, at \*14 (S.D. Fla. Apr. 11, 2018), *report and recommendation adopted sub nom. TYR Tactical, LLC v. Protective Prods. Enters., LLC*, 2018 WL 3109624 (S.D. Fla. Apr. 30, 2018), *amended*, 2018 WL 2672391 (S.D. Fla. June 5, 2018) (granting "fees for … *pro hac vice* motions, as evidenced on the docket, [because they] are a taxable cost").  Ms. Pete requests $250 per application for each of the three examining attorneys at trial: Marie Hayrapetian (ECF Nos. 43–44); Joanna Menillo (ECF Nos. 95–96); and Stephanie Kelemen (ECF Nos. 176, 181).  The supporting invoices are attached as Exhibit B.

Finally, pursuant to 28 U.S.C. § 1920(5), "docket fees are a taxable cost."  *James*, 242 F.R.D. at 652.  As such, Ms. Pete requests that the Court tax $405 in filing fee for opening this civil action.  *See, e.g.*, *id.* ("The filing fee paid by [Plaintiff] when the lawsuit was filed is therefore recoverable."); *Epic Sys. Corp.*, 2024 WL 5236918, at \*2 (granting filing fee because it "is a quintessential 'docket fee' that is recoverable").  The invoice is attached as Exhibit C.

C.     **The Costs Ms. Pete Incurred for Transcripts and Deposition Videos Were Necessary and Appropriate.**

Ms. Pete seeks recovery on the costs of select deposition transcripts and videos and hearing transcripts that were necessarily obtained for use in this case.[4]  Under 28 U.S.C. § 1920(2), Ms. Pete can recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."  She meets that burden of showing necessity and reasonableness.

For depositions, a "prevailing party may recover the costs of transcribing and videotaping a deposition under § 1920 if the notice of deposition indicated that the deposition would be recorded by stenographic and nonstenographic means, the opposing party did not object to the method of recordation prior to the deposition, and the prevailing party explains why it was necessary to obtain both a transcript and video recording of the deposition."  *Brady v. Carnival Corp.*, 2021 WL 1988524, at \*4 (S.D. Fla. Mar. 8, 2021), *report and recommendation adopted*,

---

[4]  Ms. Pete also seeks reimbursement for daily trial transcripts.  However, given holiday closures, she was unable to secure the supporting invoices, despite best efforts to obtain them.  Ms. Pete reserves her right to amend to her Bill of Costs upon receiving the relevant invoices.  *See, e.g.*, *Smith v. R.J. Reynolds Tobacco Co.*, 369 F. Supp. 3d 1269, 1276 (M.D. Fla. 2019) (allowing plaintiff to "recover $3,406.20 in daily [trial] transcript costs").

2021 WL 1998316 (S.D. Fla. May 19, 2021) (internal quotation marks omitted); *see also Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 464–65 (11th Cir. 1996) (same).   A deposition need only "appear to have been reasonably necessary at the time it was taken, regardless of whether it was ultimately used at trial." *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1292 (S.D. Fla. 2015).

Ms. Pete limits her request to deposition transcripts and videos actually used at trial as substantive evidence, for impeachment, or as designations for unavailable witnesses.   Expedited delivery fees and other non-essential costs are excluded.   The total is $41,654.30, supported by invoices appended as Exhibit D.

Deposition transcripts and videos for the following witnesses should be taxed: (1) Ms. Pete herself  (live  testimony);  (2)  Defendant  (live  testimony);  (3)  Amiel  Holland-Briggs  (live testimony);  (4)  Sonstar  Peterson  (deposition  designation);  (5)  Daystar  Peterson  (deposition designation); (6) Antonio Tolefree (deposition designation); (7) Ceasar McDowell (deposition designation); and (8) Livingston Allen (deposition designation).   Except for the parties and Mr. Holland-Briggs, all other witnesses were unavailable at trial, necessitating the designation of their depositions and use of the corresponding videos and transcripts.   Defendant also named Sonstar Peterson, Daystar Peterson, and Livingston Allen on her trial witness list.   *See* ECF No. 133-4 (Defendant's Witness List); *James*, 242 F.R.D. at 650 (noting that "the deposition of a witness appearing on the losing party's witness list is generally [a] reasonable [cost to be taxed]").

Furthermore, Ms. Pete seeks the reimbursement of transcript costs totaling $2,148.96 for the following hearings: (1) July 14, 2025 hearing on Defendant's discovery deficiencies and spoliation; (2) August 7, 2025 evidentiary hearing regarding Defendant's spoliation; (3) October 30, 2025 first pre-trial conference; and (4) November 10, 2025 second pre-trial conference.   The total amount is a reduced ask, calculated with the lowest rate of $4.84 per page.   Invoices are attached as Exhibit E.

Following the July 14, 2025 and August 7, 2025 evidentiary hearings, the Court determined that Defendant had destroyed and concealed key evidence and granted spoliation sanctions.   *See* ECF Nos. 93 (Order Following Discovery Hearing) and 152 (Order Granting Spoliation Sanctions).   Specifically, the Court held that Ms. Pete was entitled to jury instructions that "Defendant intended to deprive Plaintiff of the evidence in the deleted messages [and chats], that at least some of the deleted messages related to the claims in this case and were about Plaintiff, and that these deleted messages were unfavorable to Defendant." *See* ECF No. 152, at 39; ECF

No. 224 (Court's Instructions to Jury), at 3–4.  Ms. Pete referred to these two hearing transcripts to prepare jury instructions, examine and impeach Defendant at trial, and confer with defense counsel post-trial regarding an appropriate award of attorney's fees for having to move on Defendant's spoliation.

As for the October 30, 2025 and November 10, 2025 pre-trial conferences, these transcripts were necessary for finalizing trial exhibits, refining the verdict form and jury instructions, and presenting Ms. Pete's case in adherence to the Court's rulings.  Furthermore, Ms. Pete relied on these transcripts to argue against Defendant's classification as a media defendant during trial and in her post-trial motion to reinstate the jury verdict on the defamation claim.  Their necessity justifies Ms. Pete's recovery.  *See, e.g.*, *Pediatric Nephrology Assocs. of S. Fla. v. Variety Children's Hosp.*, 2018 WL 4778456, at *4 (S.D. Fla. July 9, 2018), *report and recommendation adopted*, 2018 WL 4777166 (S.D. Fla. July 24, 2018) ("find[ing] that the base cost of the transcript of the discovery hearing is recoverable" because the transcript was used for motion practice); *Gustave v. SBE ENT Holdings, LLC*, 2021 WL 4463149, at *4 (S.D. Fla. Sept. 10, 2021), *report and recommendation adopted*, 2021 WL 4428208 (S.D. Fla. Sept. 27, 2021) (exercising "discretion on whether to tax hearing transcripts" and granting request).

### D.    **The Costs Ms. Pete Incurred for Printing Were Necessary and Appropriate.**

Ms. Pete seeks $19,601.02 for necessarily and reasonably incurred photocopying costs, limited to select days leading up to trial.  These costs are permissibly taxed under 28 U.S.C. § 1920(4).  *See, e.g.*, *Ocean Sky Limo*, 82 F. Supp. 3d at 1332 (taxing printing costs at $0.25 per page); *TYR Tactical*, 2018 WL 3110799, at *15 (granting full award of approximately $10,000 in photocopying costs).  Supporting invoices are attached as Exhibit F.  *See Barrera*, 900 F. Supp. 2d at 1334 (holding that "specific explanations [for the need and use of any particular copy] are not required").  Ms. Pete has omitted any costs incurred for counsel's convenience, such as for custom tabs and delivery, as well as the costs of printing trial boards or "physical exhibits such as models and charts."  *Powell v. The Home Depot, U.S.A., Inc.*, 2010 WL 4116488, at *15–16 (S.D. Fla. Sept. 14, 2010), *report and recommendation adopted*, 2010 WL 4102933 (S.D. Fla. Oct. 18, 2010).

On November 12, Ms. Pete incurred a total of $2,803.78 to print select deposition and hearing transcripts, disclosures by the parties, key pleadings, and court orders.  "Photocopies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing

party, copies of exhibits, and documents prepared for the Court's consideration are all recoverable." *Id.*, at *15 (quoting *Fla. Keys Citizens Coal., Inc. v. U.S. Army Corps of Eng'rs*, 386 F. Supp. 2d 1266, 1270 (S.D. Fla. 2005)) (internal quotation marks omitted). Ms. Pete used each of these printed documents to craft substantive arguments, impeach witnesses, facilitate deposition designations, refine the verdict form and jury instructions, and comply with the Court's rulings.

On November 16, Ms. Pete printed trial exhibits from the Joint, Plaintiff, and Defendant lists, totaling $16,035.44. Any surcharge incurred was necessary to ensure that the exhibits were ready ahead of trial the following day. Costs of printing trial exhibits can be taxed. *Palma v. Safe Hurricane Shutters, Inc.*, 895 F. Supp. 2d 1268, 1272–73 (S.D. Fla. 2012) (granting photocopying costs, including for "trial exhibits for use at trial").

Ms. Pete also seeks the costs of copying exhibits from the criminal trial *People v. Daystar Peterson*, Case No. BA490599, which were, in turn, used as exhibits in this civil case. *See, e.g.*, Trial Exs. J-39, J-120, J-123, J-124, J-502, J-503. Ms. Pete needed to seek the leave of both the California trial and appellate courts to copy these exhibits. Ms. Pete seeks a total of $761.80 as charged by a vendor to copy these physical exhibits at the courthouse.

In sum, Ms. Pete's request for printing fees is conservative, representing a fraction of what was necessarily incurred to litigate this case through trial.

E.    **Witness Fees Comply with 28 U.S.C. § 1821.**

Ms. Pete seeks witness fees, which are taxable costs under 28 U.S.C. § 1920(3). *See, e.g.*, *Barrera*, 900 F. Supp. 2d at 1334 (awarding witness fees); *Hard Rock Cafe Int'l (USA), Inc.*, 2018 WL 1863778, at *10–11 (recommending recovery of witness fees and expenses). At trial, Ms. Pete presented live testimony from Dr. Lenore Walker, Amiel Holland-Briggs, and Sean McDermott, among others. Pursuant to 28 U.S.C. § 1821, Ms. Pete requests covered costs for attendance fees, transportation, and accommodation. Supporting documents for Dr. Lenore Walker is attached as Exhibit G, as Exhibit H for Amiel Holland-Briggs, and as Exhibit I for Sean McDermott.

Under 28 U.S.C. § 1821(b), a witness is entitled to a trial attendance fee of $40 per day, as well as "for the time necessarily occupied in going to and returning from the place of attendance." Under 28 U.S.C. § 1821(c)(1), a witness should be provided with the cost of travel in full at the "most economical rate reasonably available." Moreover, 28 U.S.C. § 1821(d)(1) provides a subsistence allowance at per diem rates established by the GSA "when an overnight stay is required

at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day." For Miami-Dade County during the month of November 2025, the GSA set a daily per diem rate of $145 for lodging.[5]

**Dr. Lenore Walker:** Dr. Walker is a clinical and forensic psychologist who examined and diagnosed Ms. Pete as having post traumatic stress disorder ("PTSD"). Dr. Walker testified on November 19, 2025. Plaintiff requests her lodging cost of $580 per the GSA rate, local transportation cost of $24.60, and attendance fee of $120 for two days of travel and one day of testimony, for a total of $724.60.

**Amiel Holland-Briggs:** Mr. Holland-Briggs formerly worked as a content moderator for Defendant. Mr. Holland-Briggs flew in from out of state to testify on November 20, 2025. Plaintiff seeks his lodging cost of $435, economy flight fare of $993.96, and local transportation cost of $308.76, for a total of $1,737.72.

**Sean McDermott:** Mr. McDermott is the Managing Director of FTI Consulting, an outside forensic expert approved by the parties to image Defendant's phone. Mr. McDermott testified on November 20, 2025. Plaintiff seeks his lodging cost of $290, local transportation cost of $355.19, and his attendance fee of $120 for two days of travel and one day of testimony, for a total of $765.19.

## IV.    CONCLUSION

WHEREFORE, Ms. Pete respectfully requests that the Court tax $68,850.79 as costs in her favor and against Defendant.

---

[5]    *See* "FY 2026 per diem rates for Miami, Florida," U.S. GENERAL SERVICES ADMINISTRATION, https://www.gsa.gov/travel/plan-book/per-diem-rates/per-diem-rates-results?action=perdiems_report&fiscal_year=2026&state=FL&city=Miami&zip= (last visited Dec. 28, 2025).

Dated: January 2, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP


*/s/ Daniel L. Humphrey*

Mari F. Henderson (pro hac vice)
Marie Hayrapetian (pro hac vice)
marihenderson@quinnemanuel.com
mariehayrapetian@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

Daniel L. Humphrey (Fla. Bar No. 1024695)
danielhumphrey@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
2601 S. Bayshore Drive, Suite 1500
Miami, FL 33133
(305) 402-4880

Joanna E. Menillo (pro hac vice)
Stephanie Kelemen (pro hac vice)
joannamenillo@quinnemanuel.com
stephaniekelemen@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 Fifth Avenue
New York, NY 10010
(212) 849-7050

*Attorneys for Plaintiff Megan Pete*

10

## <u>CERTIFICATE OF CONFERRAL</u>

Pursuant to Local Rule 7.3(c), **I HEREBY CERTIFY** that the undersigned counsel for Ms. Pete conferred with counsel for Defendant on December 30 and 31, 2025, and January 2, 2026 in a good-faith effort to resolve disputed costs.  However, Defendant objects to the relief sought herein.

*/s/ Daniel L. Humphrey*
Daniel L. Humphrey

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on January 2, 2026, I electronically filed the foregoing documents with the Clerk of the Court using CM/ECF, through which a true and correct copy of the foregoing was served on the following:

Jeremy McLymont, Esq.
AsiliA Law Firm, P.A.
33 SW 2nd Ave., Ste. 1100
Miami, FL 33130
(786) 420-3014
jeremy@asilialaw.com

*/s/ Daniel L. Humphrey*
Daniel L. Humphrey
