# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

MEGAN PETE, an individual,

     Plaintiff,

v.

MILAGRO ELIZABETH COOPER,
an individual,

     Defendant.

Case No. 1:24-cv-24228-CMA

---

### NOTICE OF FILING DEFENDANT MILAGRO ELIZABETH COOPER'S RESPONSE AND REPLY IN OPPOSITION TO PLAINTIFFS MOTION FOR PERMANENT INJUNCTION

Plaintiff MEGAN PETE ("Plaintiff"), by and through her undersigned counsel, hereby give notice of filing Defendant Milagro Elizabeth Cooper's Pro Se Response and Reply in Opposition to Plaintiff Megan Pete's Motion for Entry of Permanent Injunction against Cyberstalking Pursuant to Section 784.0485, Florida Statutes, filed on December 17, 2025, [DE 250], which was sent to the undersigned and to the Court via United States mail.

[Signature Page and Certificate of Service to Follow]

Dated:  January 29, 2026

*/s/ Alejandro Brito*
Alejandro Brito (Fla. Bar. No 098442)
Jalaine Garcia (Fla. Bar. No. 058632)
abrito@britopllc.com
jgarcia@britopllc.com
BRITO, PLLC
2121 Ponce de Leon Boulevard, Suite 650
Miami, FL 33134
(305) 614-4071


Mari F. Henderson (pro hac vice)
Marie Hayrapetian (pro hac vice)
marihenderson@quinnemanuel.com
mariehayrapetian@quinnemanuel.com
QUINN    EMANUEL    URQUHART    &
SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

Daniel L. Humphrey (Fla. Bar No. 1024695)
danielhumphrey@quinnemanuel.com
QUINN    EMANUEL    URQUHART    &
SULLIVAN, LLP
2601 S. Bayshore Drive, Suite 1500
Miami, FL 33133
(305) 402-4880

Joanna E. Menillo (pro hac vice)
Stephanie Kelemen (pro hac vice)
joannamenillo@quinnemanuel.com
stephaniekelemen@quinnemanuel.com
QUINN    EMANUEL    URQUHART    &
SULLIVAN, LLP
295 Fifth Avenue
New York, NY 10010
(212) 849-7050

*Attorneys for Plaintiff Megan Pete*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 29, 2026, a true and correct copy of the foregoing was served via electronic mail on the following:

Milagro Elizabeth Cooper
Defendant, Pro Se
21175 Tomball Parkway #529
Houston, TX 77070
Email: milagrogramz@gmail.com


*/s/ Alejandro Brito*
Alejandro Brito

**BRITO, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.: 24-24228-CIV-ALTONAGA

**MEGAN PETE,**

  Plaintiff,

v.

**MILAGRO ELIZABETH COOPER,**

  Defendant.

_____/

## DEFENDANT MILAGRO ELIZABETH COOPER'S PRO SE RESPONSE AND REPLY

## IN OPPOSITION TO PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION

Defendant, Milagro Elizabeth Cooper, appearing pro se, respectfully submits this consolidated Response and Reply in Opposition to Plaintiff's Motion for Permanent Injunction. Plaintiff seeks an extraordinary and unconstitutional restraint on protected speech that is unsupported by the record, contrary to the jury's findings, and inconsistent with controlling First Amendment law.

## I. INTRODUCTION AND PROCEDURAL POSTURE

Plaintiff's request for a permanent injunction arises after a jury trial in which the jury expressly determined that Defendant qualifies as a media defendant under Florida law. Plaintiff's defamation claim was dismissed as a matter of law for failure to comply with Florida's mandatory pre suit notice requirement. Despite that dismissal, Plaintiff now seeks to impose speech restrictions through alternative theories, effectively attempting to revive a defamation claim that no longer exists. The Court retained limited jurisdiction solely to consider Plaintiff's injunction request, which does not authorize unconstitutional restraints on protected speech or relitigation of issues already resolved by the jury.

## II. PLAINTIFF CANNOT SATISFY THE STANDARD FOR A PERMANENT INJUNCTION

A permanent injunction is an extraordinary remedy requiring proof of actual success on the merits, irreparable harm, that the balance of equities favors the movant, and that the injunction would serve the public interest. Plaintiff cannot satisfy any of these elements.

## III. PLAINTIFF CANNOT SHOW SUCCESS ON THE MERITS

The defamation claim has been dismissed, and the jury expressly found that Defendant functions as a media defendant. Plaintiff's attempt to relitigate media status by selectively citing pretrial remarks ignores the evidentiary record. Florida law applies as a matter of law once the jury made this factual determination.

## IV. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CANNOT SUPPORT INJUNCTIVE RELIEF AND NO MALICIOUS INTENT EXISTS

Plaintiff relies heavily on intentional infliction of emotional distress, but IIED cannot be used as an end run around a failed defamation claim. Trial evidence and testimony demonstrated that there was no malicious intent on Defendant's part regarding the alleged deepfake content. Defendant was live on air when the video was first brought to her attention. Her reaction reflected genuine surprise and uncertainty. She explained in real time how viewers could access content through a public platform feature. The content remained accessible for approximately fifteen minutes and was removed. Defendant openly opposed AI generated content and stated that if the video was fake, Plaintiff should pursue legal action against its creator. Defendant only learned the content was fabricated after Plaintiff publicly stated so. The content was already circulating publicly, and there was no intent to deceive, harm, or target Plaintiff. These facts do not satisfy the elements of IIED and cannot justify a prior restraint. Plaintiff's IIED claim also fails for lack of specificity and existing content.

Plaintiff's reliance on IIED is further deficient because Plaintiff has failed to identify any specific post, statement, or publication that allegedly supports her IIED claim. At no point in her

motion does Plaintiff pinpoint a particular post, date, caption, video, or piece of content authored by Defendant that allegedly constitutes extreme or outrageous conduct. This omission is fatal. A claim for IIED, particularly one invoked to justify injunctive relief, requires identification of the exact conduct alleged to be unlawful. Generalized references to online harassment or unspecified social media activity are legally insufficient and cannot support the extraordinary remedy of a permanent injunction.

This failure is especially significant here because the social media pages Plaintiff broadly references no longer exist. Defendant's prior pages have been deleted, are inaccessible, and cannot be reviewed or evaluated by this Court. Plaintiff does not identify any surviving content currently available to the public, nor does she explain how an injunction could be fashioned when the allegedly offending speech has not been identified and the referenced platforms are defunct. An injunction cannot issue in a factual vacuum, and the Court cannot restrain speech based on speculation or hypothetical future conduct untethered to an actual identifiable publication.

Plaintiff's attempt to proceed without identifying a specific post underscores that the IIED theory is being used as an improper substitute for her dismissed defamation claim. Without a specific post, there is no basis for assessing intent, context, severity, or outrageousness, each of which is required to sustain an IIED claim. The absence of an identified publication also precludes any finding of irreparable harm, as Plaintiff has not shown that any existing content continues to cause injury or poses an imminent threat.

## V. DEFENDANT'S POST TRIAL CONDUCT UNDERMINES ANY CLAIM OF IRREPARABLE HARM

Following trial, Defendant voluntarily limited her public commentary. She participated in post trial interviews solely to discuss her personal experience and reaction to the verdict. Defendant did not direct threats, harassment, or commentary toward Plaintiff, nor did she encourage others to do so. Even after any gag order was lifted, Defendant chose not to discuss

Plaintiff on her show. Plaintiff cannot establish irreparable harm where speech has been affirmatively limited and no imminent injury exists.

## VI. RESPONSE TO AMICUS CURIAE ARGUMENTS

Amicus briefs filed in support of Plaintiff, including the recent filing by Roberta Kaplan, improperly attempt to reframe protected commentary as harassment and advocacy as non media conduct. These arguments ignore the jury's finding and misstate Florida law, which determines media status by function, not viewpoint neutrality. Speculation about motive or bias cannot justify an injunction or override First Amendment protections.

## VII. PRIOR RESTRAINT AND THE PUBLIC INTEREST

The injunction sought would constitute a prior restraint, which is presumptively unconstitutional particularly where the speaker is a media defendant commenting on public proceedings. The public interest strongly favors protecting free expression and press activity.

## VIII. CONCLUSION

Plaintiff has not met the heavy burden required for a permanent injunction. The request disregards the jury's findings, attempts to revive a barred claim, and seeks to restrict constitutionally protected speech.

Plaintiff's Motion for Permanent Injunction should be denied in its entirety.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 9, 2026, I served the foregoing Response and Reply in Opposition to Plaintiff's Motion for Permanent Injunction by depositing a true and correct copy in the United States Mail, postage prepaid, addressed to the Clerk of Court and all counsel of record.

Alejandro Brito (Fla. Bar. No 098442)

Jalaine Garcia (Fla. Bar. No. 058632)

abrito@britopllc.com

jgarcia@britopllc.com

BRITO, PLLC

2121 Ponce de Leon Boulevard, Suite 650

Miami, FL 33134

(305) 614-4071


Mari F. Henderson (pro hac vice)

Marie Hayrapetian (pro hac vice)

marihenderson@quinnemanuel.com

mariehayrapetian@quinnemanuel.com

QUINN EMANUEL URQUHART SULLIVAN, LLP

865 South Figueroa Street, 10th Floor

Los Angeles, CA 90017

(213) 443-3000

John O'Sullivan (Fla. Bar No. 143154)

Daniel L. Humphrey (Fla. Bar No. 1024695)

johnosullivan@quinnemanuel.com

danielhumphrey@quinnemanuel.com

QUINN EMANUEL URQUHART SULLIVAN, LLP

2601 S. Bayshore Drive, Suite 1500

Miami, FL 33133

(305) 402-4880


Joanna E. Menillo (pro hac vice)

Stephanie Kelemen (pro hac vice)

joannamenillo@quinnemanuel.com

stephaniekelemen@quinnemanuel.com

QUINN EMANUEL URQUHART SULLIVAN, LLP

295 Fifth Avenue

New York, NY 10010

(212) 849-7050


Respectfully submitted,

Milagro Elizabeth Cooper

Defendant, Pro Se

21175 Tomball Pkwy #529

Houston, TX 77070

Tel: (614) 662-2474

Email: Milagrogramz@gmail.com