**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 24-24228-CIV-ALTONAGA

MEGAN PETE,

      Plaintiff,

v.

MILAGRO ELIZABETH COOPER,

      Defendant.

FILED BY _____ D.C.

JUN - 2 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## DEFENDANT'S MOTION TO STAY ENFORCEMENT OF AMENDED FINAL JUDGMENT PENDING APPEAL

Defendant Milagro Elizabeth Cooper, appearing pro se, respectfully moves for a stay of enforcement of the Amended Final Judgment pending appeal.

## INTRODUCTION

Defendant has filed an appeal to the United States Court of Appeals for the Eleventh Circuit. A stay is requested to preserve the status quo during appellate review and to avoid irreparable hardship while substantial appellate issues are considered.

## BACKGROUND

1. The Court entered an Amended Final Judgment.

2. Defendant timely sought appellate review.

3. Enforcement during the pendency of the appeal may create significant hardship and impair Defendant's ability to effectively pursue appellate relief.

## LEGAL STANDARD

Federal Rule of Civil Procedure 62 permits a stay of enforcement pending appeal. Courts consider the likelihood of success on appeal, irreparable harm, injury to other parties, and the public interest.

## ARGUMENT

**A. The appeal raises substantial legal questions.**

Defendant contends that significant issues remain regarding post-trial rulings, the reinstatement of the defamation verdict, and other issues preserved for appellate review.

### B. Immediate enforcement may cause irreparable hardship.

I am an individual and self-employed media commentator, researcher, and content creator. My primary source of self-employment income is derived from operating multiple online media platforms through which I gather information, conduct research, provide commentary, and disseminate information to the public on matters of public interest.

Unlike a corporation or large business entity, my income is dependent upon audience support, subscriptions, platform monetization, and other revenue sources that naturally fluctuate from month to month. I do not possess substantial liquid assets and do not have the financial resources necessary to immediately satisfy the judgment or post a full supersedeas bond.

I am also responsible for contributing to the support and maintenance of my household and my two minor children. As a self-employed individual, I must account for ordinary business expenses and tax obligations associated with operating my media platforms.

I do not own substantial assets that could be liquidated to satisfy the judgment, and I lack the financial ability to obtain a full supersedeas bond.

Immediate collection efforts would create a substantial hardship and could significantly impair my ability to pursue my appeal, including costs associated with filing fees, transcripts, record preparation, legal research, and other necessary appellate expenses. Absent a stay, collection efforts could begin before the Eleventh Circuit has an opportunity to review the substantial legal issues presented on appeal.

### C. A stay preserves the status quo.

Maintaining the status quo until appellate review is completed serves judicial economy and prevents potentially unnecessary collection proceedings.

### D. Alternative Security.

Pursuant to Federal Rule of Civil Procedure 62(b), and in connection with my pending appeal and the procedures contemplated by Federal Rule of Appellate Procedure 8(a)(1)(A), I respectfully request that the Court waive, reduce, or otherwise modify any supersedeas bond requirement.

As set forth above, I lack the financial ability to post a full supersedeas bond and do not possess substantial liquid assets that could readily be used to secure such a bond. Requiring a full bond under these circumstances would effectively deprive me of meaningful appellate

review and impose a substantial hardship upon me and my family while my appeal is pending.

I have timely filed a Notice of Appeal and am pursuing appellate review in good faith. The requested stay would preserve the status quo while the appeal is pending and would not substantially prejudice Plaintiff. By contrast, denial of a stay could substantially interfere with my ability to obtain meaningful appellate review.

In the alternative, I respectfully request that the Court permit such alternative security, reduced bond, or other conditions as the Court deems appropriate under the circumstances.

## CONCLUSION

Defendant respectfully requests that the Court stay enforcement of the Amended Final Judgment pending appeal and grant any further relief deemed just and proper. Pursuant to Local Rule 7.1(a)(3), I conferred with Plaintiff's counsel regarding the relief requested in this Motion. Plaintiff opposes the requested stay of enforcement pending appeal.

Respectfully submitted,

Milagro Elizabeth Cooper
Defendant, Pro Se
21175 Tomball Pkwy #529
Houston, TX 77070
Tel: (614) 662-2474
Email: Milagrogramz@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the *1st* day of June, 2026, I served the foregoing Defendant's Motion to Stay Enforcement of Amended Final Judgment Pending Appeal by depositing a true and correct copy in the United States Mail, postage prepaid, addressed to the Clerk of Court and all counsel of record.

Alejandro Brito (Fla. Bar. No 098442)
Jalaine Garcia (Fla. Bar. No. 058632)
abrito@britopllc.com
jgarcia@britopllc.com
BRITO, PLLC
2121 Ponce de Leon Boulevard, Suite 650
Miami, FL 33134
(305) 614-4071

Mari F. Henderson (pro hac vice)
Marie Hayrapetian (pro hac vice)
marihenderson@quinnemanuel.com
mariehayrapetian@quinnemanuel.com
QUINN EMANUEL URQUHART SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

John O'Sullivan (Fla. Bar No. 143154)
Daniel L. Humphrey (Fla. Bar No. 1024695)
johnosullivan@quinnemanuel.com
danielhumphrey@quinnemanuel.com
QUINN EMANUEL URQUHART SULLIVAN, LLP
2601 S. Bayshore Drive, Suite 1500
Miami, FL 33133
(305) 402-4880

Joanna E. Menillo (pro hac vice)
Stephanie Kelemen (pro hac vice)
joannamenillo@quinnemanuel.com

stephaniekelemen@quinnemanuel.com
QUINN EMANUEL URQUHART SULLIVAN, LLP
295 Fifth Avenue
New York, NY 10010
(212) 849-7050

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-24228-CIV-ALTONAGA

MEGAN PETE, Plaintiff,

v.

MILAGRO ELIZABETH COOPER, Defendant.

_____/

# PROPOSED ORDER GRANTING MOTION TO STAY ENFORCEMENT OF AMENDED FINAL JUDGMENT PENDING APPEAL

THIS CAUSE came before the Court upon Defendant's Motion to Stay Enforcement of the Amended Final Judgment Pending Appeal. The Court has reviewed the Motion and the record and finds that a stay is appropriate.

Accordingly, it is **ORDERED AND ADJUDGED** that:
1. The Motion is **GRANTED**.
2. Enforcement of the Amended Final Judgment is **STAYED** pending resolution of Defendant's appeal.
3. Any supersedeas bond requirement is waived, reduced, or otherwise modified as determined by the Court.

DONE AND ORDERED in Chambers in the Southern District of Florida on this ____ day of _____, 2026.


_____
**CECILIA M. ALTONAGA**
CHIEF UNITED STATES DISTRICT JUDGE

