**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

MEGAN PETE, an individual,

      Plaintiff,

v.

MILAGRO ELIZABETH COOPER,
an individual,

      Defendant.

Case No. 1:24-cv-24228-CMA

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION**
**TO STAY ENFORCEMENT OF AMENDED FINAL JUDGMENT PENDING APPEAL**

Plaintiff MEGAN PETE ("Plaintiff"), by and through her undersigned counsel, hereby submits this response in opposition to the Motion to Stay Enforcement of Amended Final Judgment Pending Appeal [ECF No. 319] (the "Motion") filed by Defendant MILAGRO ELIZABETH COOPER ("Defendant"), and in support states as follows:

**INTRODUCTION**

Defendant asks this Court to indefinitely suspend a $75,000 money judgment while simultaneously conceding that she has no liquid assets, no ability to pay, and no means of securing the money judgment. That admission is not a basis for relief. It is the very danger that the supersedeas bond exists to prevent. Under settled law, a full bond is the norm for staying a money judgment, and the burden rests squarely on the judgment debtor to justify any departure. Far from carrying that burden, Defendant's own representations establish the very risk that the bond exists to guard against—that Plaintiff will be left with an empty, uncollectible judgment after a meritless appeal runs its course.

The Motion is also notable for what it omits. Defendant—who orchestrated a sustained, paid campaign to defame Plaintiff and destroy her reputation—now casts herself as a sympathetic figure burdened by family obligations and fluctuating income. The Court should see the Motion for what it is. The same Defendant who showed no hesitation when she broadcast that Plaintiff was a liar, directed her audience to a deep-fake pornographic video of Plaintiff, and threatened to run Plaintiff over with a car, now pleads for the Court's solicitude so that she may avoid the consequences of a jury's verdict and this Court's judgment. Sympathy cannot displace the governing legal standard. Defendant's Motion should be denied in its entirety, and if any stay is to issue, it should be conditioned upon a full supersedeas bond in the amount of the judgment plus anticipated interest and costs.

## ARGUMENT

### I.      Legal Standard

Under Federal Rule of Civil Procedure 62(b), a party may obtain a stay of enforcement of a money judgment pending appeal "by providing a bond or other security," which "takes effect when the court approves the bond or other security." Fed. R. Civ. P. 62(b). The purpose of that security is to protect the prevailing party. *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190–91 (5th Cir. 1979) ("[T]he purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal.").

Because this is a money judgment, a full supersedeas bond is required absent extraordinary circumstances." *Poplar Grove*, 600 F.2d at 1191. The burden of justifying any such departure rests entirely on the judgment debtor: "If a court chooses to depart from the usual requirement of a full security supersedeas bond . . . , it should place the burden on the moving party to objectively

demonstrate the reasons for such a departure. It is not the burden of the judgment creditor to initiate contrary proof." *Id.*

Departure from the full-bond requirement is permitted in only "two rare instances": (1) where "the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money," or (2) where "the requirement would put the defendant's other creditors in undue jeopardy." *Sweet Additions Ingredient Processors, LLC v. Meelunie America, Inc.,* 2024 WL 5375561, at *1 (S.D. Fla. June 13, 2024) (quotation marks and citations omitted). Even then, "the court can only depart from the bond requirement if other actions can be taken that would 'furnish equal protection to the judgment creditor.'" *Id.* (quoting *Poplar Grove,* 600 F.2d at 1191). Moreover, waiver is available only "after the judgment debtor has objectively demonstrated [her] ability to satisfy the judgment *and* maintain the same degree of solvency through the appellate process." *Fitzgerald,* 2025 WL 1865665, at *2 (quotation marks and citation omitted).

Separately, to the extent that the Motion seeks a discretionary stay, the movant must satisfy a four-factor test, and bears a "heavy burden" to do so: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent a stay; (3) that a stay will not substantially injure other interested parties; and (4) that the public interest favors a stay. *Rubinstein v. Keshet Inter Vivos Trust,* 2021 WL 3141944, at *1 (S.D. Fla. Jan. 29, 2021) ("A stay pending appeal is an extraordinary remedy for which the moving party bears a heavy burden."). Defendant cannot satisfy any of these factors.

These two standards converge on the same point. Whether the Court analyzes the Motion under Rule 62(b) or under the discretionary four-factor test, "Southern District of Florida federal courts follow the rule that a bond is the norm for obtaining a stay." *Fitzgerald v. McNae,* 2025 WL 1865665, at *2 (S.D. Fla. June 17, 2025) (quotation marks and citation omitted). Local Rule 62.1

3

reinforces that norm, requiring a supersedeas bond of 110 percent of the judgment, subject to the Court's discretion to direct otherwise "upon application of a party." S.D. Fla. L.R. 62.1.

**II.      Defendant Has Not Carried – and Cannot Carry – Her Burden to Justify an Unsecured Stay.**

The Motion fails at the threshold. Defendant bears the burden to objectively demonstrate why she should be excused from the ordinary requirement of posting a full supersedeas bond. *Poplar Grove*, 600 F.2d at 1191. She does not meet that burden.

Instead, Defendant offers only generalized, unsworn assertions that she is "self-employed," that her income "fluctuate[s] from month to month," that she lacks "substantial liquid assets," and that she supports a household. [ECF No. 319 at 2]. She submits no declaration under penalty of perjury, no financial affidavit, no tax returns, no bank statements, and no other documentary evidence. A movant cannot meet an evidentiary burden with conclusory argument in a brief. *See Poplar Grove,* 600 F.2d at 1191 (the debtor must "objectively demonstrate" the basis for departure; "[i]t is not the burden of the judgment creditor to initiate contrary proof"). Courts in this District routinely deny stays on this type of record. *See Sweet Additions,* 2024 WL 5375561, at *2 (denying a stay where the judgment debtor "set forth [no] objective facts that would permit the Court to depart from the bond requirement of Rule 62" and "offer[ed] no assurances or procedure by which [the creditor's] rights as judgment creditor would be protected"). Defendant's Motion is no different. Her failure of proof is dispositive. And even if the Court credited her unsupported assertions, they would defeat her request rather than support it, as explained below.

**BRITO, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

**A.      Defendant's Asserted Inability to Pay Weighs Heavily Against a Stay.**

The centerpiece of the Motion is Defendant's claim that she "lack[s] the financial ability to obtain a full supersedeas bond" and does "not own substantial assets that could be liquidated to satisfy the judgment." [ECF No. 319 at 2]. But this argument cuts the wrong way. The bond exists precisely to protect the judgment creditor against the risk that a debtor will be unable to pay if the judgment is affirmed. A debtor's plea of poverty *confirms* the need for security. It does not excuse it.

Courts confronting the very argument that Defendant advances have rejected it. In *Fitzgerald*, the defendant—like Defendant here, proceeding pro se—argued that her dire finances justified a stay without bond, stating that she was "unemployed, representing [her]self, and currently receive[d] food assistance" and "simply d[id] not have" the resources to pay. 2025 WL 1865665, at *2 (alterations added). The court held that this admission "defeats [her] contention that this case is a rare instance where a bond is unnecessary," because her financial condition "reveal[ed] that she will have difficulty maintaining solvency throughout the appellate process," and "a prospective inability to pay a judgment must defeat the request for a stay without a bond." *Id.* (quotation marks and citations omitted). The court required a bond and denied the stay. The same result follows here, with even greater force.

Defendant's own description of her finances makes the point starkly. She represents that her income derives from "audience support, subscriptions, platform monetization, and other revenue sources that naturally fluctuate from month to month," that she holds no "substantial liquid assets," and that she cannot secure the judgment at all. [ECF No. 319 at 2]. A judgment creditor facing a debtor with volatile, monetizable, and easily diverted income streams and no fixed assets confronts the maximum risk of non-collection. Defendant asserts the opposite of the "ease" that

**BRITO, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

waiver requires. That places her squarely in the camp of debtors to whom courts deny unsecured stays, not the rare camp to whom they are granted. The bond is not a "waste of money" here. It is the only thing standing between Plaintiff's judgment and Defendant's self-described insolvency.

**B.      Defendant Cannot Demonstrate a Likelihood of Success on Appeal.**

To the extent that the Motion seeks a discretionary stay, Defendant must show a strong likelihood of success on the merits, which is among "the most critical" factors. *Nken v. Holder,* 556 U.S. 418, 434 (2009). The Motion does not even attempt to do so. Instead, it offers only the vague assertion that "significant issues remain regarding post-trial rulings, the reinstatement of the defamation verdict, and other issues preserved for appellate review." [ECF No. 319 at 1]. This District recently rejected materially identical briefing. In *Fitzgerald,* the court denied a pro se defendant's motion to stay where the motion "present[ed] no coherent argument as to Defendant's likelihood of success on the merits of her appeal, much less a 'strong showing,'" asserting only that the appeal "raise[d] serious and unresolved legal issues" while citing "no legal authority in support." 2025 WL 1865665, at *1. Defendant's Motion is no different. Indeed, its reference to unspecified "significant issues" is the same empty formulation that the *Fitzgerald* court found insufficient.

More fundamentally, the Motion mistakes the scope of what is on appeal. The judgment does not rest on a single, contestable post-trial ruling. It rests on a jury verdict for Plaintiff on all three of her claims. [ECF No. 226]. Counts II and III have been reduced to judgment on that verdict since December 2025 [ECF No. 226], and Defendant has been free to challenge them on appeal since she filed her Notice of Appeal on January 2, 2026 [ECF No. 283]. Yet her Motion identifies no error in the verdict. That silence is fatal to her showing, because a jury verdict is reviewed deferentially and will stand if supported by substantial evidence. Having articulated no ground for

6

disturbing the verdict on Counts II and III, Defendant cannot show a likelihood of success as to the bulk of the judgment.

Defendant is no more likely to overturn the reinstatement of Count I. The Court reinstated the defamation verdict under Rule 60(b)(6), a ruling reviewed for abuse of discretion. *See Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006). And the Court rested that ruling on two independent grounds, either of which alone supports it: that it had repeatedly assured the parties that the media-defendant issue would remain open to post-verdict briefing, on which they relied in submitting the issue to the jury [ECF No. 317 at 19–20]; and that the trial record established as a matter of law that Defendant was "commissioned by the Petersons to publish or broadcast the three defamatory statements," so that no pre-suit notice was required under section 770.01 of the Florida Statutes [ECF No. 317 at 23–24]. The Motion does not engage with either ground or with the extensive evidence underlying the second. On this record, Defendant's prospects of disturbing any part of the judgment are exceedingly remote, and she has offered nothing to suggest otherwise.

**C.     Defendant Will Suffer No Irreparable Harm, While a Stay Would Substantially Prejudice Plaintiff.**

Defendant claims that immediate enforcement would impair her ability to fund her appeal. [ECF No. 319 at 2]. But a money judgment, by definition, inflicts only economic injury, and "[m]ere injuries, however substantial, in terms of money . . . are not enough" to constitute irreparable harm. *Lustig v. Stone,* 2016 WL 8983414, at *2 (S.D. Fla. Mar. 7, 2016) (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)); *see Nken*, 556 U.S. at 434–35. Courts in this District apply that principle directly to judgment debtors seeking stays: monetary injuries "are not typically considered to be irreparable where the party can be quantifiably made whole," and the prospect of having to recover funds paid in satisfaction of a judgment should the debtor later prevail does not

constitute irreparable harm. *Rubinstein*, 2021 WL 3141944, at *2 (collecting cases). To the extent that Defendant invokes more diffuse hardships to herself and her family, such concerns are "speculative and insufficient to warrant a stay." *Fitzgerald*, 2025 WL 1865665, at *1 (quotation marks and citation omitted). The expense of prosecuting an appeal is an ordinary incident of litigation, not an irreparable harm warranting the suspension of Plaintiff's rights as a judgment creditor.

The balance of harms tilts entirely in Plaintiff's favor. Plaintiff is the prevailing party after a hard-fought trial, and she is entitled to the fruits of her judgment. The harm to a judgment creditor from an unsecured stay—"further delay in enforcing the judgment at [the creditor's] expense"— is precisely the harm that courts in this District weigh against the movant. *See Rubinstein*, 2021 WL 3141944, at *2; *Fitzgerald,* 2025 WL 1865665, at *2. By Defendant's own account, every month that enforcement is stayed is a month in which fluctuating, monetizable income may be earned, spent, or dissipated beyond Plaintiff's reach, with no asset base left to satisfy the judgment if it is affirmed. An unsecured, open-ended stay would force Plaintiff to bear the entire risk of Defendant's insolvency—exactly the burden that Rule 62(b) and the supersedeas bond requirement are designed to place on the appellant, not the appellee. *Poplar Grove*, 600 F.2d at 1190–91. Nor does the public interest aid Defendant: this is a private dispute, and the public-interest factor is therefore neutral. *See Rubinstein*, 2021 WL 3141944, at *2.

**III.    If Any Stay Issues, It Must Be Conditioned on a Full Supersedeas Bond.**

Should the Court be inclined to enter a stay, it should condition that stay on Defendant's posting of a full supersedeas bond. *See Naval Logistic, Inc. v. M/V Family Time,* 2024 WL 4950155, at *1 (S.D. Fla. Dec. 3, 2024) ("The Court will stay post-judgment discovery if and when the supersedeas bond is posted."); *Poplar Grove*, 600 F.2d at 1191; *see also* S.D. Fla. L.R. 62.1

BRITO, PLLC
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

(requiring a supersedeas bond of 110 percent of the judgment absent a contrary direction from the Court). A court may depart from the bond requirement "only if other actions can be taken that would 'furnish equal protection to the judgment creditor.'" *Sweet Additions,* 2024 WL 5375561, at *1 (quoting *Poplar Grove,* 600 F.2d at 1191). Defendant's request that the Court "waive, reduce, or otherwise modify" the bond requirement [ECF No. 319 at 2] should be rejected for the reasons stated above: she has neither demonstrated that the judgment is plainly secure nor proposed any reliable alternative security to protect Plaintiff. Just as in *Sweet Additions,* Defendant "offers no assurances or procedure by which [Plaintiff's] rights as judgment would be protected." *Id.* at 2. Indeed, Defendant proposes no security at all, not even the contingent, non-cash assets that this District has already held insufficient. In *Rubinstein*, the court rejected a proposed stay backed by an offsetting judgment and an interest in real property, explaining that "the purpose of the . . . supersedeas bond is that the prevailing party's monetary judgment is secure—not contingent." 2021 WL 3141944, at *2-3. If a concrete, multi-million-dollar asset was inadequate security there, Defendant's offer of nothing here cannot suffice. A waiver on this record would convert the bond requirement into a nullity and reward the very impecuniousness that counsels against an unsecured stay.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Stay Enforcement of Amended Final Judgment Pending Appeal in its entirety. In the alternative, should the Court grant any stay, Plaintiff requests that the Court condition the stay on Defendant's posting of a full supersedeas bond in the amount of the judgment, plus anticipated interest and costs, and grant such further relief as the Court deems just and proper.

BRITO, PLLC
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

Dated:  June 16, 2026

*/s/ Alejandro Brito*

| | |
|---|---|
| Alejandro Brito (Fla. Bar. No 098442) | Daniel L. Humphrey (Fla. Bar No. 1024695) |
| Jalaine Garcia (Fla. Bar. No. 058632) | danielhumphrey@quinnemanuel.com |
| abrito@britopllc.com | QUINN  EMANUEL  URQUHART  & |
| jgarcia@britopllc.com | SULLIVAN, LLP |
| BRITO, PLLC | 2601 S. Bayshore Drive, Suite 1500 |
| 2121 Ponce de Leon Boulevard, Suite 650 | Miami, FL 33133 |
| Miami, FL 33134 | (305) 402-4880 |
| (305) 614-4071 | |

Joanna E. Menillo (pro hac vice)
Stephanie Kelemen (pro hac vice)
joannamenillo@quinnemanuel.com
stephaniekelemen@quinnemanuel.com

Mari F. Henderson (pro hac vice)
Marie Hayrapetian (pro hac vice)
marihenderson@quinnemanuel.com
mariehayrapetian@quinnemanuel.com
QUINN    EMANUEL    URQUHART    &
SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

QUINN    EMANUEL    URQUHART    &
SULLIVAN, LLP
295 Fifth Avenue
New York, NY 10010
(212) 849-7050

*Attorneys for Plaintiff Megan Pete*

**BRITO, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

**<u>CERTIFICATE OF SERVICE</u>**

       I hereby certify that on June 16, 2026, a true and correct copy of the foregoing was served via electronic mail on the following:

Milagro Elizabeth Cooper
Defendant, Pro Se
21175 Tomball Parkway #529
Houston, TX 77070
Email: milagrogramz@gmail.com

*/s/ Alejandro Brito*
Alejandro Brito

**BRITO, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071