UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

FILED BY _____ D.C.

JUN 22 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

MEGAN PETE,

    Plaintiff,

v.

MILAGRO ELIZABETH COOPER,

    Defendant.

Case No. 1:24-cv-24228-CMA

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY ENFORCEMENT OF AMENDED FINAL JUDGMENT PENDING APPEAL**

I respectfully submit this reply in further support of my Motion to Stay Enforcement of the Amended Final Judgment Pending Appeal.

Plaintiff's opposition attempts to portray my request as an effort to avoid accountability. That is not what this motion is. I am not asking this Court to erase the judgment. I am not asking this Court to ignore the jury's verdict. I am asking for a stay pending appeal because I am pursuing appellate review in good faith, I do not have the financial ability to post a full supersedeas bond, and immediate enforcement would create severe hardship while my appeal is still pending.

**I. I Have Now Submitted a Sworn Declaration Regarding My Financial Circumstances**

Plaintiff repeatedly argues that my motion did not include sworn financial evidence. In response, I have submitted a declaration under penalty of perjury explaining my financial circumstances.

I am self-employed. My income fluctuates from month to month and is based on subscriptions, audience support, platform monetization, and related content revenue. I do not own a home. I do not have substantial assets. I do not have liquid funds available to post a full supersedeas bond. I support my household and two minor children. I also have ongoing litigation and appeal-related expenses.

My financial hardship is not a new development created for purposes of this motion. It has been a recurring issue throughout this litigation and is reflected in the record. I previously testified under oath regarding my financial circumstances and the substantial strain this case placed upon me. During the course of this litigation, I lost multiple attorneys and, at various stages, relied upon legal assistance provided without compensation. It was also established during these proceedings that I lost one of my primary sources of income, my contract with Stationhead. The loss of that income significantly impacted my ability to support my household and my two minor children and contributed to the financial hardship from which I am still attempting to recover. These circumstances demonstrate that my inability to obtain a full supersedeas bond is not a strategic choice or an effort to delay enforcement, but the result of genuine and longstanding financial limitations.

Plaintiff argues that my inability to pay proves why a bond is necessary. But that argument ignores the practical reality of my situation. A full bond requirement would not preserve the status quo. It would effectively deny me meaningful appellate review because I do not have the resources to obtain such a bond while also maintaining my household and pursuing the appeal.

This is not a case where a wealthy judgment debtor is hiding assets or refusing to secure a judgment. I am a self-employed individual with fluctuating income, no substantial property, and family obligations. I am asking the Court to consider those facts instead of treating me as if I am a corporation or a party with access to unlimited resources.

To protect sensitive personal and financial information relating to myself and my minor children, I have not publicly filed detailed financial records at this time. However, if the Court believes additional documentation is necessary, I am prepared to provide supporting financial records under appropriate protections, including filing under seal or with redactions as directed by the Court.

## II.  My Request for a Stay Is Made in Good Faith

Plaintiff argues that I have not met the requirements for a stay and that enforcement of the judgment should proceed immediately. Respectfully, I disagree. My request is made in good faith and is based upon genuine financial hardship, my inability to obtain a full supersedeas bond, and the substantial issues I intend to present on appeal.

I am not seeking to avoid the judgment, nor am I asking this Court to disregard the jury's verdict. I am exercising my right to appellate review and seeking temporary relief while that review proceeds. My financial difficulties existed long before the filing of the present motion and have been evident throughout this litigation. They are not newly asserted for purposes of this motion, nor are they offered as an excuse to evade responsibility. Rather, they are part of the reality the Court should consider when determining whether a stay or alternative security is appropriate.

## III.  My Appeal Raises Serious Legal Issues

Plaintiff argues that I failed to show a likelihood of success on appeal. I respectfully disagree. At minimum, my appeal raises serious legal questions that warrant preserving the status quo.

This case involves speech, commentary, public figures, public controversy, trial reporting, opinion, intent, and the limits of liability for online commentary. These are not minor issues.

### A. Defamation

I intend to challenge the defamation ruling and the reinstatement of the defamation verdict. My position has always been that my commentary was based on my own observations, my review of the public record, media reports, social media discussion, and my personal attendance in court.

I was not acting as someone secretly directed by the Peterson family. I was not paid by them to attack Plaintiff. I was not commissioned to harass Plaintiff. I was covering this case and discussing issues I believed were important long before I had any contact with Tory Lanez or members of his family.

People followed my reporting because I was asking questions about inconsistencies, contradictions, media coverage, public statements, and the criminal case. I formed opinions based on what I saw, what I heard, what was reported, and what occurred in court.

I respectfully maintain that statements about credibility, inconsistencies, and whether a public figure's account should be believed are protected opinion and commentary, especially in the context of a public controversy.

### B. Actual Malice and Intent

Plaintiff repeatedly frames my conduct as malicious. I dispute that characterization.

I did not act with actual malice. I did not knowingly publish false statements. I did not set out to destroy Plaintiff. I gave commentary and opinions based on the information available to me at the time.

The appeal raises serious issues about whether the evidence was sufficient to establish the required state of mind, especially where the speech involved commentary on a highly public criminal case and public figures.

### C. The Deepfake Issue

Plaintiff again references the deepfake video in highly inflammatory terms. But the context matters.

My position is that I did not create the video. I did not know it was fake when I first became aware of it. I learned about it while live, expressed skepticism, and questioned what it was. I also expressed that I do not like AI-generated sexual content and that, if it was AI, Plaintiff should take legal action. The material was removed within a timely manner.

That is not evidence of malicious intent. It is evidence that the situation unfolded in real time and that I did not knowingly or intentionally promote fake sexual material as true.

At minimum, this issue presents a serious appellate question regarding intent, context, and whether the evidence supports the conclusions reached.

### D. Intentional Infliction of Emotional Distress

The appeal also raises serious issues regarding the intentional infliction of emotional distress claim.

Florida law sets a very high standard for IIED. Harsh commentary, criticism, public disagreement, and speech that hurts someone's feelings do not automatically meet that

standard.

This case involved commentary about a public controversy involving public figures, media narratives, criminal proceedings, and matters of public concern. I respectfully dispute that my commentary meets the extreme and outrageous standard required under Florida law.

## IV.  Plaintiff Will Not Be Unfairly Prejudiced By a Stay

Plaintiff argues that she is entitled to collect immediately. I understand that she has a judgment. But the purpose of a stay pending appeal is to preserve the status quo while appellate review is ongoing.

If immediate enforcement begins, I face significant hardship. I am self-employed, my income fluctuates, I support my household, and I have two minor children. I do not have a salary, home equity, or substantial assets to absorb enforcement efforts.

By contrast, a temporary stay would not erase Plaintiff's judgment. It would only pause enforcement while the appeal proceeds.

## V.   If the Court Requires Security, I Respectfully Request Reduced or Alternative Security

If the Court determines that some form of security is required, I respectfully request that the Court consider a reduced bond or alternative security instead of requiring a full supersedeas bond that I cannot obtain.

A full bond would impose an impossible burden. I ask the Court to consider alternatives that are realistic given my financial circumstances, including a reduced bond, periodic payments, reporting requirements, or any other condition the Court deems appropriate.

## VI. Conclusion

This case is not over. I have appealed, and I believe the appeal raises serious legal issues regarding speech, opinion, actual malice, intent, the reinstatement of the defamation verdict, and the sufficiency of the evidence supporting the judgment.

I am not asking for special treatment. I am asking for a fair opportunity to pursue appellate review without being financially crushed before that review occurs.

For these reasons, I respectfully request that the Court grant my Motion to Stay Enforcement of the Amended Final Judgment Pending Appeal. Alternatively, if the Court requires security, I respectfully request that the Court impose reduced or alternative security based on my sworn financial circumstances.

Respectfully submitted,

MILAGRO ELIZABETH COOPER

Defendant, Pro Se

21175 Tomball Parkway #529

Houston, Texas 77070

Email: milagrogramz@gmail.com

---

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on _June 19_, 2026, I served a true and correct copy of the foregoing Defendant's Reply in Support of Motion to Stay Enforcement of Amended Final Judgment Pending Appeal by depositing the same in the United States Mail, postage prepaid, addressed to the following counsel of record:

Alejandro Brito (Fla. Bar. No. 098442)
Jalaine Garcia (Fla. Bar. No. 058632)
BRITO, PLLC
2121 Ponce De Leon Boulevard, Suite 650
Coral Gables, Florida 33134
(305) 614-4071

Daniel L. Humphrey (Fla. Bar No. 1024695)
danielhumphrey@quinnemanuel.com
QUINN EMANUEL URQUHART SULLIVAN, LLP
2601 S. Bayshore Drive, Suite 1500
Miami, FL 33133
(305) 402-4880

Mari F. Henderson (pro hac vice)
Marie Hayrapetian (pro hac vice)
marihenderson@quinnemanuel.com
mariehayrapetian@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

Joanna Menillo
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 Fifth Avenue
New York, New York 10010
(212) 849-7050

*Attorneys for Plaintiff Megan Pete*

ed fiber
nsumer

DATE: 18 JUN 2026
REC'D BY _____
JUN 22 2026

FL 330 9-03

1

FL 33128-1801

SHIP TO:
CLERK OF COURT - MIAMI DIVISION
US DIST CRT SOUTH DIST OF FLORIDA
RE: MEGAN PETE V MILAGRO COOPER
WILKIE D FERGUSON, JR US COURTHOUS
400 N MIAMI AVE, FL8
MIAMI  FL 33128-1801

X69/03
PMB 529
21175 ST HWY 249
HOUSTON  TX 77070

UPS NEXT DAY AIR
TRACKING #: 1Z 759 093 01 3579 8494

BILLING: P/P

Extremely Urgent

side.

The UPS Store Smart Label

Tracking #

1Z759093013579  8494

This envelope is for use with the following services:

UPS Next Day Air®
UPS Worldwide Express®
UPS 2nd Day Air®
UPS Ground
UPS Standard
UPS 3 Day Select®
UPS Worldwide Expedited®

Do not use this envelope for:






Serving you for more than 110 years
United Parcel Service.®