**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-24228-CIV-ALTONAGA/Reid**

**MEGAN PETE**,

      Plaintiff,

v.

**MILAGRO ELIZABETH COOPER**,

      Defendant.

_____/

## **ORDER**

**THIS CAUSE** comes before the Court on *pro se* Defendant, Milagro Elizabeth Cooper's

Motion to Stay Enforcement of Amended Final Judgment Pending Appeal [ECF No. 319], filed

on June 2, 2026.  Defendant seeks a stay of Plaintiff's enforcement of the Amended Final Judgment

[ECF No. 318] pending appeal, and waiver or modification of her supersedeas bond requirement.

(*See generally* Mot.).  Plaintiff filed a Response [ECF No. 320], and Defendant filed a Reply [ECF

No. 321] and a corresponding Declaration of Milagro Elizabeth Cooper ("Cooper Decl.") [ECF

No. 322].  The Court has carefully considered the parties' written submissions, the record, and

applicable law.  For the following reasons, the Motion is denied.

Liberally construed, Defendant's requested relief is twofold.[1]  First, she seeks a

discretionary stay of enforcement of the Amended Final Judgment pending appeal, arguing that

---

[1] "District courts shall liberally construe *pro se* filings and may re-characterize a *pro se* litigant's motion." *Thompson v. Warden*, No. 21-11438, 2021 WL 4165335, at \*1 (11th Cir. Sept. 14, 2021) (citing *Castro v. United States*, 540 U.S. 375, 381–83 (2003)).  Courts are thus required to look beyond the label of *pro se* filings to determine "whether they are cognizable under 'a different remedial statutory framework.'"  *Id.* (quoting *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990)).

her "appeal raises substantial legal questions" (Mot. 1)[2]; "[i]mmediate collection efforts would create a substantial hardship"; and "[a] stay preserves the status quo" (*id.* 2 (alterations added)). Second, Defendant says she "lack[s] the financial ability to post a full supersedeas bond" and therefore "request[s] that the Court waive, reduce, or otherwise modify any supersedeas bond requirement" under Federal Rule of Civil Procedure 62. (*Id.* (alterations added)). The Court addresses the second request first.

    ***Rule 62(b).*** To begin, Defendant cannot justify a stay without adequate security. Rule 62(b) permits a party to stay enforcement of a money judgment pending appeal "by providing a bond or other security." Fed. R. Civ. P. 62(b). The purpose of a supersedeas bond is "to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494, 1498 (11th Cir. 1986) (citing *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190–91 (5th Cir. 1979)).[3] Full security is ordinarily required, and any departure from that requirement must be justified by the judgment debtor, who bears the "burden" to "objectively demonstrate" why lesser security is warranted. *Poplar Grove*, 600 F.2d at 1191. Even then, any reduced bond, waiver, or substitute security must "furnish equal protection to the judgment creditor." *Id.* (citations omitted).

    In determining whether to waive a supersedeas bond requirement, courts consider, among other things, "the complexity of the collection process"; the "degree of confidence" the court has in the availability of funds; whether the defendant's ability to pay is "so plain that the cost of a bond would be a waste of money"; and whether the defendant "is in such a precarious financial

---

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

[3] Local Rule 62.1 of the United States District Court for the Southern District of Florida similarly requires a supersedeas bond equal to 110 percent of the judgment, unless the court directs otherwise. *See* S.D. Fla. L.R. 62.1.

situation that the requirement to post a bond would place other creditors of the defendant in an insecure position." *United States v. O'Callaghan*, 805 F. Supp. 2d 1321, 1326 (M.D. Fla. 2011) (quotation marks omitted; quoting *Dillon v. City of Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1988)).

These considerations do not favor Defendant.  At the outset, Defendant's reasons for seeking lesser security are conclusory and unsupported.  Defendant claims she is "self-employed," and her income "naturally fluctuate[s] from month to month" because it depends on audience support and subscriptions; that she supports her "household" and "two minor children"; that posting a bond would "create a substantial hardship" and "significantly impair [her] ability to pursue [her] appeal"; and that she does "not own substantial assets that could be liquidated to satisfy the judgment[.]"  (Mot. 2 (alterations added)).  She supplies nothing with her Motion to verify these contentions.  (*See generally id.*).

On this record, the Court has no reliable basis to evaluate Defendant's finances, the availability of funds to satisfy the Judgment, or whether any alternative security would protect Plaintiff's ability to collect if the Amended Final Judgment is affirmed.  *See Nestor v. Day*, No. 20-cv-265, 2025 WL 1181022, at *5 (M.D. Fla. Apr. 23, 2025) (declining to waive the supersedeas bond where there was "nothing in the record" showing the movant's financial condition prevented him from securing a bond sufficient to protect the judgment creditor's rights).  And Defendant identifies no creditors and gives no evidence that other creditors would be placed in undue jeopardy.  (*See generally* Mot.); *see O'Callaghan*, 805 F. Supp. 2d at 1326.

Defendant's declaration, filed contemporaneously with her Reply, will not be considered. (*See generally* Reply; Cooper Decl.).  "A reply memorandum may not raise new arguments or evidence, particularly where the evidence was available when the underlying motion was filed and the movant was aware (or should have been aware) of the necessity of the evidence."  *Baltzer v.*

*Midland Credit Mgmt., Inc.*, No. 14-20140-Civ, 2014 WL 3845449, at *1 (S.D. Fla. Aug. 5, 2014) (citations omitted).   Defendant's Declaration merely repeats assertions regarding the limited financial circumstances she attempted — and failed — to establish in her Motion.  (*See* Cooper Decl. ¶¶ 1–8 (referencing self-employment in content creation, household and childcare responsibilities, lack of substantial real property or liquid assets, and severe financial hardship as reasons she cannot post a full supersedeas bond)).[4]  Further, the Declaration adds no meaningful detail to the bare-bones financial assertions Defendant makes in her Motion.  (*See generally id.*).

In any event, Defendant gives the Court no assurance that the Judgment will be protected during a stay.  Rather, her asserted lack of assets and inability to post a full bond confirm the very risk that the bond requirement exists to prevent.  *See, e.g.*, *Fitzgerald v. McNae*, No. 22-cv-22171, 2025 WL 1865665, at *2 (S.D. Fla. June 17, 2025) (requiring a *pro se* judgment debtor to post a supersedeas bond where her statements that she was "unemployed, representing [her]self, and currently receive[d] food assistance" and "simply d[id] not have" resources to pay showed she would have difficulty maintaining solvency through appeal and therefore "defeat[ed] [her] contention" that her case was the "rare instance where a bond [was] unnecessary" (alterations added; quotation marks and citation omitted)); *see also Avirgan v. Hull*, 125 F.R.D. 185, 187 (S.D. Fla. 1989) ("[A] prospective inability to pay a judgment must defeat the request for a stay without a bond." (alteration added)).  Although Defendant requests "a reduced bond, periodic payments,

---

[4] True, "Local Rule 7.1(c) does not prohibit the submission of rebuttal affidavits and declarations in support of a reply memorandum."  *Wright v. Greensky, Inc.*, No. 20-cv-62441, 2021 WL 2414170, at *4 (S.D. Fla. June 14, 2021) (citing S.D. Fla. L.R. 7.1(c)).  But because Defendant could have submitted this evidence with her initial Motion, it is not proper rebuttal evidence to be considered now.  *See Giglio Sub s.n.c. v. Carnival Corp.*, No. 12-21680-Civ, 2012 WL 4477504, at *5 (S.D. Fla. Sept. 26, 2012) (recognizing that "evidence constitutes rebuttal where it directly refutes a point raised for the first time in opposition to a motion").

reporting requirements," or other conditions (Reply 6), she offers no concrete proposal or payment schedule that would sufficiently protect Plaintiff.

For these reasons, Defendant is not entitled to a waiver or modification of the supersedeas bond requirement.

***Discretionary Stay.*** Moving on, Defendant has not shown entitlement to a discretionary stay pending appeal. A movant seeking a discretionary stay must satisfy the traditional four-factor test: (1) the movant "has a substantial likelihood of success on the merits"; (2) the movant "will suffer irreparable injury unless the stay issues"; (3) the stay "would not substantially harm the other litigant"; and (4) "if issued, the stay would not be adverse to the public interest." *Hansen v. Premier Aviation Holdings, LLC*, No. 17-cv-61025, 2018 WL 4778421, at *1 (S.D. Fla. Sept. 18, 2018) (citing *Miccosukee Tribe of Indians of Fla. v. United States*, No. 10-23507-cv, 2011 WL 5508802, at *1 (S.D. Fla. Nov. 8, 2011); *In re Federal Grand Jury Proceedings (FGJ 91–9), Cohen*, 975 F.2d 1488, 1492 (11th Cir. 1992)), *report and recommendation adopted*, 2018 WL 6807311 (S.D. Fla. Oct. 3, 2018). The Eleventh Circuit treats such relief as an "extraordinary remedy" and requires the movant to establish each prerequisite. *Touchston v. McDermott*, 234 F.3d 1130, 1132 (11th Cir. 2000) (en banc).

Defendant fails to show any likelihood of success on the merits of her appeal.[5] She merely argues that her appeal concerns "significant issues . . . regarding post-trial rulings, the reinstatement of the defamation verdict, and other issues," without explaining why those matters are likely to resolve in her favor. (Mot. 1 (alteration added)). Again, Defendant's attempt to expand on those arguments in her Reply is not well taken. (*See* Reply 3–6); *see also* S.D. Fla. L.R.

---

[5] The docket does not reflect that Defendant has filed a notice of appeal from the Amended Final Judgment, the enforcement of which she seeks to stay. Plaintiff, however, has not raised this observation as a potential threshold issue. (*See generally* Resp.).

7.1(c)(1) (providing that the reply memorandum "shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law"); *Emery v. Am. Airlines, Inc.*, 647 F. App'x 968, 971 (11th Cir. 2016) (emphasizing *pro se* litigants "must comply with procedural rules" (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007))). Even if the Court considered those arguments, Defendant offers merely generalized disagreement with the jury's verdict and the Court's post-trial rulings — which is not a showing that she is likely to succeed on appeal. (*See* Reply 3–6).

Next, even assuming Defendant prevails on appeal, she has not shown irreparable injury from being deprived of funds now because "monetary injuries to the party seeking a stay are not typically considered to be irreparable where the party can be quantifiably made whole." *Rubinstein v. Keshet Inter Vivos Tr.*, No. 17-61019-Civ, 2021 WL 3141944, at *2 (S.D. Fla. Jan. 29, 2021) (citations omitted); *see also Lustig v. Stone*, No. 15-20150-Civ, 2016 WL 8983414, at *2 (S.D. Fla. Mar. 7, 2016) (finding no irreparable injury from the judgment debtor's temporary loss of use of funds awarded to the plaintiff in the final judgment); *Ruderman ex rel. Shwartz v. Wash. Nat'l Ins. Co.*, No. 08-23401-Civ, 2012 WL 1470236, at *4 (S.D. Fla. Apr. 27, 2012) (finding no irreparable injury where the judgment debtor would have to "track down" 20 insureds to recover judgment funds if debtor prevailed on appeal (relying on *Conkright v. Frommert*, 556 U.S. 1401 (2009))); *United States v. Varnado*, No. 07-61257-Civ, 2011 WL 2600699, at *3 (S.D. Fla. June 29, 2011) (finding no irreparable injury where the potential harm was "both speculative and curable through monetary remedies").

The balance of harms also favors Plaintiff. A stay would "further delay . . . enforcing the judgment at [Plaintiff's] expense[,]" *Rubinstein*, 2021 WL 3141944, at *2 (alterations added; citing *In re Lickman*, 301 B.R. 739, 748 (Bankr. M.D. Fla. 2003)), while Defendant continues to receive

income — however sporadically — beyond Plaintiff's reach (*see* Resp. 8).  Lastly, the public interest factor does not favor a stay.  "While the public interest factor is critical in some cases, the parties' dispute in this case is largely a private one."  *Matter of O'Keeffe*, No. 15-mc-80651, 2016 WL 5795121, at *2 (S.D. Fla. June 7, 2016).  In any event, the public is not served by delaying enforcement of the Judgment absent the showing required for a stay.  *Cf. Textron Fin. Corp. v. Unique Marine, Inc.*, No. 08-10082-Civ, 2008 WL 4716965, at *9 (S.D. Fla. Oct. 22, 2008) (finding public interest was "limited" where the dispute involved a private contract but concluding that the factor favored enforcement because "the public is well served when courts enforce" binding legal obligations).

Defendant therefore does not satisfy the factors required for a discretionary stay.  Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant, Milagro Elizabeth Cooper's Motion to Stay Enforcement of Amended Final Judgment Pending Appeal **[ECF No. 319]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 29th day of June, 2026.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

7