

FILED BY_____ D.C.

JUL 07 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO. 24-cv-24228-CMA

## MEGAN PETE v. MILAGRO ELIZABETH COOPER

## EXHIBITS A THROUGH N TO DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)(6)

## TABLE OF EXHIBITS

Exhibit A — Dismissal Notice, USCA11 Case No. 26-10032, Doc. 13 (June 25, 2026)

Exhibit B — Motion for Leave to Withdraw as Counsel, filed by Jeremy McLymont, USCA11 Case No. 26-10032, Doc. 18 (June 26, 2026)

Exhibit C — Document Tingz (@DocumentTingz), X post summarizing the Dismissal Notice and Mr. McLymont's motion to withdraw (June 27, 2026)

Exhibit D — Email from Milagro Elizabeth Cooper to Jeremy McLymont (June 27, 2026, 9:39 AM)

Exhibit E — Trial Transcript, Megan Pete v. Milagro Elizabeth Cooper, No. 24-cv-24228-CMA, ECF No. 232 at 47 (Nov. 21, 2025 Cross-Examination)

Exhibit F — Consolidated Plaintiffs' and Defendant Desiree Perez's Motion for Sanctions Against the Hadleys, No. 1:25-cv-22162-BB, ECF No. 450 (June 18, 2026)

Exhibit G — FTI Consulting Analysis of Accounts Followed by Demoree Hadley, No. 1:25-cv-22162-BB, ECF No. 450-3 at 2 (listing "MOBBISH_" as account no. 21)

Exhibit H — Certificate of Service, Garcia v. Roc Nation LLC, No. 1:24-cv-07587-GHW, ECF No. 174 at 32 (S.D.N.Y. Dec. 11, 2025)

Exhibit I — Lex Noir (@noir_lex), X post, "Roc Nation, the Bench, and the Appearance of Bias" (Sept. 27, 2025)

Case 1:24-cv-24228-CMA   Document 328-1   Entered on FLSD Docket 07/08/2026   Page 2 of 21

Exhibit J — Riri (@LcdBarbie), X post reposting the Lex Noir article and copyright-removal notice (Sept. 27, 2025)

Exhibit K — Queen Nicki (@queenfractions), X post tagging @MOBBISH_ and resharing the Lex Noir article (May 29, 2026)

Exhibit L — Mickey M (@ParisNchicago), X post, "Reminder: @MOBBISH_" (May 29, 2026)

Exhibit M — Email from Jeremy McLymont to Milagro Elizabeth Cooper (July 5, 2026, 2:35 PM)

Exhibit N — Email from Milagro Elizabeth Cooper to Jeremy McLymont (July 6, 2026, 8:16 AM)

Page 2

# EXHIBIT A

*Dismissal Notice, USCA11 Case No. 26-10032, Doc. 13 (June 25, 2026)*



USCA11 Case: 26-10032   Document: 13   Date Filed: 06/25/2026   Page: 1 of 1

## UNITED STATES COURT OF APPEALS
### FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 25, 2026

Jeremy Alexander McLymont
AsiliA Law Firm, P.A.
33 SW 2ND AVE STE 1100
MIAMI, FL 33130

Appeal Number: 26-10032-F
Case Style: Megan Pete v. Milagro Cooper
District Court Docket No.: 1:24-cv-24228-CMA

### DISMISSAL NOTICE

Pursuant to 11th Cir. R. 42-1(b), this appeal will be dismissed without further notice upon the expiration of 14 days from the date of this notice unless:

The appellant files a Civil Appeal Statement. See 11th Cir. R. 33-1(a).

Note to Counsel: 11th Cir. R. 42-1(b) provides that "If an appellant is represented by appointed counsel, the clerk may refer the matter to the court for possible disciplinary action against counsel in lieu of dismissal." Eleventh Circuit IOP 1 to FRAP 26 provides that "Failure to timely file required documents . . . may result in possible disciplinary action against counsel as described in Addendum Eight."

Clerk's Office Phone Numbers
General Information:   404-335-6100
Case Administration:   404-335-6135
CM/ECF Help Desk:   404-335-6125

Attorney Admissions:   404-335-6122
Capital Cases:   404-335-6200
Cases Set for Oral Argument:   404-335-6141

CAS-3 CAS overdue

# EXHIBIT B

*Motion for Leave to Withdraw as Counsel, USCA11 Case No. 26-10032, Doc. 18 (June 26, 2026)*



USCA11 Case: 26-10032   Document: 18   Date Filed: 06/26/2026   Page: 1 of 4
No. 24-24228, Pete v. Cooper

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
CASE NUMBER 26-10032

MEGAN PETE,

Plaintiff-Appellee,

v.

MILAGRO COOPER,

Defendant-Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DEFENDANT-APPELLANT'S MOTION FOR LEAVE TO WITHDRAW
AS COUNSEL

Jeremy McLymont
Florida Bar No. 1010776
AsiliA Law Firm, P.A.
33 SW 2nd Ave. Ste. 1100
Miami FL, 33130
Telephone: 786-420-3014
Fax: 786-420-3014
Email: Jeremy@asilialaw.com
Counsel for Appellant

# EXHIBIT C

*Document Tingz (@DocumentTingz), X post (June 27, 2026) — page 1 of 4*

 **Document Tingz** ✅                    𝕏.com
@DocumentTingz

⚖️COURT UPDATE⚖️Milagro Elizabeth Cooper's appeal in the Megan Thee Stallions case is now facing a procedural dismissal WARNING in the Eleventh Circuit, while Cooper's appellate counsel has also moved to withdraw.

In a June 25, 2026 filing, the Eleventh Circuit issued a dismissal notice in Appeal No. 26-10032-F, warning that the appeal will be dismissed without further notice UNLESS Cooper files a Civil Appeal Statement within 14 days.

The notice cites Eleventh Circuit Rule 42-1(b), which allows dismissal when required filings are overdue. The docket notation identifies the missing item as "CAS overdue," referring to the Civil Appeal Statement.

Separately, the district court's May 29, 2026 order reinstating Megan Thee Stallions defamation verdict has now been transmitted as part of the appeal record. That order granted Pete's motion in part and reinstated the jury's verdict on the defamation claim.

*EXHIBIT C (continued)*

*page 2 of 4*

In that order, Chief Judge Cecilia M. Altonaga found that Cooper was not entitled to Florida's pre-suit notice protection as to the three statements the jury found defamatory. The court concluded, based on the trial record, that Cooper was commissioned by the Peterson family to publish or broadcast those three statements.

The district court stressed that it was not finding Cooper could never be considered a media defendant. Instead, the ruling was limited to Cooper's role in publishing the specific statements the jury found defamatory.

The order also explains that the jury had found Cooper liable on defamation, promotion of an altered sexual depiction, and intentional infliction of emotional distress, but the original final judgment did not include the defamation count because of the jury's media-defendant finding and Pete's lack of pre-suit notice.

The court later reinstated the defamation verdict under Rule 60(b)(6), finding extraordinary circumstances justified relief because the court had told the parties the media-defendant issue would remain subject to post-verdict review.

*EXHIBIT C (continued)*

*page 3 of 4*

Then, on June 26, 2026, attorney Jeremy McLymont filed a motion asking the Eleventh Circuit for permission to withdraw as counsel for Cooper.

The motion says McLymont filed his appearance of counsel form on June 26, but is unable to continue representing Cooper in the appeal. He states that Cooper has been informed of the motion, consents to his withdrawal, and will proceed pro se if the court grants the request.

The motion also says withdrawal will not materially delay the appeal or unfairly prejudice any party, and that counsel for Megan Thee Stallion does not oppose the withdrawal. FULL DOCUMENTS BELOW 👇 👇 👇

ORDER - drive.google.com/file/d/1vLWFML...

DISMISSAL NOTICE - drive.google.com/file/d/ 1KQ6Xg8...

MOTION FOR LEAVE TO WITHDRAW - drive.google.com/file/d/1re5EBW...

## EXHIBIT C (continued)

*page 4 of 4*

ORDER - drive.google.com/file/d/1vLWFML...

DISMISSAL NOTICE - drive.google.com/file/d/
1KQ6Xg8...

MOTION FOR LEAVE TO WITHDRAW -
drive.google.com/file/d/1re5EBW...



12:23 AM · 6/27/26 · **20K** Views

💬 13          🔁 46          ♡ 144          🔖 29          ⬆️

# EXHIBIT D

*Email from Milagro Elizabeth Cooper to Jeremy McLymont (June 27, 2026, 9:39 AM) — page 1 of 2*

 **Mîlagrō Gramz**
milagrogramz@gmail.com
Hide details

To:  jeremy@asilialaw.com

Date:        June 27, 2026, 9:39 AM

Dear Jeremy,

I hope you are doing well.

I am writing because I recently became aware of an Eleventh Circuit notice indicating that my
appeal may be dismissed unless certain documents are filed within the stated deadline. I did
not receive this notice directly and only learned of it after seeing a post online referencing my
appeal.

I wanted to reach out because I have been under the good-faith belief that your representation
concluded after the district court granted your motion to withdraw earlier this year. Since that
time, I have represented myself in the district court proceedings, including responding to
post-trial motions and addressing matters related to the amended judgment.

Because of my understanding that the appeal would not proceed until the post-trial motions
were resolved and a final amended judgment was entered, I did not realize that any filings or
deadlines might still be pending before the Eleventh Circuit. I also was not aware that notices
regarding the appeal may have continued to be sent to your office.

*EXHIBIT D (continued)*

*page 2 of 2*

'Jeremy'

After the amended judgment was entered, I contacted the district court to ask whether I needed to file an amended notice of appeal. Based on the information I understood at the time, I filed an amended notice of appeal and paid the required filing fee. I have since learned that the amended judgment may have been transmitted to the Eleventh Circuit through the original appeal, and I am now trying to determine the correct procedural posture because I have been handling these matters without counsel.

Would you please let me know:

1. Whether your office has continued to receive notices or correspondence from the Eleventh Circuit after your withdrawal from the district court proceedings;
2. Whether any notices, orders, or deadlines were received regarding the Civil Appeal Statement or any other appellate filing requirements;
3. Whether any action was taken on my behalf after the notice of appeal was filed; and
4. If possible, whether you can provide copies of any appellate correspondence your office received.I appreciate your time and understand that you may no longer represent me. My purpose in sending this email is simply to clarify the procedural history and ensure I fully understand what has occurred so that I can protect my appellate rights while proceeding pro se.

Thank you for your attention to this matter. I look forward to your response.

Sincerely,
Milagro Cooper

 mail.google.com  • • •

# EXHIBIT E

*Trial Transcript, Megan Pete v. Milagro Elizabeth Cooper, No. 24-cv-24228-CMA, ECF No. 232 at 47*

November 21, 2025                                                          47

Megan Pete v. Milagro Elizabeth Cooper, 24-cv-24228-CMA

what?

A.  I said, Des, I really want to sue this lady.  I hope we just have been keeping all the info and folder on her.

Q.  All right.  And that is about a year and maybe 4 months or so before the actual suit?

A.  When was it?  In December of 2023?

Q.  Actually '24, so that's two years before the suit.

A.  Okay.  Yes.

Q.  All right.  And then what does Des say, Desiree?

A.  She says, Yeah, we have.

Q.  Okay.  Was this the first time that you reached out to Desiree about wanting to sue Milagro Cooper?

A.  Um, I probably had said it to her before but I think I was just asking again.  I want to make sure you know I want to sue her and I hope that y'all are saving the things that I send when I am talking about her.

Q.  Okay.  Did you send any other messages like this to Desiree Perez about anyone else?

A.  I'm not sure.

Q.  Now, of all the people, earlier you mentioned that Milagro is -- is a woman, right?

A.  Yes.

Q.  And she seems to be the only one that is a woman that's bragging about her relationship with Tory; is that correct?

A.  And his father, yes.

# EXHIBIT F

*Motion for Sanctions Against the Hadleys, No. 1:25-cv-22162-BB, ECF No. 450*

Case 1:25-cv-22162-BB   Document 450   Entered on FLSD Docket 06/18/2026   Page 1 of 23

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 25-cv-22162-BLOOM/LOUIS
Consolidated Case No. 25-cv-21607-BB

DEMOREE HADLEY,

Plaintiff,

v.

DESIREE PEREZ, et al.,

Defendants.

_____/

DESIREE PEREZ, OLGA ZAYAS,
MILADYS GARCIA GONZALEZ, and
DENISE MILAGROS GONZALEZ
ESCRIBANO,

Consolidated Plaintiffs,

v.

JAVON HADLEY,

Defendant.

_____/

CONSOLIDATED PLAINTIFFS' AND DEFENDANT DESIREE PEREZ'S MOTION
FOR SANCTIONS AGAINST THE HADLEYS FOR
VIOLATING THE SPECIAL ORDER REGARDING EXTRAJUDICIAL STATEMENTS

# EXHIBIT G

*FTI Consulting Analysis, No. 1:25-cv-22162-BB, ECF No. 450-3 at 2*

Case 1:25-cv-22162-BB   Document 450-3   Entered on FLSD Docket 06/18/2026   Page 2 of 65

FTI Consulting, Inc. ("FTI") was engaged to perform analysis of the social media accounts on X which are followed by Demoree Hadley (X handle @MoreeHadley27). As part of the engagement, FTI performed a review of the below X accounts followed by Hadley as of June 13, 2026 to ascertain if they posted any content about the Demoree Hadley v. Desiree Perez case, including after June 25, 2025.

1. NoFraudsMedia
2. ComeWithFacts
3. feelingcruel
4. JUSTNINI__
5. dczolanski
6. BjInvestigates
7. TheLightJoker24
8. FeelTheBass86
9. SurpriseWitnes
10. weirdkidtilend
11. AlwaysShanell
12. cygma01
13. XAVIAERD
14. BeautyNBars
15. Drickivengeanc3
16. sleezeSTAN
17. Q4quise
18. GotDaScoop
19. barbiemurra
20. ca6ria
21. MOBBISH__
22. Drndarsky
23. brishantPetty
24. MimiMillionss
25. TaTa_Onika
26. baarbiedup
27. Maddpoprecords

2

# EXHIBIT H

*Certificate of Service, Garcia v. Roc Nation LLC, No. 1:24-cv-07587-GHW, ECF No. 174 at 32*

---

Case 1:24-cv-07587-GHW   Document 174   Filed 12/11/25   Page 32 of 33

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2025, I served the foregoing Plaintiff's Opposition to the Pete Defendants' Motion for Summary Judgment by electronic mail, upon the following counsel of record for Defendants:

| | |
|---|---|
| Michael R. Kleinmann, Esq. | Counsel for Defendant, |
| mkleinmann@reedsmith.com | ROC NATION LLC |
| Charlyn Jones | |
| charlyn.jones@reedsmith.com | |
| Corrie Buck | |
| cbuck@reedsmith.com | |
| REED SMITH LLP | |
| 355 South Grand Avenue, Suite 2900 | |
| Los Angeles, California 90071 | |
| | |
| Jordan W. Siev, Esq. *(pro hac vice)* | |
| jsiev@reedsmith.com | |
| REED SMITH LLP | |
| 599 Lexington Avenue | |
| New York, New York, 10022 | |
| | |
| Mari F. Henderson, Esq. | Counsel for Defendants, |
| marihenderson@quinnemanuel.com | MEGAN THEE STALLION, |
| Janet C. Shamilian, Esq. | HOT GIRL TOURING, LLC, and |
| janetshamilian@quinnemanuel.com | MEGAN THEE STALLION |
| Julian T. Schoen, Esq. | ENTERTAINMENT, INC. |
| julianschoen@quinnemanuel.com | |
| Gabby Trevino | |
| gabbytrevino@quinnemanuel.com | |
| Lucille Clavel | |
| lucilleclavel@quinnemanuel.com | |
| Joanna Menillo | |
| joannamenillo@quinnemanuel.com | |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | |
| 865 South Figueroa Street, 10th Floor | |
| Los Angeles, California 90017 | |
| | |
| Alex B. Spiro, Esq. *(pro hac vice)* | |
| alexspiro@quinnemanuel.com | |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | |
| 51 Madison Avenue, 22nd Floor | |
| New York, New York 10010-1601 | |

*/s/ Marlyn Cortez*
Marlyn Cortez
*Assistant to Plaintiff's Counsel*

1

# EXHIBIT I

*Lex Noir (@noir_lex), X post (Sept. 27, 2025)*



# EXHIBIT J

*Riri (@LcdBarbie), X post (Sept. 27, 2025)*



**Riri** 🐾 ● @LcdBarbie · 9/27/25                    X

🎭 Commentary account

Due to being copyrighted by Shawn Carter himself. I'm resharing my article from yesterday that had to be removed.  Nobody else had a problem. I told ya'll those people have been bothered by me since I opened my mouth about Tory.





**Lex Noir** @noir_lex · 9/27/25

REPOST DUE TO COPYRIGHT 😒

Breaking News 🗞 : Could t...

# EXHIBIT K

*Queen Nicki (@queenfractions), X post (May 29, 2026)*





# EXHIBIT L

*Mickey M (@ParisNchicago), X post (May 29, 2026)*

**Mickey M** @ParisNchicago · 5/29/26

🎭 Commentary account

Reminder: @MOBBISH_

# EXHIBIT M

*Email from Jeremy McLymont to Milagro Elizabeth Cooper (July 5, 2026, 2:35 PM)*

---

**Jeremy McLymont**                                                       Sun, Jul 5, 2:35 PM (17 hours ago)   ☆   ☺   ↩   ⋮
to me ▾

I have been in back to back trials so I apologize for the delayed response.

I was supposed to withdraw from the district court and the circuit court (appellate court) I only withdrew from the district court.

There were some documents that needed to be filed that I filed a week or two ago. I have since withdrawn from the case at the appellate level.

However, since the new final judgment is different from the one I had with you at the time, the amended notice to appeal may be the proper route, the notice should give notice about what you are appealing. To the extent that the original notice does not cover an area that you included in the amended notice, then it would be appropriate to file the amended notice. If they are virtually the same you may have spent additional money for no reason.

Do you know how to access the docket? The answers to your questions and any follow ups are all going to be found on the docket.

# EXHIBIT N

*Email from Milagro Elizabeth Cooper to Jeremy McLymont (July 6, 2026, 8:16 AM)*

 **Milagrõ Gramz** <milagrogramz@gmail.com>
to Jeremy ▾

8:16 AM (10 minutes ago)   ☆   ☺   ↩   ⋮

Hi Jeremy,

Thank you so much for getting back to me, and please don't worry about the delay — I know trial schedules don't leave much room to breathe.

I appreciate you clarifying what happened with the withdrawal. Since I reached out, I've been working to get up to speed on my own — I called the Clerk's Office, downloaded the pro se handbook, and have been doing a lot of research into the process. I feel like I have a good handle on navigating things at this point, and I'll reach out to the court directly for anything I'm still unsure about.

I also wanted to let you know I went ahead and filed an Amended Notice of Appeal that covers each part of the judgment I intend to challenge, so that should be reflected on the docket now.

Thank you again for everything you did on my behalf while you were on this case — I really do appreciate it.

Best,
Milagro



**Extremely Urgent**

Visit UPS.com

Apply shipping documents on this side.

Scan QR code to
schedule a pickup

This envelope is for use with the following services:   **UPS Next Day Air®**
**UPS Worldwide Express®**
UPS 2nd Day Air®

Do not use this envelope for:   **UPS Ground**
**UPS Standard**
UPS 3 Day Select®
**UPS Worldwide Expedited®**

**Domestic Shipments**
- To qualify for the letter rate, UPS Express® envelopes may only contain correspondence, urgent documents, and/or electronic media, and must weigh 8 oz. or less. UPS Express envelopes containing items other than those listed or weighing more than 8oz. will be billed by weight.

**International Shipments**
- The UPS Express envelope may be used only for documents of no commercial value. Certain countries consider electronic media as documents. Visit ups.com/importexport to verify if your shipment is classified as a document.

- To qualify for the letter rate, the UPS Express envelope must weigh 8 oz. or less. UPS express envelopes weighing more than 8 oz. will be billed by weight.

**Note:** UPS Express envelopes are not recommended for shipments of electronic media containing sensitive personal information or breakable items. Do not send cash or cash equivalent.

## Window Envelope

Use this envelope with shipping documents printed from a laser or inkjet printer on plain paper. Insert shipping documents under window from the top.

International Shipping Notice — Carriage hereunder may be subject to the rules relating to liability and other terms and/or conditions established by the Convention for the Unification of Certain Rules Relating to International Carriage by Air (the "Warsaw Convention") and/or the Contract for the International Carriage of Goods by Road (the "CMR Convention"). These commodities, technology or software were exported from the U.S. in accordance with the Export Administration Regulations. Diversion contrary to U.S. law prohibited.

100% Recycled fiber
80% Post-Consumer