**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

FILED BY KP D.C.
SEP 03 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

CASE NO. 24-24228-CIV-ALTONAGA/Reid

MEGAN PETE,

Plaintiff,

v.

MILAGRO ELIZABETH COOPER,

Defendant.

_______________________________________________/

**DEFENDANT'S RESPONSE IN OPPOSITION TO JUDGMENT CREDITOR'S MOTION FOR ORDER AUTHORIZING REGISTRATION OF THE AMENDED FINAL JUDGMENT IN THE SOUTHERN DISTRICT OF TEXAS PURSUANT TO 28 U.S.C. § 1963**

I, Milagro Elizabeth Cooper, appearing pro se, oppose Plaintiff's Motion for an order authorizing immediate registration of the Amended Final Judgment in the Southern District of Texas. ECF No. 346. I do not ask this Court to relitigate the stay already denied at ECF No. 323. I ask the Court to deny the Motion, or in the alternative to condition any registration, because Plaintiff has overstated the existence of "substantial assets" in Texas, because immediate garnishment of the accounts that supply my contribution to a household with two minor children would inflict undue hardship, and because I now place on this record—for the first time with a

specific dollar amount—a monthly payment proposal and an additional source of recovery from an unpaid Stationhead contract.

## INTRODUCTION

Plaintiff first sought this relief ex parte and under seal. ECF No. 344. The Court denied that request without prejudice because there is no statutory or Local Rule right to proceed ex parte under 28 U.S.C. § 1963. ECF No. 345. Plaintiff has now refiled the same request on the public docket.

The Motion treats snapshots of fluctuating content-creation deposits as if I were sitting on $70,000 in available assets. That is not accurate. I am self-employed. I have no 9-to-5 salary, no employer benefits, and no home or other substantial real property. ECF No. 322 ¶¶ 2–5. My income moves through the same household accounts used to pay rent, food, utilities, and the care of two minor children. Balances that rise and then fall—Plaintiff's own papers describe them as having "fallen to near zero"—are not "substantial assets" available for immediate execution. They are the operating funds of a household.

I am willing to work toward payment. In this Response I propose, for the first time, a specific monthly installment of $700. That is the amount I can presently manage without cutting the share I contribute to rent, food, and the care of two minor children. I am prepared to confer with Plaintiff's counsel on a written stipulation. I also identify an unpaid Stationhead contract as a defined source of recovery and invite Plaintiff to look to that receivable—rather than household operating funds—as the first place collection is directed. If and when Stationhead pays, those net proceeds will be applied to the Judgment. Those proposals give Plaintiff a path to collection that she does not have today.

## BACKGROUND

On May 29, 2026, the Court entered an Amended Final Judgment totaling $75,000.00. ECF No. 318. On June 2, 2026, I moved to stay enforcement pending appeal and to waive or modify the supersedeas bond. ECF No. 319. The Court denied that motion on June 29, 2026. ECF No. 323. I have not posted a full supersedeas bond. Appeals from the Judgment and related orders remain pending in the Eleventh Circuit, including Nos. 26-10032 and 26-12943.

On August 24, 2026, Plaintiff's counsel conferred with me by email about the relief now sought. I opposed then, and I oppose now. I have not refused to discuss payment. I have refused unconditioned registration that would allow immediate levy on household operating accounts.

## ARGUMENT

### I. Plaintiff Has Not Established "Substantial Assets" in Texas.

Section 1963 permits registration of a judgment that has not become final by appeal only "when ordered by the court that entered the judgment for good cause shown." 28 U.S.C. § 1963. That language is discretionary. Courts applying it use an assets test: the absence of sufficient assets in the rendering district and the presence of substantial assets elsewhere. See *Creative Am. Educ., LLC v. Learning Experience Sys., LLC*, No. 9:14-cv-80900-ROSENBERG, 2015 WL 5118111, at *2 (S.D. Fla. Sept. 1, 2015); *Five for Ent. S.A. v. Ayala Rodriguez*, No. 11-24142-CIV-SEITZ, 2015 WL 9161752, at *1 (S.D. Fla. Nov. 12, 2015); *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1197–98 (9th Cir. 2001).

I do not dispute that I reside in Houston and that I do not hold a home or other substantial real property in this District. ECF No. 322 ¶ 5. That is only half of the test. The other half —"substantial assets" in Texas—has not been shown.

Plaintiff's showing is a counsel declaration describing JPMorgan Chase accounts tied to Houston addresses, deposits from content platforms, and balances that "have at times exceeded

$70,000." ECF No. 346 at 2; ECF No. 346-1. Plaintiff then admits the same accounts are volatile: "balances that have risen into the tens of thousands and then fallen to near zero." ECF No. 346 at 5. That admission is consistent with the trial record and with the accompanying Declaration. At trial I testified under oath that one of the accounts then being discussed was approximately ten thousand dollars negative. That account has since been closed. I maintain a business account that does not hold substantial funds. I also maintain personal accounts that I use for everyday expenses—to take care of myself, to contribute my share of household support, and to help care for two minor children. Peak balances that later collapse are deposits in transit, not a pool of wealth available for execution.

The cases Plaintiff cites involved a different showing: identifiable assets outside Florida that could actually satisfy the judgment. In *Creative American Education*, the debtor had "substantial assets in Colorado, California, and Texas," including Texas real property then under contract for sale. 2015 WL 5118111, at *2. In *Five for Entertainment*, good cause required "insufficient assets in the rendering jurisdiction to satisfy the judgment and . . . substantial assets elsewhere." 2015 WL 9161752, at *1. A fluctuating household account that Plaintiff herself describes as falling to near zero is not that showing. The absence of Florida assets does not convert operating funds used for a household's rent and groceries into "substantial Texas assets."

**II. Immediate Garnishment of Household Accounts Would Inflict Undue Hardship.**

I contribute approximately half of the support for a household that includes two minor children. I am self-employed. I have no 9-to-5 employer, no paycheck, and no benefits. The accounts Plaintiff wants to reach in Texas receive my income and are used for my contribution to rent, food, utilities, and the care of the children. A levy that removes or freezes that contribution would leave the household short the share I currently provide. I do not ask the Court to treat this

household as if no other adult lives in it. I ask the Court to treat my contribution as what it is: necessary support for two minor children. A significant reduction or interruption of that contribution is the hardship.

This is not a new claim created for this Motion. It is the same financial picture already in the stay record. I previously testified under oath regarding my circumstances and the strain this case placed on me. During this litigation I lost multiple attorneys and, at various stages, relied on legal assistance provided without compensation. I am now pursuing the appeals pro se. ECF No. 321; ECF No. 322.

It was also established in these proceedings that I lost a primary source of income—my Stationhead hosting contract. That loss significantly affected my ability to contribute to the household and is part of the hardship from which I am still attempting to recover. ECF No. 321; ECF No. 322. As set forth in the accompanying Declaration, Stationhead last paid the contractual rate of $6,300 per month through August 2025. Its invoicing system later reflected an accumulating unpaid balance of approximately $44,100. Stationhead then offered $9,000, and later $12,600, which I rejected as inconsistent with the Agreement. That dispute is not resolved. It is not a hidden bank account. It is an unpaid contract claim. Plaintiff can look to that receivable as a source of recovery. I am prepared to cooperate so that any payment Stationhead makes is directed to the Judgment, and I invite Plaintiff to confer on a simple written turnover of proceeds so that Stationhead—not the funds I use for my half of household support—is the first place collection is directed.

I acknowledge that the Court already found these circumstances insufficient to stay enforcement or waive a full bond. ECF No. 323. I am not asking the Court to revisit that ruling. I am asking the Court not to treat a denied stay as a finding that household operating accounts may be

emptied without regard to two minor children, and without considering the alternative security I am placing on the record now.

**III. I Offer Concrete Alternative Security.**

In the stay papers I asked the Court to consider alternative security generally. I did not put a monthly dollar amount on the table. I do so now. Beginning the first day of the month after an order on this Motion, I can pay $700 per month toward the Amended Final Judgment, to continue until the Judgment is satisfied, reversed, or modified, or until the parties agree in writing to different terms. That figure is what I can presently manage after my contribution to rent, food, utilities, and the support of two minor children. I will confer with Plaintiff's counsel within fourteen (14) days of any order and will document the arrangement in a short written stipulation.

Separately, I offer the unpaid Stationhead contract as additional security. If and when I recover any amount from Stationhead—whether the $12,600 Stationhead has offered, a larger sum, or a compromised amount—I will turn those net proceeds over toward the Judgment within fourteen (14) days of receipt. Plaintiff may confer with me on a written direction that Stationhead pay any agreed amount to Plaintiff's counsel, or to the Clerk, for credit against the Judgment. I will not use this case as a reason to conceal that claim. I also will not waive it for a fraction of what the contract provides, because doing so would reduce, not increase, what is available to apply to the Judgment.

Plaintiff currently has no bond and no stipulated payment stream. The proposal supplies both a monthly payment and a defined additional source. It is more security than Plaintiff has today. Nothing in Section 1963 requires the Court to ignore a concrete payment arrangement in favor of immediate levy on the accounts that feed two children.

These proposals do not waive, and are not a condition of, my pending appeals. Payments made would be credited to the Judgment. If the Judgment is reversed or modified, I reserve all rights with respect to amounts paid.

**IV. If Registration Is Authorized, Enforcement Should Be Conditioned.**

If the Court concludes that good cause exists for registration notwithstanding the showing above, I respectfully request that any order:

(a) authorize registration without authorizing immediate, unconditioned garnishment of household operating accounts used for rent, food, utilities, and the support of minor children;

(b) direct the parties to confer within fourteen (14) days on a written installment stipulation consistent with the $700 monthly proposal, or such other amount as the parties may agree;

(c) require that any recovered Stationhead proceeds be applied to the Judgment, and permit the parties to document a written direction or turnover of those proceeds so that Stationhead is the first collection source;

(d) permit me to submit additional financial records under seal or with redactions, pursuant to Local Rule 5.4, if the Court requires more documentation than the accompanying Declaration; and

(e) state that neither this Response nor any installment arrangement waives the pending appeals or any argument that the Judgment should be reversed or modified.

**V. Sensitive Financial Records Should Not Be Filed on the Public Docket.**

I am prepared to provide screenshots and other proof of my current accounts. I should not be required to file unredacted bank statements, account numbers, or information identifying my minor children on the public docket. Local Rule 5.4 requires a motion to seal before sealed material is placed on the docket. I am filing that motion contemporaneously with this Response, together

with a proposed order. If the Court grants the motion, I will submit the financial screenshots in a sealed envelope marked as required by Local Rule 5.4(b)(2). Those screenshots are not attached to this public Response. What is attached to the accompanying Declaration as Exhibit A is the Stationhead correspondence. That exhibit concerns an unpaid contract. It is not my bank records, and it does not belong under seal with the financial screenshots.

## CONCLUSION

I respectfully request that the Court deny the Motion. In the alternative, I request that any authorization to register the Judgment be conditioned on conferral and a written installment arrangement, that household operating accounts not be subjected to immediate unconditioned garnishment, that any recovered Stationhead proceeds be applied to the Judgment, and that the Court grant such other relief as is just and proper.

Respectfully submitted,

Milagro Elizabeth Cooper
Defendant, Pro Se
21175 Tomball Parkway #529
Houston, Texas 77070
Tel: (614) 662-2474
Email: milagrogramz@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 2, 2026, I served a true and correct copy of the foregoing Defendant's Response in Opposition to Judgment Creditor's Motion for Order Authorizing Registration of the Amended Final Judgment by depositing the same in the United States Mail, postage prepaid, addressed to the Clerk of Court and to the following counsel of record:

Alejandro Brito, Esq. (Fla. Bar No. 098442)
Jalaine Garcia, Esq. (Fla. Bar No. 058632)
BRITO, PLLC
2121 Ponce de Leon Boulevard, Suite 650
Miami, Florida 33134
(305) 614-4071
abrito@britopllc.com
jgarcia@britopllc.com

Daniel L. Humphrey, Esq. (Fla. Bar No. 1024695)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
2601 S. Bayshore Drive, Suite 1500
Miami, Florida 33133
(305) 402-4880
danielhumphrey@quinnemanuel.com

Mari F. Henderson, Esq. (pro hac vice)
Marie Hayrapetian, Esq. (pro hac vice)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000
marihenderson@quinnemanuel.com
mariehayrapetian@quinnemanuel.com

Joanna E. Menillo, Esq. (pro hac vice)

Stephanie Kelemen, Esq. (pro hac vice)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 Fifth Avenue
New York, New York 10010
(212) 849-7050
joannamenillo@quinnemanuel.com
stephaniekelemen@quinnemanuel.com

Attorneys for Plaintiff

______________________________

Milagro Elizabeth Cooper
Defendant, Pro Se
21175 Tomball Parkway #529
Houston, Texas 77070
Tel: (614) 662-2474
Email: milagrogramz@gmail.com

y shipping
ing?

ne UPS App.

6/

tore Smart Label

acking # D.C.

9 2026
3017914 7426
A E. NOBLE
U.S. DIST CT.
FLA. MIAMI

MILAGRO COOPER
(281) 640-4536
PMB 529
21175 ST HWY 249
HOUSTON TX 77070

0.5 LBS LT
SHP WT: LTR
DATE: 02 SEP 2026

SHIP TO:
CLERK OF COURT - MIAMI DIVISION
US DIST CRT SOUTH DIST OF FLORIDA
RE MEGAN PETE V MILAGRO COOPER
WILKIE D FERGUSON, JR US COURTHOUS
400 N MIAMI AVE, FL8
MIAMI FL 33128-1801

Sealed

FL 330 9-03

UPS NEXT DAY AIR 1

TRACKING #: 1Z 759 093 01 7914 7426

BILLING: P/P

MM394PVHDKAXR ISH 13.00C ZZP 450 33.5V 08/2026

SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitation of liability. Where allowed by law, shipper authorizes UPS to act as forwarding agent for export control and customs purposes. If exported from the US, shipper certifies that the commodities, technology or software were exported from the US in accordance with the Export Administration Regulations. Diversion contrary to law is prohibited.

RRD R 0326

s relating to liability and other terms and/or conditio
Carriage by Air (the "Warsaw Convention") and/or th
tion"). These commodities, technology or software were exported
ion contrary to U.S. law prohibited.